1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
   JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
3  4401 Eastgate Mall
   San Diego, CA  92121
4  Telephone:     (858) 550-6000
   Facsimile:     (858) 550-6420
5
   Attorneys for Defendant eBay Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated, | Case No.  C 07 4487 PVT |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| EBAY, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | Date:             January 29, 2008<br>Time:            10:00 a.m.<br>Magistrate Judge: Patricia V. Trumbull<br>Trial Date:      Not yet set |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..........................................................................................................1
II. STATEMENT OF FACTS ............................................................................................2
III. LEGAL STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS ...........................5
IV. ARGUMENT ..................................................................................................................5
    A. The Terms of Plaintiff's Contract with eBay Invalidate Plaintiff's Breach of Contract Claims. .............................................................................................5
        1. eBay Fully Disclosed to the Listing Class that Listings Would Not Be Publicly Searchable for Several Hours, but that the Listing Duration Would Begin Immediately. ...................................................6
        2. The "Good Until Cancelled" Class Agreed to Permit eBay to Unilaterally Increase Listing Fees with Fourteen Days' Notice..................7
    B. Plaintiff's Unfair Competition Claims Fail As A Matter Of Law. ..........................8
        1. Plaintiff's Allegations Regarding "Unfair" Conduct by eBay Are Insufficient as a Matter of Law.................................................................9
        2. Plaintiff's Allegations Regarding "Fraudulent" Conduct by eBay Are Insufficient as a Matter of Law.........................................................11
        3. Plaintiff Lacks Standing to Assert a UCL Claim Because She Has Not Alleged She Suffered Injury In Fact. .....................................................11
    C. Plaintiff's Unjust Enrichment Claim Fails Because Unjust Enrichment Is Not An Independent Claim Under California Law................................................12
V. CONCLUSION..............................................................................................................13

# TABLE OF AUTHORITIES

PAGE

**CASES**

*Automatic Vending Co. v. Wisdom*
    182 Cal. App. 2d 354 (1960) .................................................................................... 8

*Bardin v. DaimlerChrysler Corp.*
    136 Cal. App. 4th 1255 (Cal. Ct. App. 2006) ................................................... 8, 9, 11

*Bell Atlantic Corp. v. Twombly*
    127 S.Ct. 1955 (2007) .............................................................................................. 5

*Bernardo v. Planned Parenthood Fed'n of Amer.*
    115 Cal. App. 4th 322 (2004) ........................................................................ 9, 10, 11

*Branch v. Tunnell*
    14 F.3d 449 (9th Cir. 1994) .................................................................................. 2, 6

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.*
    20 Cal.4th 163 (1999) .......................................................................................... 9, 10

*Galbraith v. County of Santa Clara*
    307 F.3d 1119 (9th Cir. 2002) ................................................................................ 2, 6

*Gregory v. Albertson's, Inc.*
    104 Cal. App. 4th 845 (2002) ................................................................................ 9, 10

*Klein v. Earth Elements, Inc.*
    59 Cal. App. 4th 965 (1997) .................................................................................... 10

*Korea Supply Co. v. Lockheed Martin Corp.*
    29 Cal. 4th 1134 (2003) ........................................................................................... 12

*Lauriedale Assocs. Ltd. v. Wilson*
    7 Cal. App. 4th 1439 (1992) .................................................................................... 12

*McBride v. Boughton*
    123 Cal. App. 4th 379 (2004) .................................................................................. 12

*Melchior v. New Line Prods., Inc.*
    106 Cal. App. 4th 779 (2003) .................................................................................. 12

*Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*
    228 F.3d 1043 (9th Cir. 2000) ................................................................................... 5

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ..................................................................................... 5

*People v. Casa Blanca Convalescent Homes, Inc.*
    159 Cal. App. 3d 509 (1984) ................................................................................ 9, 10

*Rachford v. Air Line Pilots Assoc. Int'l*
    No. C 03-3618 PJH, 2006 WL 1699578 (N.D. Cal. June 16, 2006) ....................... 12

*Scripps Clinic v. Super. Ct. of San Diego County*
    134 Cal. App. 4th 917 (2003) .................................................................................. 10

