# EXHIBIT L

| | |
|---|---|
| 1 | JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP |
| | MICHAEL J. SALTZ, ESQ. SBN 189751 |
| 2 | 10866 Wilshire Boulevard, Suite 1550 |
| | Los Angeles, California 90024 |
| 3 | Telephone: (310) 446-9900 |
| | Facsimile: (310) 446-9909 |
| 4 | Email: msaltz@jrsfllp.com |

AUSTIN TIGHE, ESQ. TEXAS SBN 20023900
FEAZELL & TIGHE LLP
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas 78730
Telephone: (512) 372-8100
Facsimile: (512) 372-8140
Email: austin@feazell-tighe.com
*(Pro Hac Vice Status pending)*

PATRICK MULLIGAN, ESQ. TEXAS SBN 14651270
ERIC ROBERSON, ESQ. TEXAS SBN 00792804
THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.
911 Turtle Creek Blvd., Suite 900
Dallas, TX 75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789
Email: eroberson@mulliganlaw.com
*(Pro Hac Vice Status pending)*

ATTORNEYS FOR: PLAINTIFF EDGAR BUTLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| EDGAR BUTLER, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>EBAY, INC., and DOES 1 THROUGH 100, Inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **UNFAIR BUSINESS PRACTICES;**<br>3. **VIOLATION OF THE CA. AUCTION ACT;**<br>4. **UNJUST ENRICHMENT; AND**<br>5. **MONEY HAD AND RECEIVED**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS.** L.R. 3-16 |

1

Class Action Complaint

ORIGINAL

1
2         Plaintiff Edgar Butler, by and through his attorneys, alleges the following against eBay, Inc.
3   ("eBay") upon information and belief, except as to those allegations concerning Plaintiff, which are
4   alleged upon personal knowledge. Plaintiff's information and belief are based upon, among other
5   things, his and/or counsels' investigation. Plaintiff believes that further substantial evidentiary
6   support will exist for the allegations herein after a reasonable opportunity for discovery. Many of
7   the facts supporting the allegations contained herein are known only to eBay or are within its
8   control.
9
10  **SUMMARY OF CLAIMS**
11      1.    This is a class action against eBay for Breach of Contract, Unfair Business Practices
12  (California Business & Professions Code §17200, Et Seq.), Unjust Enrichment, and Money Had and
13  Received. Plaintiff brings this action on behalf of himself and all other persons or entities, except
14  for eBay and their related parties as described below, who, within the past four years, have paid
15  money to eBay to use its online auction service to post items for sale. In each such instance, eBay
16  has charged that person or entity for posting an item for sale, but failed to timely make the item
17  viewable or available for purchase.
18  **THE PARTIES**
19      2.    Plaintiff Edgar Butler is an individual residing in Tarrant County, State of Texas.
20  Plaintiff has repeatedly entered into contractual agreements for posting items for sale on eBay, and
21  paid money to eBay to use its online auction service to post items for sale. Plaintiff brings this
22  action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure on
23  behalf of all persons and/or entities who, within the past four years, have paid money to eBay to use
24  its online auction service to post items for sale.
25      3.    Defendant eBay, Inc. is a corporation organized under the laws of the State of
26  Delaware, with its principal place of business in San Jose, California, which is within the Northern
27  District of California. eBay is at all times herein mentioned qualified to do business in California.
28

4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 100, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

5.  Plaintiff will ask leave to amend this Complaint to state said Defendants' true identities and capacities when the same have been ascertained.

6.  Each of the Defendants designated herein as DOE took part in and participated with eBay in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff.

7.  At all times herein mentioned, each of the Defendants was the agent, servant, and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, and approved of the acts of his agents, employees, and representatives, and each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoings alleged in this Complaint.

**JURISDICTION AND VENUE**

8.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is class action filed under Rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,0000 exclusive of interest and costs, and a substantial number of members of the class of Plaintiffs are citizens of a state different from California.

9.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that (1) eBay resides in this judicial district, (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and (3) eBay is subject to personal jurisdiction in the Northern District of California. In addition, the agreement between eBay and all members of the class provides that, "[t]his Agreement must be . . . adjudicated in Santa Clara County, California," which is within the Northern District of California, San Jose Division.