*State Farm Fire & Cas. Co. v. Super. Ct.*
    45 Cal. App. 4th 1093 (1996) .................................................................................... 9

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

STIPULATION TO EXTEND DEADLINE TO
RESPOND TO COMPLAINT
C07 3967 JCS

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**PAGE**

*Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*
    118 Cal. App. 4th 1061 (2004) ..................................................................................9, 10

*Walker v. USAA Cas. Ins. Co.*
    474 F. Supp. 2d 1168 (E.D. Cal. 2007) ......................................................................11, 12

**STATUTES**

Cal. Bus. & Prof. Code
    § 17200 ...........................................................................................................4, 8, 11, 12
    § 17204 ...........................................................................................................8, 11
    § 17535 ...........................................................................................................11

California Civil Code
    § 1473 .............................................................................................................7
    § 1698(a) .........................................................................................................8

**RULES**

Civil L.R. 3-6 ....................................................................................................13

Federal Rule of Civil Procedure
    12(b)(6) ..........................................................................................................1, 2
    38(b) ..............................................................................................................13

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

STIPULATION TO EXTEND DEADLINE TO
RESPOND TO COMPLAINT
C07 3967 JCS

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

PLEASE TAKE NOTICE that on Tuesday, January 29, 2008 at 10:00 a.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. will move to dismiss each of Plaintiff's four claims against eBay set forth in the Complaint. This motion is made under Federal Rule of Civil Procedure 12(b)(6). eBay moves to dismiss with prejudice counts one through four on the following grounds: (1) the terms of Plaintiff's contract with eBay completely invalidate Plaintiff's two breach of contract claims; (2) Plaintiff has not alleged facts sufficient to supports its unfair competition claim; and (3) unjust enrichment is not an independent claim under California law. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, Declaration, the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

## STATEMENT OF ISSUES TO BE DECIDED

**1.** Whether the terms of the contract between Plaintiff and eBay invalidate Plaintiff's breach of contract claims.

**2.** Whether Plaintiff has alleged facts sufficient to support its unfair competition claim.

**3.** Whether Plaintiff is entitled to pursue unjust enrichment as a standalone claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Plaintiff asserts a putative class action against eBay on behalf of millions of sellers, claiming that eBay has breached its agreement with sellers, or otherwise violated the law, by: (1) delaying the posting of certain listings on eBay's website and (2) increasing listing fees associated with "Good Until Cancelled" listings after providing over 30 days' advance notice of the impending fee increases. Plaintiff's allegations, however, fly in the face of the very contract that Plaintiff contends eBay has breached. In that contract, eBay fully discloses and explains the reasons underlying the delays to listing searchability sometimes caused by application of eBay's trust and safety protections. Moreover, that contract permits eBay to unilaterally increase seller

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1

NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

fees in its sole discretion, with a minimum 14 days' advance notice.  In light of the terms of the contract, then, it is impossible for Plaintiff to proceed with its claims against eBay, because Plaintiff's factual allegations only demonstrate that eBay has *performed in accordance with the contract* and *exercised its rights under the contract*.   Plaintiff's entire complaint must be dismissed.

## II.   STATEMENT OF FACTS

Founded in 1995, eBay operates a person-to-person trading community on the Internet in which more than 200 million users have bought and sold billions of items of practically every kind.  To list an item for sale on eBay, a third-party seller must agree to be bound by eBay's User Agreement[1] and must fill out a "Sell Your Item" form for the item to be sold.[2]  (Complaint ¶¶ 17, 22.)  On the "Sell Your Item" listing form, in addition to setting a starting price and describing the item, the seller must also choose a fixed period of time (1, 3, 5, 7, or 10 days) during which the item will be listed for sale.[3]  (*Id.* ¶ 23.)  Regardless of whether the seller chooses a 1, 3, 5, or 7 day listing, eBay charges the same listing fee, which eBay refers to as the "insertion fee."[4]  In addition to paying this insertion fee, eBay sellers are also charged an additional fee, called a "final value fee," which is a small percentage of the item's final selling price.[5]