10. This Court has personal jurisdiction over defendant, because Defendant is a corporation that conducts substantial business in the State of California, has its headquarters in California, has substantial offices in California, has significant business contacts in California, and otherwise resides in California. The conduct at issue occurred in California in that Defendant's computers are located in California and/or the conduct is directed by eBay, eBay's agents, and eBay's computers in California. Pursuant to 18 Cal. Reg. Code §1802, the place of sale of the transactions at issue in the complaint occurred in California. Further, eBay has sufficient minimum contacts with California, intentionally avails itself of California markets and conducted the acts in question in this complaint in California so as to render the exercise of jurisdiction by California courts and the application of California law to the claims of the plaintiff and the general public permissible under traditional notions of fair play and substantial justice.

## CLASS ACTION ALLEGATIONS

11. <u>Alleged Class</u>: Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) (3) on behalf of all persons and/or entities who, within the past four years, have paid money to eBay to use its online auction service to post items for sale. Excluded from the Class are Defendants, officers and directors of the Company, members of the immediate families and each of their legal representatives, heirs, successors or assigns and any entity in which eBay has or has had a controlling interest.

12. This action is properly maintainable as a class action because:

(a) The members of the Class for whose benefit this action is brought are dispersed throughout the United States and are so numerous that joinder of all Class members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that Class members number in the millions. Members of the Class may be identified from records maintained by eBay and may be notified of the pendency of this action by U.S. mail or e-mail, using a form of notice similar to that customarily used in class actions;

(b) Plaintiff's claims are typical of those of the Class as all members of the Class are similarly affected by eBay's actionable conduct as alleged herein;

(c) Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation including class actions within the Northern District of California. Plaintiff has no interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to represent;

(d) A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein, because joinder of all members is impracticable. Furthermore, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to redress the wrongs done to them. The likelihood of individual Class members prosecuting separate claims is remote;

(e) Plaintiff anticipates no difficulties in the management of this action as a class action; and

(f) The questions of law and fact common to the members of the Class predominate over any questions affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    i. The construction of the agreement between eBay and the Class;

    ii. eBay's acts and/or omissions as alleged herein;

    iii. whether eBay has breached its agreement with the Class;

    iv. whether eBay violated §§17200, et seq. of the California Business & Professional Code;

    v. whether eBay violated the California Auction Act;

    vi. whether eBay has been unjustly enriched by its manner of posting;

    vii. whether eBay has properly accounted for and refunded fees it has wrongfully collected from the class; and

    viii. to what extent the members of the Class have sustained damages and the proper measure of damages.

## SUBSTANTIVE ALLEGATIONS COMMON TO ALL COUNTS

13.  eBay's conduct breaches its contract with its Sellers. Furthermore, eBay's charges and other statutory violations constitute unlawful activities under the Auction Act; unlawful, unfair, and fraudulent acts under Cal. Bus. & Prof. Code §§17200, *et seq.*; and violations of other common and statutory laws. Plaintiff therefore seeks to permanently enjoin Defendant from charging for times that items are not actually viewable and available for sale, for representing that auction items are posted when submitted when in reality there is a delay, and violating other auction or auction related laws, to enforce the Cal. Bus. & Prof. Code §§17200, and the Auction Act, to obtain damages and restitution for injured persons, to obtain civil penalties, and to recover attorneys' fees and investigation costs.

14.  Plaintiff also seeks full restitution of monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits and declaratory relief, pursuant to Cal. Bus. & Prof. Code § 17203. Defendant's actions have resulted in substantial overcharges to consumer bidder nationwide, which require restitution in excess of tens of millions, if not hundreds of millions, of dollars during the past four years, and have created substantial unlawful profits by Defendant.

15.  Individuals who wish to sell an item on eBay can only have access to eBay's "auction" services if they become an eBay "member" by agreeing to the terms of the "eBay User Agreement and Privacy Policy" (eBay Membership Agreement). The most recent eBay Membership Agreement is attached as Exhibit "A."

16.  The eBay Membership Agreement has a choice of laws clause that chooses California Law:

> This Agreement shall be governed in all respects by the laws of the State of California as they apply to agreements entered into and to be performed entirely within California between California residents, without regard to conflict of law provisions.