Plaintiff alleges that on October 22, 2006, it purchased a 24-hour listing duration to sell a curved shower rod.  (Complaint ¶ 33.)  Although Plaintiff was immediately provided with an

---

[1] Declaration of Heather C. Meservy in Support of Defendant eBay Inc.'s Request for Judicial Notice ("Meservy Decl."), Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html.  It is appropriate for this Court to consider the contents of eBay's User Agreement and policies referenced in the Complaint when resolving this motion. *See Branch v. Tunnell*, 14 F.3d 449, 453-55 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).
[2] *See* Meservy Decl., Exh. B, *available at* http://pages.ebay.com/help/sell/listing_ov.html (describing the process for creating a listing).  *See also* Meservy Decl., Exh. K.
[3] *See* Meservy Decl., Exh. C, *available at* http://pages.ebay.com/help/sell/duration.html.  Sellers who operate "stores" on eBay's website have additional options, discussed *infra*.
[4] *See* Meservy Decl. Exh. D, *available at* http://pages.ebay.com/help/sell/fees.html.
[5] *See id.*  Additional options are available to sellers at an additional cost, such as establishing a "reserve price" under which an item cannot sell.  *Id.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2                                       NOTICE OF MOTION AND MOTION TO DISMISS
                                                              C 07 4487 PVT

email confirmation including an internet link to this listing, the listing was not searchable on eBay.com until approximately four hours or more after it was ordered by Plaintiff. (*Id.*)

Plaintiff's complaints notwithstanding, eBay's help pages fully explain that the 1-, 3-, 5-, 7- or 10- day listing durations are not "exact," and that listings may not immediately be searchable by the general public until several hours after they are created:

> **Note:** eBay cannot guarantee exact listing durations because there are times when your listing may not immediately be searchable when using a keyword or category search, until several hours after you have created it. You can always find your listing by item number or through My eBay.[6]

In fact, eBay's disclosures on this issue are extensive:[7]

> Your listing may not be immediately searchable when using a keyword search or category search, until several hours after you've created it. eBay can't guarantee exact listing durations in search results if you've listed or re-listed an item in the past few hours, or changed its title. You can always find your listing by item number or through My eBay.
>
> Although your listings will generally be searchable within 24 hours, for Trust and Safety reasons, there are times when this may take longer.
>
> …
>
> If you've listed or re-listed an item in the past few hours, or you've changed the title of an item, it may take several hours for your item to appear in a keyword or category search, as the system is updated several times each day.[8]

The same help page informs sellers that this delay may result from eBay's review of listings for offensive items or violations of eBay's rules:

---

[6] *See* Meservy Decl., Exh. C, *available at* http://pages.ebay.com/help/sell/duration.html.

[7] eBay's disclosures on this issue increased significantly between February and May 2007. In February 2007, eBay agreed to a stipulated dismissal of claims related to these listing delays asserted in the *Butler* action. *See* Meservy Decl. Exhs. L and M (*Butler* complaint and dismissal order). The *Butler* dismissal order required eBay to add additional disclosures to its website explaining the potential for listing delays caused by eBay's consumer protection measures. Such disclosures, including some of those referenced herein, were posted to eBay's website on or before May 23, 2007, which marked the expiration of eBay's 90-day compliance period under the *Butler* dismissal order. The *Butler* dismissal order also contained a court-approved release of Plaintiff's listing delay claims. *See* Meservy Decl. Exh. M, ¶ 4.

[8] *See* Meservy Decl., Exh. E, *available at* http://pages.ebay.com/help/find/questions/wheres-my-item.html. A potential buyer would be able to find the listing if he or she knows the item number.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3

NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

> In some cases, items that are not allowed on certain eBay international sites or that violate our rules will not appear in Search. Check eBay's Offensive Items Policy if you feel that this may apply to your item.[9]

Plaintiff's "Listing Class" allegations arise out of these delays which are necessary to implement eBay's consumer protection measures. (*See* Complaint ¶¶ 22-33, 45-70.) The gravamen of Plaintiff's allegations, which form the basis for the first three of Plaintiff's four claims for relief, is that any delay between the time a seller submits an item to eBay for listing and the time that the item is searchable by potential buyers violates the contract between eBay and its sellers as well as the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (*Id.*)