17. The eBay Membership Agreement has a Choice of Forums Clause that chooses courts within Santa Clara County, California, as the location of the resolution of any dispute:

> You agree that any claim or dispute you may have against eBay must be resolved by a court located in Santa Clara County, California, except as otherwise agreed by the parties or as described in the Arbitration Option paragraph below. You agree to submit to the personal jurisdiction of the courts located within Santa Clara County, California for the purpose of litigating all such claims or disputes.

18. The eBay Membership Agreement does have an Arbitration Agreement, but under the terms of the eBay Membership Agreement, the Arbitration Agreement is optional at the request of the party seeking relief, is only for Disputes of Less than $10,000.00, and does not include claims seeking injunctive or equitable relief:

> Arbitration Option - For any claim (excluding claims for injunctive or other equitable relief) where the total amount of the award sought is less than $10,000, the party requesting relief may elect to resolve the dispute in a cost effective manner through binding non-appearance-based arbitration. In the event a party elects arbitration, they shall initiate such arbitration through an established alternative dispute resolution ("ADR") provider mutually agreed upon by the parties. The ADR provider and the parties must comply with the following rules: a) the arbitration shall be conducted by telephone, online and/or be solely based on written submissions, the specific manner shall be chosen by the party initiating the arbitration; b) the arbitration shall not involve any personal appearance by the parties or witnesses unless otherwise mutually agreed by the parties; and c) any judgment on the award rendered by the arbitrator may be entered in any court of competent jurisdiction.

19. eBay describes itself as "The World's Online Marketplace for the sale of goods and services by adverse community of individuals and small businesses." The vast majority of items sold on eBay are sold by a bidding system whereby eBay presents an interactive series of invitations for offers for the purchase of goods which increase as eBay buyers respond to these offers with higher and higher bids. Like in a traditional auction, this bidding system, which is devised and managed by eBay, invites offers within an allotted time frame. The seller selects an allotted time frame of generally one, three, five, seven or ten days. The highest bidder at the expiration of the allotted time wins the auction

20. eBay's bidding system, advertisements, and transactional systems constitute "auctions" under Cal. Civ. Code §1812.601(b): "Auction" means a sale transaction conducted by means of oral or written exchanges between an auctioneer and the members of his or her audience, which exchanges consist of a series of invitations for offers for the purchase of goods made by the auctioneer and offers to purchase made by members of the audience and culminate in the acceptance by the auctioneer of the highest or most favorable offer made by a member of the participating audience.

21. Members of eBay who wish to post and sell an item on eBay are referred to as "Sellers". When a Seller selects an allotted time period, e.g. 3 days, the Seller does not receive that full amount of time. Instead, there is a delay between when the allotted time begins to run, and when the item is actually posted and viewable on eBay, and thereby accessible for purchase. As such, the Seller does not receive the full amount of time for which he contracted. When the Seller chooses the 3 day auction, the item is actually posted and available for the sale for less than 72 hours.

22. Plaintiff Edgar Butler has sold classic BMW automotive parts on eBay on three separate occasions. The total of the sales was less than $500.00, and all sales occurred within the last two years.

23. On each occasion, there was a delay between when his allotted time began to run and when the item was actually posted for sale, and when it was actually viewable on eBay and

accessible for bidding purchase. The time allotted for the sale, which is what the charges he paid were based upon, began to expire immediately upon posting, before the items were actually viewable and available for sale. As such, Plaintiff and the Class were paying for phantom postings. Their time began to expire before the item was actually viewable and available for sale. Sometimes the gap can be minutes and sometimes, as in the case of automobiles for instance, the gap can be hours.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

24. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

25. Under the terms of the eBay Membership Agreement, Sellers contract for an allotted period of time during which they ostensibly get to post their items for sale. eBay breached its contracts with Plaintiff and the Class, and the covenant of good faith and fair dealing, by collecting fees from Plaintiff and the Class in exchange for allowing them to post items for sale on eBay, but then failing to timely make those items viewable and available for purchase. eBay breached its contract by charging for an allotted time for sale of the item, but then not offering it for sale until the allotted time had begun to expire.