Plaintiff's fourth and final claim for relief alleges that eBay breached its contract with sellers by increasing seller fees associated with "Good Until Cancelled" listings. (Complaint ¶¶ 34-44, 71-82.) "Good Until Cancelled" listings are offered only to eBay "store" sellers, who pay a minimum monthly fee of $15.95 to operate a virtual store via eBay's website.[10] (*Id.* ¶ 36.) "Good Until Cancelled" listings are charged a low, automatically renewable insertion rate until the items are sold or the listing is cancelled by the seller. (*Id.* ¶ 37.) "Good Until Cancelled" listings are automatically renewed every 30 days. (*Id.*) Prior to August 22, 2006, the insertion fee for "Good Until Cancelled" listings was two cents per thirty days.[11] (*Id.*) eBay announced a fee increase on July 19, 2006, which was applicable to all listings, including "Good Until Cancelled" listings. (*Id.* ¶¶ 38-39.) The increase went into effect over one month later on August 22, 2006, increasing the insertion and final value fees for "Good Until Cancelled" listings. (*Id.*) The insertion fee for "Good Until Cancelled" listings increased from two cents per thirty days to five or ten cents per thirty days.[12] (*Id.* ¶ 38.)

---

[9] *See* Meservy Decl., Exh. E, *available at* http://pages.ebay.com/help/find/questions/wheres-my-item.html.
[10] *See* Meservy Decl., Exh. F, *available at* http://pages.ebay.com/help/sell/storefees.html.
[11] *See* Meservy Decl., Exh. H, *available at* http://web.archive.org/web/20060601052252/http://pages.ebay.com/help/sell/storefees.html.
[12] The insertion fee for an item listed with a starting or reserve price up to $24.99 is five cents per thirty days; the insertion fee for an item listed with a starting or reserve price $25.00 and over is

eBay's User Agreement expressly reserves eBay's right to change its fee schedules. (Complaint ¶ 17.)

> When you list an item or use a service that has a fee you have an opportunity to review and accept the fees that you will be charged based our Fees schedule, which we may change from time to time. Changes to that Policy are effective after we provide you with at least fourteen days' notice by posting the changes on the Site.[13]

Plaintiff's final claim for relief is for breach of contract based on eBay's imposition of fee increases and cannot stand in light of eBay's express contractual right to unilaterally increase seller fees with 14 days' advance notice.

### III.   LEGAL STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS

This Court may dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). As the Supreme Court recently emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

### IV.   ARGUMENT

#### A.   The Terms of Plaintiff's Contract with eBay Invalidate Plaintiff's Breach of Contract Claims.

Plaintiff's allegations purportedly support two distinct breach of contract claims. First, Plaintiff claims that eBay published Plaintiff's listings "for less than the agreed-upon duration, and only after the promised start time," in violation of the parties' contract. (Complaint ¶ 48.)

---

ten cents per thirty days. *See* Meservy Decl. Exh. F, *available at* http://pages.ebay.com/help/sell/storefees.html.

[13] *See* Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html. Prior User Agreements, effective when Plaintiff allegedly listed items in 2005 and 2006, contained similar language. *See* Meservy Decl. Exhs. I and J (User Agreements effective May 25, 2003 and February 1, 2006, respectively, each of which permit unilateral changes to the fee schedule which become effective with at least 30 days' notice.)

1  Second, Plaintiff alleges that eBay's August 22, 2006 fee increase, imposed after more than 30
2  days' advanced notice, violated the parties' contract. (Complaint ¶¶ 74-75.) The terms of the
3  parties' agreement conclusively contradict Plaintiff's allegations and render her breach of contract
4  claims invalid as a matter of law.[14]

### 1. eBay Fully Disclosed to the Listing Class that Listings Would Not Be Publicly Searchable for Several Hours, but that the Listing Duration Would Begin Immediately.