26. As a direct and proximate result of eBay's breach of contract, and the attendant covenant of good faith and fair dealing, Plaintiff and the Class have been damaged in an amount to be determined at trial but in excess of an aggregated amount of $5,000,000.

## SECOND CAUSE OF ACTION
## (UNFAIR BUSINESS PRACTICES)
## (BUSINESS & PROFESSIONS CODE 17200, ET SEQ.)

27. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

28. As described above, the Agreement between eBay and Plaintiff and the Class provides that the Agreement shall be governed by California law. California <u>Business & Professions Code</u> § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or

fraudulent business act or practice." Defendant's policy and practice is unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to all consumers and to the public from Defendant's policies and practices far outweighs any purported utility those policies and practices have.

29. eBay's conduct in charging Plaintiff and the Class for posting their items for sale, but delaying the posting so that the item is not viewable of available for sale until after the allotted time has already begun expiring, as alleged hereinabove, violated California Business & Professions Code, section 17200, et seq. because it was an unlawful, unfair and/or fraudulent business act and practice.

30. As a proximate result of eBay's conduct alleged herein, both Plaintiff and the Class have sustained pecuniary loss.

31. Defendant has conducted the following unlawful activities:

 (a) violations of the Auction Act, Cal. Civ. Code §1812.607(c) by failing to adequately post and provide auction terms;

 (b) violation of the Auction Act, Cal. Civ. Code §1812.605 by failing to perform its duties in accordance with the laws of this state;

 (c) violation of Cal. Civ. Code §1770(a) (9) by advertising goods and or services with the intent not to sell them as advertised;

 (d) violations of Cal. Civ. Code §1770(a)(14) by representing that the auction transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

 (e) violations of Cal. Civ. Code §1770(a) (16) by representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; and

 (f) violations of Cal. Civ. Code §1770(a) (19) by inserting an unconscionable provision in the contract.

32. Unless restrained by this Court, eBay will continue to engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged above, in violation of Section 17200 of the Business and Professions Code, thus tending to render judgment in the instant action ineffectual.

Plaintiff has no adequate remedy at law, in that Defendant will continue to engage in such practices, as alleged above, in violation of Section 17200 of the Business and Professions Code, thus engendering a multiplicity of judicial proceedings.

33.  Plaintiff and the Class are entitled to the disgorgement of any profits eBay obtained as a result of charging plaintiff and the Class for, restitution of any monies plaintiff and the Class paid for that could be determined to be fraudulent, and attorneys' fees as provided by California Code of Civil Procedure, section 1021.5.

## THIRD CAUSE OF ACTION

## (VIOLATION OF THE CALIFORNIA AUCTION ACT)

34.  California law provides specific protections for California consumers bidding in auctions and particular parameters for auctioneers and auction companies operating in California. eBay, while acting as an auction house and auctioneer conducting auctions in California, refuses to provide consumers with the required protections.

35.  eBay has violated the protections afforded consumers by the Auction Act in several ways. eBay has also violated the Auction Act by failing to adequately post and provide the terms of its auctions. Cal. Civ. Code. §1812.607(c). As discussed above, eBay does not adequately disclose its calculation of time allotments and the disparity between posting and availability for sale. §1812.608.

36.  eBay's bidding system, advertisements, and transactional systems constitute "auctions" under Cal. Civ. Code §1812.601(b): "Auction" means a sale transaction conducted by means of oral or written exchanges between an auctioneer and the members of his or her audience, which exchanges consist of a series of invitations for offers for the purchase of goods made by the auctioneer and offers to purchase made by members of the audience and culminate in the acceptance by the auctioneer of the highest or most favorable offer made by a member of the participating audience.

37.  eBay arranges, manages, sponsors, advertises, accounts for the proceeds of, or carries out auctions at their www.ebay.com and www.ebaymotors.com website location. eBay contracts with Sellers to provide auction spots, sets the fees, and provides the electronic infrastructure so that

Class Action Complaint

the Seller's items are advertised to potential bidders as these bidders utilize eBay's website. eBay carries out the, auction sales by controlling the bidding process, declaring certain bidders, winners, charging fees to sellers based upon the outcome of the bidding process and other auction sales base. These auctions occur at eBay's www.ebay.com website and/or on eBay's computers located and/or controlled out of eBay's California headquarters at 2145 Hamilton Avenue, San Jose, California.