Plaintiff's first contract claim alleges that Plaintiff is not getting the full benefit of its bargain under its contract with eBay because eBay delays certain listings posted by sellers on eBay's website. When the contract itself affirmatively undermines Plaintiff's characterizations of eBay's contract obligations, the Court need not accept Plaintiff's allegations.[15] In fact, a complaint is properly dismissed where the referenced documents do not support plaintiff's claim. *See Branch v. Tunnell*, 14 F.3d 449, 453-55 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).

Plaintiff allegedly paid to list items for sale on eBay's website, but the listings were published "for less than the agreed-upon duration," and "buyers could not view, or search for the listings until well after the purchased listing start time." (Complaint ¶ 48.) "Nor did eBay extend the listing ending time either by a duration commensurate with eBay's delay in starting the listing, or in any other respect to compensate for the delay." (*Id.* ¶ 49.) But the contract between Plaintiff and eBay expressly addresses this very issue: it discloses that listings are not immediately searchable, explains why the imposition of eBay's trust and safety provisions makes this necessary and appropriate (to safeguard the interests of all eBay users), and it permits the seller to select the listing duration accordingly, *and* the exact moment to begin and end a listing.

---

[14] The User Agreements and Web pages referenced in the Complaint are attached to the Meservy Declaration and may be properly considered by the Court on a motion to dismiss for the reasons set forth in eBay's accompanying Request for Judicial Notice.

[15] The User Agreement, which Plaintiff agrees is the applicable contract between the parties, incorporates by reference the various help pages available on eBay's website. Specifically, the User Agreement provides that, "[w]hen using particular services on the Sites, you are subject to any posted policies or rules applicable to services you use through the Sites, which may be posted from time to time. All such policies and rules are incorporated into this Agreement." Meservy Decl., Exh. A. *Accord* Meservy Decl., Exhs. I and J.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6    NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

eBay's "Sell Your Item" form expressly states: "Your listing will be posted on the eBay site and can be viewed in My eBay. *Your listing may not be immediately searchable by keyword or category for several hours, so eBay cannot guarantee exact listing durations in search results*."[16] (*See* Complaint ¶¶ 46-47.)  The "Sell Your Item" form also requests each seller to verify his or her agreement to this provision: "By clicking the **List your item** button, you agree to pay the fees above, *accepting the listing conditions above*, and assume full responsibility for the content of the listing and item offered."[17]

In its help pages, which are incorporated by reference into the User Agreement, eBay tells its sellers, "When you list your item, you can choose a 1, 3, 5, 7 or 10 day listing."[18]  "When you list an item using the Sell Your Item form, the listing is created immediately, unless you have used the scheduled listing option to start it at a later time."[19]  The delay of which Plaintiff complains is fully disclosed and explained to eBay users: exact listing durations are never guaranteed because *listings may not be immediately searchable,* but listing are always available by item number or through My eBay.[20]

Accordingly, Plaintiff's first claim for relief for breach of contract necessarily fails given that the express terms of the operative agreement disclose and explain the prospect and reasons for listing delays.  Indeed, it is black letter law that a party who has performed according to the terms of a contract is not in breach.  *See* Cal. Civ. Code § 1473 ("Full performance of an obligation, by the party whose duty it is to perform it, . . . extinguishes it.")

> **2.    The "Good Until Cancelled" Class Agreed to Permit eBay to Unilaterally Increase Listing Fees with Fourteen Days' Notice.**

The purported fourth claim for relief for breach of contract likewise fails since the User Agreement expressly grants eBay the right to increase fees following a reasonable time period

---

[16] Meservy Decl., Exh. K, page 13 (emphasis added).
[17] *Id.* (emphasis added).
[18] *See* Meservy Decl., Exh. C, *available at* http://pages.ebay.com/help/sell/duration.html.
[19] *Id.*
[20] *Id. See also* Meservy Decl., Exh. G, *available at* http://pages.ebay.com/help/sell/find_listing.html.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7    NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

1  after website postings announcing a price change.[21]  Here, plaintiff concedes that eBay gave over
2  30 days' notice prior to increasing the subject fees (Complaint ¶ 38), yet contends eBay violated
3  the terms of the very contract that nonetheless permits fee increases for such things as "Good
4  Until Cancelled" listings.