38. eBay states that they are not an "Auctioneer" on their website with the following disclaimer: "What does "eBay is not an Auctioneer" mean? It means we do not control the final price of an item may close at and we do not have the physical goods so we cannot verify their authenticity. eBay is an exciting electronic marketplace where you can buy and sell to your heart's content. However, eBay does not ultimately participate in the transaction between buyer and seller, verify that items are genuine, or guarantee that you will receive payment or auction items."

39. The Auction Act does not allow eBay to disclaim their status as an auctioneer or an auction company. Nor is there any means by which eBay may contract around California law to waive any of the consumer and public benefit protections afforded to auction bidders under the Auction Act, as Cal. Civ. Code §1812.609 specifically states that: waiver of the provisions of this title is contrary to public policy, and is void and unenforceable.

40. eBay places written or audio messages soliciting, describing or offering to act as an auctioneer or auction house in a variety of mediums including television, radio, newspapers and the Internet. eBay's listings in these media, as well as its own listings of items on its website, constitute auction "advertisements" pursuant to Cal. Civ. Code §1812.601(a): "Advertisement" means any of the following: (1) Any written or printed communication for the purpose of soliciting, describing, or Offering to act as an auctioneer or provide auction company services, including any brochure, pamphlet, newspaper, periodical, or publication.

41. A telephone or other directory listing caused or permitted by an auctioneer or auction company to be published that indicates the offer to practice auctioneering or auction company services. A radio, television, or similar airwave transmission that solicits or offers the practice of auctioneering or auction company services. Therefore, eBay conducts auction advertising pursuant to Cal. Civ. Code § 1812.601(a).

42. Pursuant to Cal. Civ. Code § 1812.607, eBay is required to: "(c) Post or distribute to the audience the terms, conditions, restrictions, and procedures whereby goods will be sold at the auction, and announce any changes to those terms, conditions, restrictions, and procedures prior to the beginning of the auction sale..."

43. On information and belief, eBay has violated Cal. Civ. Code § 1812.607(c) by failing to adequately post or distribute to sellers the terms, conditions, restrictions, and procedures associated with its delay in actually listing and presenting items for sale after the Seller purchases his allotted time. This delay is not adequately disclosed to sellers and they are likely to be deceived, and in fact, are deceived as a result. The accuracy of posting versus viewing is especially important given that sellers expect eBay to abide by usual and legal norms of auction bidding, and that eBay's delays violate these norms.

44. Pursuant to Cal. Civ. Code §1812.605, eBay is required: "In conducting the business of auctioneering, each auctioneer and auction company, and the company's owners, partners, officers, agents, and employees, shall do all of the following: "(d) Otherwise perform his or her duties in accordance with the laws of this state". eBay violated § 1812.605 by violating the laws described above.

**(Injunctive Relief for Violation of the Auction Act**

**Pursuant to California Civil Code Section 1812.602)**

45. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46. California Civil Code §1812.602 permits any person to bring an action for injunction or other appropriate order against any person who "has engaged or is about to engage in any act that constitutes a violation of [the Auction Act]" as follows: "(a) The superior court for the county in which any person has engaged or is about to engage in any act that constitutes a violation of this title may, upon a petition filed by any person, issue an injunction or other appropriate order restraining the violative conduct. Proceedings under this section shall be governed by Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, except that no undertaking shall be required".

47.    The "title" described in Cal. Civ. Code §1812.602 is the Auction Act covering §1812.600-1812.609 of the California Civil Code.

48.    As described in detail above, eBay has engaged and continues to engage in acts that constitute a numerous violations of the Auction Act, including, but not limited to:

(a)    violations of Cal. Civ. Cod. §1812.607(c) by failing to adequately post and provide auction terms;

(b)    violations of Cal. Civ. Code §1812.608 by failing to comply with other statutes incorporated into the Auction Act; and

(c)    violations of Cal. Civ. Code §1812.605 by failing to perform its duties in accordance with the laws of this state, and by failing to follow all lawful requests of the Seller and perform its duties so that the highest offer is accepted. §1812.605(a)(b)(d).