5       As noted, "Good Until Cancelled" listings are automatically renewable every thirty days.
6  (Complaint ¶ 37.)  The insertion portion of the applicable listing fee increased from two cents per
7  thirty days to five or ten cents per thirty days, depending on the item's starting or reserve price.[22]
8  (Complaint ¶ 38.)  Applicable final value fees were likewise increased.  (*Id.*)  eBay gave more
9  than sufficient notice of these fee increases under the terms of the User Agreement by providing
10 over 30 days' notice of the impending fee increase.  (*Id.*)  When a contract permits alteration of
11 its terms with advance notice, as a matter of law, a party is not in breach of that contract if it alters
12 the contract terms so long as it provides the prescribed advanced notice.  *See Automatic Vending*
13 *Co. v. Wisdom,* 182 Cal. App. 2d 354, 357 (1960) ("[T]he fact that one of the parties reserves the
14 power of varying the price or other performance is not fatal if the exercise of this power is subject
15 to prescribed or implied limitations, as that the variation must be in proportion to some
16 objectively determined base or must be reasonable") (citing 1 Corbin on Contracts, § 98, p. 311).
17 *See also* Cal. Civ. Code § 1698(a) ("A contract in writing may be modified by a contract in
18 writing").  Plaintiff's fourth claim for relief for breach of contract accordingly must be dismissed.

19      **B.**     **Plaintiff's Unfair Competition Claims Fail As A Matter Of Law.**

20      To state a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code
21 §§ 17200 *et seq.* ("UCL"), Plaintiff must allege: (1) conduct by eBay that is unlawful, unfair, or
22 fraudulent, and (2) that it suffered "injury" as a result of such conduct.  *See* Cal. Bus. & Prof.
23 Code §§ 17200, 17204.  Despite their acknowledgment "that what is unfair or fraudulent . . . is a
24 question of fact," California courts "will affirm a judgment of dismissal where the complaint fails

---

[21] *See* Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html.  *Accord* Meservy Decl. Exhs. I and J (User Agreements effective May 25, 2003 and February 1, 2006, respectively, each of which permit unilateral changes to the fee schedule which become effective with at least 30 days' notice.)
[22] *See* Meservy Decl. Exh. F, *available at* http://pages.ebay.com/help/sell/storefees.html.  The starting price and the reserve price (if any) are terms dictated by the seller.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8

**NOTICE OF MOTION AND MOTION TO DISMISS**
**C 07 4487 PVT**

to allege facts showing that a business practice is unfair, unlawful or fraudulent." *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (Cal. Ct. App. 2006). Plaintiff alleges that eBay "continues to be engaged in fraudulent and/or unfair business practices in violation of the UCL" in connection with the listing delays experienced by certain sellers. (Complaint ¶ 63.) But Plaintiff fails to allege facts sufficient to support these claims of unfair and fraudulent conduct by eBay and fails to allege any injury sufficient to support an unfair competition claim.

### 1.    Plaintiff's Allegations Regarding "Unfair" Conduct by eBay Are Insufficient as a Matter of Law.

Several years ago, California courts assessing the sufficiency of UCL claims premised on allegations of *unfairness* employed a now-outmoded balancing test which defined a business practice as unfair if it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984); *see also State Farm Fire & Cas. Co. v. Super. Ct.,* 45 Cal. App. 4th 1093, 1103-04 (1996). But the most recent California Supreme Court decision addressing the UCL's unfairness prong rejected this balancing test because it was "too amorphous" and "provided too little guidance to courts and businesses." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal. 4th 163, 184-85 (1999). Under *Cel-Tech*, unfairness allegations must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Id*. at 186-87. Although *Cel-Tech's* holding was limited to actions based on unfairness *to competitors*, *id*. at 187n.12, courts have since extended *Cel-Tech's* unfairness test to consumer actions. *Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal. App. 4th 1061, 1072 (2004)("[G]iven the Supreme Court's disapproval of . . . [an] amorphous definition of unfair practices and its focus on legislatively declared public policy, reliance on general common law principles to support a cause of action for unfair competition is unavailing"); *Bernardo v. Planned Parenthood Fed'n of Amer.*, 115 Cal. App. 4th 322, 353 (2004)("[S]ome post *Cel-Tech* state appellate decisions have held that the new *Cel-Tech* test applies even to consumer cases" ); *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9

NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

845, 854 (2002)("[W]here a claim of an unfair act or practice is predicated on public policy, we read *Cel-Tech* to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions."); *Scripps Clinic v. Super. Ct. of San Diego County*, 108 Cal. App. 4th 917, 940 (2003)(agreeing with *Gregory* that "*Cel-Tech* narrowed the expansive earlier interpretations of the term unfair").

Thus, in the consumer context, an unfair competition claim that relies on general common law principles such as the breach of a contract between the parties does not pass legal muster and requires dismissal. *See Textron,* 118 Cal. App. 4th at 1072 (affirming dismissal of UCL claim found to be premised on breach of contract principles because insurance law which did not permit a private right of action could not serve as the legislatively-based predicate for the claim).

Like the parties' relationship in *Textron,* the relationship between Plaintiff and eBay is contractual. To support Plaintiff's UCL claim, Plaintiff reincorporates and re-alleges the same allegations of listing delays that support its breach of contract claim. (*See* Complaint ¶¶ 56-61.) Plaintiff does not even attempt to "tether" its UCL claim to a legislatively declared public policy as required by California law. This failure to allege a violation of a specific constitutional, statutory, or regulatory provision renders Plaintiff's UCL claim insufficient as a matter of law.

Alternatively, even applying the overly broad and "amorphous" balancing test, Plaintiff's unfair competition claims still fail. The now-outmoded balancing test defined a business practice as unfair if it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Casa Blanca Convalescent Homes*, 159 Cal. App. 3d at 530. Under this test, the unfairness prong of the UCL was generally "used to enjoin deceptive or sharp practices. . ." *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 970 (1997). As noted above, Plaintiff has alleged no facts claiming that eBay offended an established public policy. Nor has Plaintiff alleged facts that could be deemed "immoral, unethical, oppressive or unscrupulous or substantially injurious to consumers," especially in light of eBay's extensive disclosures that warn customers of a likely delay between the purchase of a listing and its subsequent searchability. *See* discussion *supra* Section IV.A.1. Thus, Plaintiff's unfair competition claim requires dismissal even under the disfavored balancing test. *See*

*Bernardo*, 115 Cal. App. 4th at 353-55 (rejecting UCL claim which articulated neither (1) an applicable legislative policy or public policy tethered to any specific constitutional, statutory, or regulatory provision, nor (2) a deceptive or sharp practice which should be enjoined under the UCL).

### 2. Plaintiff's Allegations Regarding "Fraudulent" Conduct by eBay Are Insufficient as a Matter of Law.

An allegation of "fraudulent" conduct under the UCL only requires a showing that "members of the public are likely to be deceived." *Bardin*, 136 Cal. App. 4th at 1274. "In order to be deceived, members of the public must have had an expectation or an assumption. . ." about the matter in question. *Id.* at 1275. But Plaintiff cannot meet even this low threshold: the contract between the parties undermines any allegation of likely deception or public expectation regarding immediate searchability of listings. Rather, before the insertion of any listing, eBay advises sellers that listings may not be searchable for some period of time at the outset (and further explains the trust and safety concerns that underlie that potential delay). *See* discussion *supra* Section IV.A.1; *see also Bernardo*, 115 Cal. App. 4th at 355 (finding, contrary to Plaintiff's assertions, that web page content was not likely to deceive the public). Consequently, there is no basis for any claim of "fraudulent conduct" alleged in the Complaint to support a UCL claim.