49.    As such, Plaintiff brings this action for an injunction against eBay for eBay's engagement in violations of the Auction Act. Plaintiff brings these claims individually, as "any person" pursuant the Auction Act statute, as a representative action pursuant to the general provisions of Cal. Civ. Proc. Code §382, and on behalf of a class of persons injured by eBay's practices of whom Plaintiff is a member.

50.    These violations of this title have harmed and will harm Plaintiff, the people of the State of California, and members of the general public. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of the Defendant alleged herein.

51.    Pursuant to Cal. Civ. Code §1812.602, Plaintiff therefore seeks an injunction or other appropriate order restraining the stated conduct.

52.    Plaintiff also seeks reasonable attorneys' fees and costs pursuant to Cal. Civ. Proc. Code §1021.5

### (Restitutionary Relief for Violations of the Auction Act Pursuant to California Civil Code §1812.603)

53.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

Class Action Complaint

54. California Civil Code §1812.603(entitled, Restitution) states:

(a) The superior court for the county in which any person has engaged in any act that constitutes a violation of this title may, upon a petition filed by any person, order the person who committed the violation to make restitution to any person injured as a result of the violation.

(b) The court may order any person against whom an injunction or restraining order pursuant to subdivision (a), or an order requiring restitution pursuant to subdivision (b), is directed, to reimburse the petitioner for expenses incurred in the investigation related to its petition.

(c) The remedies set forth in this section are in addition to, and not a limitation on, the authority provided for in any other section of this code.

55. As described above, eBay has engaged in acts which constitute a violation of this title including:

(a) violations of Cal. Civ. Code §1812.607(c) by failing to adequately post and provide auction terms;

(b) violations of Cal. Civ. Code §1812.608 by failing to comply with other statutes incorporated into the Auction Act, including Cal. Com. Code §2328(3)-(4); and

(c) violations of Cal. Civ. Code §1812.605 by failing to perform its duties in accordance with the laws of this state, and by failing to follow all lawful requests of the Seller and perform its duties so that the highest offer is accepted. §1812.605(a)(b)(d).

56. These violations of this title have harmed and will harm Plaintiff, the people of the State of California, and members of the general public. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of the eBay alleged herein.

57. As such, Plaintiff brings this action for restitution against eBay for eBay's engagement in violations of the Auction Act. Plaintiff brings these claims individually, as "any person" pursuant the Auction Act statute, as a representative action pursuant to the general provisions of Cal. Civ. Proc. Code §382, and on behalf of a class of persons injured by eBay's practices of whom Plaintiff is a member. Plaintiff seeks a return of all or a portion of the amount he paid to post an item on eBay.

58. California Civil Code §1812.603(b) states: "The court may order any person against whom an injunction or restraining order pursuant to subdivision (a), or an order requiring restitution pursuant to subdivision (b), is directed, to reimburse the petitioner for expenses incurred in the investigation related to its petition". Therefore, Plaintiff seeks reimbursement of expenses incurred in the investigation related to this action pursuant to this provision and attorneys' fees pursuant to Cal. Civ. Proc. Code §1021.5.

**(For Enforcement and $1000 Civil Penalties for Violation of the**

**Auction Act Pursuant to California Civil Code §1812.600)**

59. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60. This action is also brought pursuant to Cal. Civ. Code §1812.600 which permits "any person" to bring an action for the enforcement of the provisions of the Auction Act and to recover civil penalties where an auctioneer or auction company fails to perform any of the duties imposed by the Auction Act. Plaintiff brings this action against eBay for enforcement of eBay's duties under the Auction Act and to recover civil penalties of $1000 as described in Cal. Civ. Code §1812.600 (l) on behalf of Plaintiff, and $1,000 for each member of the class.

61. As described above, eBay has engaged in acts which constitute a violation of this title including:

(a) violations of Cal. Civ. Code §1812.608 by failing to comply with other statutes incorporated into the Auction Act, including the California Civil Code §§1750 et seq.; and by failing to abide by the terms of the written Agreement it has with Sellers and misrepresenting the terms of sale;

(b) violations of Cal. Civ. Code §1812.605 by failing to perform its duties in accordance with the laws of this state, and by failing to follow all lawful requests of the Seller and perform its duties so that the highest offer is accepted. §1812.605(a)(b)(d).