### 3. Plaintiff Lacks Standing to Assert a UCL Claim Because She Has Not Alleged She Suffered Injury In Fact.

Even if Plaintiff had alleged unfair or fraudulent conduct, her UCL claim nonetheless fails because Plaintiff has not sufficiently alleged injury or causation to support her standing to bring a UCL claim. Under Section 17200, Plaintiff must have "suffered injury in fact and ... lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204; *see also* § 17535 (plaintiff must have "suffered injury in fact and ... lost money or property as a result of a violation of this chapter"). "[T]o have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost." *Walker*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11

NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

*v. USAA Cas. Ins. Co.,* 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149-50 (2003)) (dismissing UCL claim without leave to amend because of lack of standing due to failure to allege lost money or property).

Plaintiff has not alleged a loss of possession or legal interest in money or property, nor has Plaintiff alleged any other "injury in fact" caused by eBay's conduct. On the contrary, Plaintiff simply alleges that "eBay knew but failed to disclose … that the listings routinely would be advertised or searchable by shoppers for less than the duration which eBay represented and the seller selected…" (Complaint ¶ 57); that "Plaintiff and the Listing Class purchased listings which were not posted (for anyone except the seller who purchased the listing) for the duration that eBay represented and which the seller selected" (*Id.* ¶ 59); and finally, that "[a]s a result of above-described acts, omissions, concealments, and misrepresentations, Plaintiff and the other Listing Class members were damaged." (*Id.* ¶ 62.) This conclusory allegation of "damage" is insufficient to maintain a Section 17200 claim against eBay. *See Walker,* 474 F. Supp. 2d at 1172-73.

### C. Plaintiff's Unjust Enrichment Claim Fails Because Unjust Enrichment Is Not An Independent Claim Under California Law.

Plaintiff's third claim for relief seeks recovery for unjust enrichment. But unjust enrichment is only available when there is no legally enforceable contract between the parties. *Rachford v. Air Line Pilots Ass'n Int'l*, No. C 03-3618 PJH, 2006 WL 1699578, *13 (N.D. Cal. June 16, 2006). Moreover, California courts have recognized that a claim for unjust enrichment is not a separate cause of action. *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies.") (*citing Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779, 793 (2003)); *Lauriedale Assocs. Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992), ("The phrase '[u]njust [e]nrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."). Here, there is indisputably an enforceable contract between the parties. (Complaint ¶ 17.) Plaintiff has affirmed the existence and enforceability of the contract by suing on it. Thus,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12

NOTICE OF MOTION AND MOTION TO DISMISS
C 07 4487 PVT

Plaintiff's unjust enrichment claim fails as a matter of law.

## V. CONCLUSION

For all of these reasons, Defendant eBay Inc. respectfully requests that this Court dismiss with prejudice, and without leave to amend, Plaintiff's first through fourth causes of action.

### REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, eBay hereby requests a jury trial as to all the issues to which it is so entitled.

Dated: November 15, 2007                    Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
JOSEPH S. LEVENTHAL (221043)


 /s/Heather C. Meservy
Heather C. Meservy (223782)
Attorneys for Defendant eBay Inc.
Email: hmeservy@cooley.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2007, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

| | |
|---|---|
| Kevin K. Eng<br>Markun Zusman & Compton LLP<br>465 California Street<br>Suite 500<br>San Francisco, CA 94104 | email:<br>keng@mzclaw.com |
| Edward Scott Zusman<br>Markun Zusman & Compton LLP<br>465 California Street<br>Suite 500<br>San Francisco, CA 94104 | email:<br>ezusman@mzclaw.com |

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California on this 15th day of November, 2007 to the following listed addresses.

| | |
|---|---|
| David S. Markun<br>Markun Zusman & Compton LLP<br>17383 West Sunset Boulevard<br>Suite A-380<br>Pacific Palisades, CA 90272 | Ilan Chorowsky<br>Chorowsky Law Offices<br>Progressive Law Group LLC<br>1130 N. Dearborn Street<br>Suite 3110<br>Chicago, IL 60610 |
| Frank Jablonski<br>Noah Golden-Krasner<br>Progressive Law Group LLC<br>354 W. Main Street<br>Madison, WI 53703 | Noah Shube<br>The Law Offices of Noah Shube<br>434 Broadway<br>6th Floor<br>New York, NY 10013 |

*[signature]*
Kendra Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: kjones@cooley.com