62. As such, Plaintiff brings this action for injunction against eBay for eBay's engagement in violations of the Auction Act. Plaintiff brings these claims individually, as "any person" pursuant the Auction Act statute, as a representative action pursuant to the general

provisions of Cal. Civ. Code §382, and on behalf of a class of persons injured by eBay's practices of whom Plaintiff is a member.

63. California Civil Code §1812.600(m) states: "In any action to enforce these duties or to recover civil penalties, or for both enforcement and recovery, the prevailing Plaintiff shall be entitled to reasonable attorney's fees and costs…" Therefore, Plaintiff seeks reasonable attorneys' fees and costs pursuant to this provision, in addition to Cal. Civ. Proc. Code §1021.5.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment/Common Law Restitution)

64. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65. Plaintiff brings this claim individually and on behalf of the Class against eBay.

66. By charging for services not timely provided, and collecting fees for posting items for sale before they are actually available for viewing online and actually available for sale. Defendant has unlawfully enriched itself at the cost of innocent Sellers. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of eBay alleged herein.

67. If Defendant is permitted to keep monies collected under such illegal and void penalty clauses, they will be unjustly enriched at the expense of members of the Class.

WHEREFORE, Plaintiff seeks an order requiring defendant to:

(a) immediately cease their unlawful acts and practices;

(b) make full restitution of all monies wrongfully obtained; and

(c) disgorge all ill-gotten revenues and/or profits.

## SIXTH CAUSE OF ACTION

### (Common Count for Money Had and Received)

68. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

69. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

17

Class Action Complaint

70. By charging for services not timely provided, and collecting fees for posting items for sale before they are actually available for viewing online and actually available for sale, eBay has money that rightfully belongs to Plaintiff and the Class. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of the defendant alleged herein.

71. Defendant is legally obligated to pay over and remit those sums paid by the Class members.

WHEREFORE, Plaintiff seeks an order requiring defendants to:

    (a) pay damages according to proof;

    (b) immediately cease their unlawful acts and practices;

    (c) make full restitution of all monies wrongfully obtained; and

    (d) disgorge all ill-gotten revenues and/or profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, on behalf of the Class, and in his representative capacity for members of the general public prays for:

    (a) an order certifying the Class, and appointing Plaintiff and his undersigned counsel of record to represent the Class;

    (b) a permanent injunction enjoining Defendant, its partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with it directly or indirectly, or in any manner, from in any way engaging in the practices set forth herein;

    (c) a permanent injunction enjoining Defendant, its partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with it directly or indirectly, or in any manner, from utilizing any monies acquired by Defendant's unfair business practices, including all profits, revenues, and proceeds both direct and indirect;

    (d) imposition of a constructive trust upon all monies and assets Defendant has acquired as a result of its unfair practices;

    (e) compensatory damages and/or full restitution of all funds acquired from Defendant's unfair business practices, including disgorgement of profits;

(f) actual damages suffered by Plaintiff and Class members in an amount in excess of $5,000,000;

(g) punitive damages, to be awarded to Plaintiff and each Class member;

(h) cost of suit herein:

(i) investigated costs;

(j) both pre- and post-judgment interest on any amounts awarded;

(k) payment of reasonable attorneys' fees as required under Cal. Civ. Code §1812.600 and Cal. Civ. Proc. Code §1021.5

(l) $1000 for the named Plaintiff and $1000 per Class member civil penalty under Cal. Civ. Code §1812.600 for eBay's failure to perform the duties imposed by the Auction Act;

(m) declaratory relief, including changing of the disclosures and corrective notice;

(n) enforcement of the statutory acts identified herein, including changing of the disclosures and corrective notice; and

(o) such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

72. Plaintiff hereby demands a trial by jury.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS.

73. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: April 10, 2006                JASCOBSON, RUSSELL, SALTZ & FINGERMAN, LLP

By: /s/
Michael J. Saltz, Esq.
Attorneys for Plaintiffs