Edward S. Zusman (SBN 154366)
Kevin K. Eng (SBN 209036)
MARKUN ZUSMAN & COMPTON LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

Ilan Chorowsky (Admitted Pro Hac Vice)
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610
Telephone: (312) 643-5893
Facsimile: (312) 643-5894

Frank Jablonski (Admitted Pro Hac Vice)
Progressive Law Group LLC
354 W. Main Street
Madison, WI 53703
Telephone: (608) 258-8511
Facsimile: (608) 442-9494

Noah Shube (Admitted Pro Hac Vice)
The Law Offices of Noah Shube
434 Broadway, Sixth Floor
New York, NY 10013
Telephone: (212) 274-8638

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>                         Defendant. | Case No. C 07 4487 RMW<br>Related to Case No. C 07-02198 RMW<br><br>**OPPOSITION TO MOTION TO DISMISS**<br><br>Date:        March 14, 2008<br>Time:        9:00 a.m.<br>Courtroom:   6, 4th Floor<br>Judge:       Hon. Ronald M. Whyte |

///

///

///

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................1

II.   LEGAL STANDARD FOR MOTIONS TO DISMISS........................................2

III.  LEGAL ANALYSIS ...............................................................................................3

    A.    Plaintiff Has Adequately Pled The Breach Of Contract Claim.................................3

        1.    eBay Did Not Disclose That Its Listings Would Be Delayed By Several Hours..................................................................................................................3

        2.    In Other Litigation Before This District, eBay Virtually Conceded That It Had Failed To Inform Sellers Of Listing Delays.........................................5

        3.    eBay Was Not Authorized To Make Unilateral Changes To Agreed-To Terms Of Already Existing Listings and Did Not Adequately Disclose Its Unilateral Rate Increases To The GUC Class................................................6

        4.    Even If There Were Contractual Terms Authorizing eBay's Alleged Misconduct, Dismissal Would Be Improper................................................7

    B.    The Unfair Competition Claims Are Adequately Pled .............................................9

        1.    The Complaint Sets Forth Sufficient Factual Allegations Concerning eBay's Fraudulent Conduct...........................................................................9

        2.    The Complaint Sets Forth Sufficient Factual Allegations Of eBay's Unfair Conduct .................................................................................................10

        3.    Plaintiff Has Adequately Pled Facts To Establish Standing To Pursue the UCL Claim..............................................................................................14

    C.    The Unjust Enrichment Claim Is Sufficient..........................................................17

IV.   CONCLUSION .....................................................................................................18

i

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## <u>CASES</u>

4

*Abels v. JBC Legal Group, P.C.*,
    434 F. Supp. 2d 763 (N.D. Cal. 2006) ........................................................................9

5

*Automatic Vending Co. v. Wisdom*,
    182 Cal. App. 2d 354, 6 Cal. Rptr. 31 (Cal. Ct. App. 1960)......................................7

6

*Badie v. Bank of Amer.*,
    67 Cal. App. 4th 779, 79 Cal. Rptr. 2d 273 (Cal. Ct. App. 1998)............................8

7

8

*Bardin v. DaimlerChrysler Corp.*,
    136 Cal. App. 4th 1255 (Cal. Ct. App. 2006) ...........................................................9

9

*Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 929
    (2007) ........................................................................................................................2

10

11

*Bernardo v. Planned Parenthood Fed'n of Amer.*,
    115 Cal. App. 4th 322, 9 Cal. Rptr. 3d 197 (Cal. Ct. App. 2004).........................13

12

*Bristow v. Lycoming Engines*,
    No. CIV. S-06-1947 LKK/GGH, 2007 WL 1106098 (E.D. Cal. Apr. 10, 2007) ...................18

13

14

*Butler v. eBay, Inc.*, Case No. C-06-2704 JW ..................................................................5

15

*Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*,
    2 Cal. 4th 342, 6 Cal. Rptr. 2d 467 (Cal. 1992) ...................................................7, 8

16

*Carpenson v. Najarian*,
    254 Cal.App.2d 856, 62 Cal.Rptr. 687 (Cal. Ct. App. 1967).....................................8

17

18

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
    20 Cal. 4th 163, 83 Cal. Rptr. 2d 548 (Cal. 1999) .......................................11, 12, 13

19

*Community Assisting Recovery, Inc. v. Aegis Security Ins. Co.*,
    92 Cal. App. 4th 886 (Cal. Ct. App. 2001) .............................................................9

20

21

*Diaz v. Allstate Ins. Group*,
    185 F.R.D. 581 (C.D. Cal. 1998) .........................................................................9, 13

22

*Erickson v. Pardus*,
    -- U.S. --, 127 S. Ct. 2197 (2007)............................................................................2

23

24

*Gerlinger v. Amazon.com, Inc.*,
    No. C 02-05238 MHP, 2005 WL 3681827 (N.D. Cal. Nov. 1, 2005) ....................15

25

*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (9th Cir. 1997).....................................................................................2

26

27

*Gregory v. Albertson's, Inc.*,
    104 Cal. App. 4th 845 (Cal. Ct. App. 2002) ..........................................................12

28

ii

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ................................................................................................ 16

*Herman v. Salomon Smith Barney, Inc.*,
   266 F. Supp. 2d 1208 (S.D. Cal. 2003) ................................................................................ 15

*Hydrick v. Hunter*,
   500 F.3d 978 (9th Cir. 2006) .................................................................................................. 2

*Juarez v. Arcadia Fin'l, Ltd.*,
   152 Cal. App. 4th 889, 61 Cal. Rptr. 3d 382 (Cal. Ct. App. 2007) ...................................... 16

*Keams v. Tempe Technical Institute, Inc.*,
   110 F.3d 44 (9th Cir. 1997) .................................................................................................... 4

*Kendall v. Ernest Pestana, Inc.*,
   40 Cal. 3d 488, 220 Cal. Rptr. 818 (Cal. Ct. App. 1985) ...................................................... 7

*Klein v. Earth Elements, Inc.*,
   59 Cal. App. 4th 965 (Cal. Ct. App. 1997) .................................................................... 13, 14

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (Cal. 2003) ...................................................... 15, 16

*Lauriedale Assocs., Ltd. v. Wilson*,
   7 Cal. App. 4th 1439, 9 Cal. Rptr. 2d 774 (Cal. Ct. App. 1992) .......................................... 17

*Locke v. Warner Bros., Inc.*,
   57 Cal. App. 4th 354, 66 Cal. Rptr. 2d 921 (Cal. Ct. App. 1997) .......................................... 7

*Los Angeles Equestrian Ctr., Inc. v. City of Los Angeles*,
   17 Cal. App. 4th 432, 21 Cal. Rptr. 2d 313 (Cal. Ct. App. 1993) .......................................... 7

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 112 S. Ct. 2130 (1992) .................................................................................. 15

*Marks v. Chicoine*,
   No. C 06-06806 SI, 2007 WL 1056779 (N.D. Cal. Apr. 6, 2007) .......................................... 2

*Marsu, B.V. v. Walt Disney Co.*,
   185 F.3d 932 (9th Cir. 1999) .................................................................................................. 7

*McBride v. Boughton*,
   123 Cal. App. 4th 379, 20 Cal. Rptr. 3d 115 (Cal. Ct. App. 2004) ...................................... 17

*McKell v. Washington Mutual, Inc.*,
   142 Cal. App. 4th 1457 (Cal. Ct. App. 2006) ...................................................................... 10

*Mercado v. Allstate Ins. Co.*,
   340 F.3d 824 (9th Cir. 2003) .......................................................................................... 9, 13

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
   46 Cal. 3d 287, 250 Cal. Rptr. 116 (Cal. 1988) .............................................................. 12, 13

iii

*Neal v. State Farm Ins. Cos.*,
  188 Cal. App. 2d 690, 10 Cal. Rptr. 781 (Cal. Ct. App. 1961)...................................................8

*Nordberg v. Trilegiant Corp.*,
  445 F. Supp. 2d 1082 (N.D. Cal. 2006) ...................................................17

*Parks School of Business, Inc. v. Symington*,
  51 F.3d 1480 (9th Cir. 1995)...................................................2

*Pastoria v. Nationwide Ins.*,
  112 Cal. App. 4th 1490, 6 Cal. Rptr. 3d 148 (Cal. Ct. App. 2003)..............................9, 11, 12

*Peloza v. Capistrano Unified School Dist.*,
  37 F.3d 517 (9th Cir. 1994)...................................................2

*Perdue v. Crocker Nat'l Bank*,
  38 Cal. 3d 913 (Cal. 1985) ...................................................8, 9

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
  167 F. Supp. 2d 1114 (C.D. Cal. 2001) ...................................................14

*Program Engineering, Inc. v. Triangle Publications, Inc.*,
  634 F.2d 1188 (9th Cir. 1980)...................................................4

*Progressive West Ins. Co. v. Superior Court*,
  135 Cal. App. 4th 263, 37 Cal. Rptr. 3d 434 (Cal. Ct. App. 2005)............................10, 11, 12

*Saunders v. Superior Court*,
  27 Cal. App. 4th 832 (Cal. Ct. App. 1994) ...................................................10

*Schnall v. Hertz Corp.*,
  78 Cal. App. 4th 1144 (Cal. Ct. App. 2000) ...................................................10

*Scripps Clinic v. Superior Court*,
  108 Cal. App. 4th 917 (Cal. Ct. App. 2003) ...................................................12

*Smith v. State Farm Mutual Automobile Ins. Co.*,
  93 Cal. App. 4th 700, 113 Cal. Rptr. 2d 399 (Cal. Ct. App. 2001)...................................11

*Textron Fin'l Corp. v. National Union Fire Ins. Co. of Pittsburgh*,
  118 Cal. App. 4th 1061, 13 Cal. Rptr. 3d 586 (Cal. Ct. App. 2004)..............................12, 13

*United States v. City of Redwood City*,
  640 F.2d 963 (9th Cir.1981)...................................................2

*Usher v. City of Los Angeles*,
  828 F.2d 556 (9th Cir. 1987)...................................................2

*Walker v. USAA Cas. Ins. Co.*,
  474 F. Supp. 2d 1168 (E.D. Cal. 2007)...................................................15, 16

*Wang v. Chinese Daily News, Inc.*,
  231 F.R.D. 602 (C.D. Cal. 2005) ...................................................16

iv

*Western Emulsions, Inc. v. BASF Corp.*,
  No. CV 05-5246 CBM (SSx), 2007 WL 1839718 (C.D. Cal. Jan. 19, 2007)..........................10

## STATUTES

CAL. BUS. & PROF. CODE § 17200 et seq. ............................................................................passim

CAL. BUS. & PROF. CODE § 17204 ................................................................................................14

CAL. BUS. & PROF. CODE § 17535 ................................................................................................14

CAL. CIV. CODE § 1652 ..................................................................................................................8

CAL. CIV. CODE § 1654 ..................................................................................................................8

CAL. CIV. PROC. CODE § 425.16(b)(1) .......................................................................................13

CAL. INS. CODE § 790 et seq. ...............................................................................................12, 13

## OTHER AUTHORITIES

Proposition 64, § 1 ......................................................................................................................14

Proposition 64, § 2 ......................................................................................................................14

Proposition 64, § 5 ......................................................................................................................14

## RULES

FED. R. CIV. P. 12(b)(6)...........................................................................................................2, 4, 9

FED. R. CIV. P. 56(f) .......................................................................................................................4

## CONSTITUTIONAL PROVISIONS

U.S. CONST., Art. III...............................................................................................................15, 16

1  **I.    INTRODUCTION**

2        This action arises from Defendant eBay, Inc.'s alleged unlawful and deceptive practices,

3  which it implements through its online portal eBay.com.  Plaintiff, The Missing Link, Inc. d/b/a

4  Bath Plus Inc., sells bathroom fixtures directly to customers on eBay.com.  Plaintiff alleges that

5  eBay committed wrongful conduct in selling advertisements, or "listings," on its website to

6  Plaintiff and other sellers.

7        First, with respect to the Listing Class, Plaintiff alleges that eBay made myriad

8  representations to Plaintiff and other sellers, including: (1) that Plaintiff could purchase listings

9  for 1, 3, 5, 7, or 10 days; (2) that such listings would last for the full duration purchased; and (3)

10  that such listings would begin "immediately."  Notwithstanding those representations, eBay made

11  the listings available for less than the contracted time period, and did not make listing

12  "immediately" available.  Even though Plaintiff and other sellers paid eBay for the full duration,

13  (for example a 1-day listing), the listing could not be viewed by purchasers for several hours, with

14  no adjustment made so that sellers received the full value of their listings.  However, eBay did not

15  disclose this delay in the duration of the listing periods to the Listing Class.  It even perpetuated

16  the deception through such practices as sending confirmatory emails to sellers with ticking clocks

17  showing that the listing duration had started counting down, when in fact the auction had not as

18  yet commenced.

19        Additionally, Plaintiff alleges unlawful conduct with respect to "Good 'Til Cancelled"

20  ("GUC") listings, which eBay represented as being good for an indefinite duration – until

21  cancelled by the seller, or until the item was sold.  To take advantage of the "Good 'Til

22  Cancelled" listings and the commensurate lower prices, eBay first required sellers to establish

23  virtual "stores" through eBay's website.  After Plaintiff and other members of the GUC Class set

24  up eBay.com "stores" and purchased GUC listings, eBay increased the fee schedule for these

25  listings.  eBay then unilaterally and retroactively applied those increased fees to the preexisting

26  GUC listings that Plaintiff purchased *before* eBay's notice of the fee increase.

27        Thus, Plaintiff challenges eBay's practices individually and as a seller.  In its

28  representative capacity, Plaintiff brings suit on behalf of those sellers in the Listing Class and

1

1  GUC Class.  eBay seeks to dismiss the complaint.  Its motion to dismiss is premised not on the

2  allegations of the complaint, but rather impermissibly relies on extrinsic evidence that eBay uses

3  in an attempt to refute Plaintiff's factual allegations.  As set forth below, Plaintiff's claims are

4  sufficiently pled, and the motion to dismiss should be denied in its entirety.  Alternatively, should

5  the Court grant any part of the motion to dismiss, Plaintiff contends that any shortcomings can be

6  cured by amendment, and respectfully requests leave to amend its Complaint.

7

8  **II.      LEGAL STANDARD FOR MOTIONS TO DISMISS**

9          Dismissal for failure to state a claim under Rule 12(b)(6) is disfavored.  *See Gilligan v.*

10  *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6)

11  dismissals are reserved for "extraordinary" cases.  *United States v. City of Redwood City*, 640

12  F.2d 963, 966 (9th Cir.1981).  On a motion to dismiss, the complaint must be construed in the

13  light most favorable to the plaintiff.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480,

14  1484 (9th Cir. 1995).  All reasonable inferences are to be drawn in the plaintiff's favor.  *Marks v.*

15  *Chicoine*, No. C 06-06806 SI, 2007 WL 1056779, *3 (N.D. Cal. Apr. 6, 2007) (citing *Usher v.*

16  *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).  General allegations must be assumed to

17  embrace any specific facts needed to support them.  *Peloza v. Capistrano Unified School Dist.*, 37

18  F.3d 517, 521 (9th Cir. 1994).  Rule 12(b)(6) motions do not question whether a plaintiff will

19  ultimately be able to prevail on the merits – only whether the plaintiff is entitled to offer evidence

20  to support the claims.  *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2006).  Thus, a complaint

21  should not be dismissed if the factual allegations state a right to relief.  *Bell Atlantic Corp. v.*

22  *Twombly*, -- U.S. --, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  "[W]hen ruling on a

23  defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained

24  in the complaint."  *Erickson v. Pardus*, -- U.S. --, 127 S. Ct. 2197, 2200 (2007).  Even in those

25  cases where dismissal is granted, leave should be granted to amend the complaint.  "[A] district

26  court should grant leave to amend even if no request to amend the pleadings was made, unless it

27  determines that the pleading could not possibly be cured by the allegation of other facts."  *Doe v.*

28  *United States*, 58 F.3d 494, 497 (9th Cir.1995) (citations omitted).

III.    **LEGAL ANALYSIS**

A.    **Plaintiff Has Adequately Pled The Breach Of Contract Claim**

1.    **eBay Did Not Disclose That Its Listings Would Be Delayed By Several Hours**

eBay sells "listings," which are essentially advertisements.  Sellers buy the listings to advertise and sell their products to potential buyers.  (Compl., ¶¶ 4, 16.)  Plaintiff alleges that eBay breached its standardized contracts with the members of the Listing Class, who purchased listings for discrete periods of time – between one and ten days.  (Compl., ¶¶ 46, 50.)  Pursuant to the terms of eBay's agreement (*e.g.* as posted on eBay's "Sell Your Item" form which Plaintiff and other sellers complete when buying a listing), these listings were supposed to have been for fixed durations, for example one, three, five, seven, or ten days.  (Compl., ¶ 46.)  Moreover, eBay represents that the specified durations are exact, to the nearest minute, which sellers reasonably believe to mean that the listings they have purchased will actually available to buyers for that time period.  They also reasonably believe the representations that, unless otherwise selected, the listings will begin "immediately."  (Compl., ¶¶ 26-27.)  However, eBay failed to honor these representations **and** failed to provide the listing services for the full duration for which the Listing Class had contracted.  (Compl., ¶¶ 9, 48-50.)

Despite these well-pled facts, which fully support the breach of contract claim, eBay contends that the contract claim should be dismissed.  eBay claims that dismissal is warranted because its contracts supposedly disclose "that listings are not immediately searchable . . . ."  (Mot. Dismiss, at 6.)  eBay does not, and cannot, point to any portion of the complaint to support its contention.[1]  Instead, eBay attempts to contradict the factual allegations of the complaint by impermissibly introducing extrinsic evidence.[2]  This material cannot be properly considered

---

[1] In its memorandum in support of the motion to dismiss, eBay incorrectly cites two paragraphs of the Complaint as setting forth the purported disclosures.  (Mot. Dismiss, at 7:4.)  However, the Complaint does not set forth the quoted passages.  Instead, it is eBay's extrinsic evidence, cited in a footnote, that is the source of the quoted language.  (Mot. Dismiss, at 7 n.16.)

[2] *See* Declaration of Heather C. Meserry in Support of Defendant eBay Inc.'s Request for Judicial Notice (the "Meserry Decl.") and exhibits attached thereto.

3

1   through a Rule 12(b)(6) motion,[3] unless it is converted into a motion for summary judgment.

2   FED. R. CIV. P. 12(b); *Kearns v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997).

3   Further, summary judgment would be inappropriate because no discovery has yet taken place,

4   which precludes Plaintiff from meeting the evidentiary challenges required of Rule 56. FED. R.

5   CIV. P. 56(f); *Program Engineering, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188, 1193 (9th

6   Cir. 1980).

7       Even if such materials were appropriate for a Rule 12(b)(6) motion – and they most

8   certainly are not – they still do not support dismissal of the complaint. eBay submits three

9   versions of its User's Agreement, with effective dates ranging from May 2003 to July 2007. (*See*

10  Meservy Decl., Exhs. A, I, J.). None of these agreements contains the express disclosure that

11  eBay avers it made to the Listing Class. Rather, the "disclosures" alleged by eBay are found

12  scattered in various web pages on eBay's site. These web pages offered by eBay are undated, and

13  there is no indication as to when they were created. The only indications of date show that they

14  were printed in late October or early November 2007. (*See* Meservy Decl., Exhs. C, G (bearing

15  date stamp of November 13, 2007).) Thus, the fact that eBay may have, as of November 13,

16  2007, included a "Note" on one of its web pages that a listing "may not immediately be

17  searchable" after a seller buys a listing has no bearing on pre-litigation conduct or the legal

18  consequences of that conduct. (*See* Meservy Decl., Exh. C.).

19      Even more improper is eBay's claim that sellers are warned of possible delays before they

20  finalize the purchase of their listings. By way of additional impermissible extrinsic evidence,

21  eBay offers testimony as to post-litigation investigations of its counsel to contradict the

22  allegations of the complaint. eBay's counsel submits a statement that she visited eBay's site on

23  November 1, 2007, to simulate "the process a seller would go through to sell a hypothetical

24  'Curved Shower Rod' such as the one allegedly sold by Plaintiff . . . ." (Meservy Decl., ¶ 12.)

25  Moreover, eBay's suggestion that any events taking place in November 2007 have any probative

26  value on pre-litigation facts defies reason. Such tactics do not demonstrate that Plaintiff will not

27  be able to make any showing to support the breach of contract claim, and falls well short of

28  ─────────────
    [3] *See* Plaintiff's Objections To Defendant's Request For Judicial Notice, concurrently filed with
    this Opposition.

4

1   meeting Rule 12 standards.  In any event, eBay's offer of this extrinsic material is plainly an

2   improper basis for a Rule 12 motion, as it goes beyond the pleadings.

3

4           **2.      In Other Litigation Before This District, eBay Virtually Conceded
                      That It Had Failed To Inform Sellers Of Listing Delays**

5

6           Moreover, eBay's extrinsic evidence (even if it could properly be judicially noticed) only

7   confirms the impropriety of the motion to dismiss.  One of eBay's proffered exhibits

8   demonstrates that there are factual and evidentiary issues regarding its purported disclosures that

9   must be developed in discovery.  eBay submits a joint stipulation of dismissal and order dated

10  February 21, 2007 (the "Stipulation and Order") from *Butler v. eBay, Inc.*, Case No. C-06-2704

11  JW, a now-closed case which was previously pending in this District.  The *Butler* Stipulation and

12  Order memorializes a settlement that eBay entered into after it had already committed the

13  unlawful acts alleged in the Complaint at bar.  As part of the settlement, eBay agreed to insert

14  purportedly appropriate disclosures of its listing delays on its website.  Specifically, the

15  Stipulation and Order recites that by about May 16, 2007, eBay would:

16          place upon its website (www.ebay.com, the "Website") appropriate cautionary
            language advising sellers who list items for sale on the Website of the following:
17          "Your listing may not appear on the Website immediately upon insertion, and in
            fact may be delayed from several hours to upwards of an entire day. . . .
18          Accordingly, when selecting a listing duration from the options given, please
            understand that the actual length of a listing available on the Website will be less
19          than the literal duration selected" (such language shall be referred to herein for
            brevity as the "Disclaimer").
20

21  (Stipulation and Order, ¶ 2, at 2-3.)[4]

22          The Stipulation and Order further recites that eBay, due to the "dynamic and changing

23  nature" of its website, may unilaterally vary the language of its disclaimer, or discontinue it

24  altogether, and that "[t]he location of the Disclaimer on the Website and page flows therein shall

25  be at eBay's sole and complete discretion."  (*Id.*)  Thus, eBay's exhibit refutes the notion that

26  eBay made any disclosures to the Listing Class during the relevant time periods.  eBay's

27  audacious position that disclosures were contemporaneously made, despite its very recent

28  ────────────────
    [4] Attached as Meserwy Decl. Exh. M.

                                          5

agreement, in February 2007, to publish better disclosures cannot be countenanced. eBay's attempt to dismiss the breach of contract claims based on these disclosures should therefore be rejected.

### 3. eBay Was Not Authorized To Make Unilateral Changes To Agreed-To Terms Of Already Existing Listings and Did Not Adequately Disclose Its Unilateral Rate Increases To The GUC Class

eBay also challenges the breach of contract claim as to the GUC class. eBay argues that its User Agreement grants eBay the unilateral right to increase the rates it charges for its listing services, and that this provision of the contract forecloses the GUC class's contract claim. Its contentions should be rejected.

First, eBay misconstrues the allegations of the complaint. The alleged misconduct is not that eBay announced a fee and rate increase on or about July 19, 2006, but rather that eBay chose to apply that increase retroactively, i.e. to store listings that Plaintiff purchased *before* that date. (Compl., ¶ 38-39.) These pre-existing "Good 'Til Cancelled" listings were covered by express provisions stating that the purchases would remain in effect (at the agreed-upon rate and fee terms) until the seller cancelled them, or until all the items were sold. (Compl., ¶¶ 72, 74.) eBay touted these lower prices in aid of inducing sellers to spend time and money to establish virtual "stores" through which the reduced "Good 'Til Cancelled" listings could be purchased. (Compl., ¶¶ 34, 37.) Even though the members of the GUC Class had already contracted for the lower rates, which were to remain in effect until the seller cancelled the listing or the item was sold, eBay retroactively changed the terms of those agreements, increasing prices as much as 500 percent. (Compl., ¶¶ 39-41, 74, 75.)

Second, eBay argues that the breach of contract claim as to the GUC Class should be dismissed because eBay had the right under the User Agreement to alter its listing prices unilaterally. (Mot. Dismiss, 7-8.) All that eBay points to, however, is a provision of the User Agreement under which eBay must give 14 days' notice before it can increase prices for its listing services. This provision does not authorize the *retroactive* changes that eBay made to existing GUC listings; eBay's fee increase would have been applicable to new listings purchased 14 days

6

1    after its announcement.  Moreover, that provision did not allow eBay to rewrite the agreed-to

2    terms of existing Good 'Til Cancelled listings.

3

4            **4.    Even If There Were Contractual Terms Authorizing eBay's Alleged**
             **Misconduct, Dismissal Would Be Improper**
5

6            Further, even if eBay's expansive reading of its own contracts could be countenanced, and

7    assuming for the sake of argument that there is no literal breach of the contract, dismissal would

8    still be improper.  "It is settled that in 'every contract there is an implied covenant that neither

9    party shall do anything which will have the effect of destroying or injuring the right of the other

10   party to receive the fruits of the contract . . . .'"  *Locke v. Warner Bros., Inc.*, 57 Cal. App. 4th

11   354, 363, 66 Cal. Rptr. 2d 921 (Cal. Ct. App. 1997) (quoting *Kendall v. Ernest Pestana, Inc.*, 40

12   Cal. 3d 488, 500, 220 Cal. Rptr. 818 (Cal. Ct. App. 1985)).  Plaintiff alleges that eBay, in addition

13   to breaching the contract, breached its duty of good faith and fair dealing.  (Compl., ¶¶ 80-81.)

14   "A 'breach of a specific provision of the contract is not a necessary prerequisite' to a breach of an

15   implied covenant of good faith and fair dealing."  *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932,

16   937 (9th Cir. 1999) (quoting *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342,

17   371, 6 Cal. Rptr. 2d 467 (Cal. 1992)).  The implied covenant of good faith and fair dealing

18   operates "'to prevent a contracting party from engaging in conduct which (while not technically

19   transgressing the express covenant) frustrates the other party's rights of the benefits of the

20   contract.'"  *Id.* at 937-38 (quoting *Los Angeles Equestrian Ctr., Inc. v. City of Los Angeles*, 17

21   Cal. App. 4th 432, 447, 21 Cal. Rptr. 2d 313 (Cal. Ct. App. 1993)).

22           eBay's own authorities are not to the contrary.  "[W]here a contract confers on one party a

23   discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion

24   in good faith and in accordance with fair dealing."  *Automatic Vending Co. v. Wisdom*, 182 Cal.

25   App. 2d 354, 358, 6 Cal. Rptr. 31 (Cal. Ct. App. 1960) (internal quotations omitted) (alteration in

26   original).  The duty of good faith and fair dealing applies to contract provisions granting one party

27   the right to control the amount to be paid.  *Id.*

28   ///

Also, the covenant of good faith and fair dealing is not susceptible to a bright-line rule, and is determined on a case-by-case basis. *See Carma*, 2 Cal. 4th at 372-73. Given the fact-specific nature of this claim, it should not be adjudicated at the pleadings stage.

Additionally, assuming arguendo that a provision of the User Agreement cited by eBay can be read, under one view, to generally authorize a price increase for eBay's services with proper notice, including the Good Until Cancelled listings in question, specific terms of the contract for the purchase of a GUC listing require the price of GUC listings ordered prior to a notice of price increase to remain the same – i.e., at 2 cents per 30 days until sold or cancelled by the seller. (Compl., ¶ 37.) As such, eBay has breached its contract, and its duty of good faith and fair dealing, for at least two reasons. This is because specific contract terms control over generally applicable terms. CAL. CIV. CODE § 1652; *Carpenson v. Najarian*, 254 Cal.App.2d 856, 867, 62 Cal.Rptr. 687 (Cal. Ct. App. 1967); *Jackson v. Donovan*, 215 Cal. App. 2d 685, 691, 30 Cal. Rptr. 755 (Cal. Ct. App. 1963). Moreover, contract terms susceptible to more than one meaning should be interpreted against the drafter of such a standardized contract, particularly so in the case of adhesion contracts. *See* CAL. CIV. CODE § 1654; *Badie v. Bank of Amer.*, 67 Cal. App. 4th 779, 801, 79 Cal. Rptr. 2d 273 (Cal. Ct. App. 1998); *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690, 695, 10 Cal. Rptr. 781 (Cal. Ct. App. 1961).

Finally, Plaintiff challenges eBay's rate increases as unreasonable and unconscionable, as offered on a take-it-or-leave it basis. (Compl., ¶ 81.) The existence of unilateral power over a transaction and one-sided dealings, purportedly pursuant to a contract, brings the conscionability of the contract into question. *See Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 928-29 (Cal. 1985). In *Perdue*, the defendant was a bank whose check processing charges were challenged. *Id.* at 507-08. Customers were required to sign a signature card, and by doing so agreed to be bound to certain contractual provisions determined by the bank, including all of its "rules, regulations, practices and charges . . . ." *Id.* at 928. Those rules, regulations, practices and charges, however, were not included with the signature card. *Id.* Moreover, the defendant "reserve[d] the power to change its practices and fees at any time, subject only to the notice requirements of state law." *Id.* Given these facts, the *Perdue* court held that the case could not be

8

dismissed at the pleading stage and that the parties were entitled to "a reasonable opportunity to present evidence as to the commercial setting, purpose, and effect of the [challenged practices] in order to determine whether the charge is unconscionable." *Id.* at 928-29. Because disputed issues of fact arise from the breach of contract claims, "a Motion to Dismiss under Rule 12(b)(6) is inappropriate." *Abels v. JBC Legal Group, P.C.*, 434 F. Supp. 2d 763, 766 (N.D. Cal. 2006).

### B.    The Unfair Competition Claims Are Adequately Pled

The Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200 et seq., "borrows" violations of other laws and provides a right of action for unlawful, unfair, or fraudulent business practices. *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 594 (C.D. Cal. 1998). The predicate act can be a violation of statutory or common law. *Id.*; *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 828 n.3 (9th Cir. 2003). Under California law, "what is unfair or fraudulent, unlike unlawfulness, is a question of fact, which involves an equitable weighing of all the circumstances, a process which usually precludes the court from sustaining a demurrer." *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (Cal. Ct. App. 2006) (quoting *Community Assisting Recovery, Inc. v. Aegis Security Ins. Co.*, 92 Cal. App. 4th 886, 894-95 (Cal. Ct. App. 2001)). Therefore, Plaintiff's UCL claim, premised on the fraudulent and unfair prongs, (Compl., ¶ 63), requires a weighing of circumstances – a determination that cannot be made at the pleading stage. Because the complaint sets forth allegations that, if proven, would establish fraudulent and unfair conduct under the UCL, the motion to dismiss should be denied.

### 1.    The Complaint Sets Forth Sufficient Factual Allegations Concerning eBay's Fraudulent Conduct

"Fraudulent" conduct under the UCL requires a lesser showing of fraud than common law fraud. All that is required is an allegation that Plaintiff, or members of the public, were misled by the fraudulent conduct. *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1498, 6 Cal. Rptr. 3d 148 (Cal. Ct. App. 2003). That requirement is met here in several ways. As set forth above, Plaintiff alleges that eBay took part in misconduct, including, for example, in posting listings for

9

shoppers for less than the duration it represented on its standardized purchase form (the "Sell Your Item Form"), and in failing to "immediately" make listings searchable by buyers, despite confirmatory emails deceptively showing the progress of the immediate listing by way of a ticking clock supposedly indicating the time remaining on each listing, to the minute.  Plaintiff alleges that it and other members of the Class were likewise misled by this conduct.  (Compl., ¶¶ 27-29, 58-59.)  Plaintiff, therefore, has adequately pled fraudulent conduct sufficient to support its UCL claim.  *See Western Emulsions, Inc. v. BASF Corp.*, No. CV 05-5246 CBM (SSx), 2007 WL 1839718, *7 (C.D. Cal. Jan. 19, 2007); *see also Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 284-85, 37 Cal. Rptr. 3d 434 (Cal. Ct. App. 2005) (finding sufficient claim based on allegations that company asserted right to more than it was entitled to under contract and misled insureds as to contractual rights).  Therefore, the motion to dismiss the fraudulent prong of the UCL claim should be denied.  *See Marks*, 2007 WL 1056779, at *6.

Denial of the motion to dismiss is all the more appropriate because "[w]hether a practice is deceptive or fraudulent 'cannot be mechanically determined under the relatively rigid legal rules applicable to the sustaining or overruling of a demurrer.'"  *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1472 (Cal. Ct. App. 2006) (quoting *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (Cal. Ct. App. 2000)).

### 2.     The Complaint Sets Forth Sufficient Factual Allegations Of eBay's Unfair Conduct

eBay's second attack on the UCL claim, in which it asserts that the "unfair" claim is inadequately pled, is without merit and should also be rejected.  First, "[a]s with the determination whether a practice is fraudulent, the determination whether it is unfair is one of fact which requires a review of the evidence from both parties. . . .  It thus cannot usually be made on demurrer."  *McKell*, 142 Cal. App. 4th at 1473 (citing *Schnall*, 78 Cal. App. 4th at 1167; *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 841 (Cal. Ct. App. 1994)).

///

///

10

1   Defendant attempts to lend support to its position by misapplying California law.

2   Defendant urges that the standard for UCL claims between competitors, set forth in *Cel-Tech*

3   *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 83 Cal. Rptr. 2d

4   548 (Cal. 1999), should be applied to consumer claims.  Under *Cel-Tech*, a competitor alleging

5   anticompetitive practices must plead an "incipient violation" of an antitrust law or the "policy or

6   spirit" of one of those laws.  *Id.* at 186-87.  The California Supreme Court *specifically excluded*

7   *consumer actions* and competitor claims alleging fraudulent or unlawful business practices from

8   the *Cel-Tech* standard.  *Id.* at 187 n. 12.  Following *Cel-Tech*, appellate courts formulated a

9   separate standard for cases not involving competitors' anticompetitive practice claims.  The

10  standard for unfairness in consumer claims requires a weighing of the relative interests involved:

11  the impact of an alleged unfair practice on its victims on the one hand, and the alleged

12  wrongdoer's justifications and motives on the other.  *Smith v. State Farm Mutual Automobile Ins.*

13  *Co.*, 93 Cal. App. 4th 700, 718, 113 Cal. Rptr. 2d 399 (Cal. Ct. App. 2001).  California courts

14  have adopted the *Smith* standard in UCL "unfair" consumer claims.  *See Pastoria*, 112 Cal. App.

15  4th at 1498 ("We agree that this test should be applied in the case before us.  Doing so, we find

16  that there may be actionable unfairness.").

17  Additionally,  although state Courts of Appeal have struggled with the scope of *Cel-Tech*,

18  more recent authorities have continued to apply the balancing test to non-anticompetitive conduct

19  claims.  *Progressive West*, 135 Cal. App. 4th at 286.  One court recently reasoned:

20      We conclude that the balancing test should continue to apply in consumer
21      cases.  In *Cel-Tech*, the Supreme Court declined to extend its more narrow
        test to consumer cases.  Moreover, it has yet to do so in the six years since
22      that decision was announced.

23  *Id.*

24  The *Progressive West* court adopted the balancing test and held that conduct could satisfy

25  the UCL's "unfair" prong if it was "immoral, unethical, oppressive, unscrupulous or substantially

26  injurious to consumers."  *Id.* at 286 (quoting *Smith*, 93 Cal. App. 4th at 718) (internal quotations

27  omitted).  The alleged "unfair" conduct in that case was the defendant's pattern and practice of

28  misleading its insureds in connection with its insurance policies.  *Id.*  The *Progressive West* court

11

found that the alleged practice could constitute an unfair business practice, and that dismissal at the pleading stage was inappropriate where "[t]he facts and evidence have not yet been adduced." *Id.* at 287.

Likewise, this case is only in the pleading stage, and facts and evidence have not as yet been developed. It is thus impossible to make the required factual findings as to eBay's conduct alleged in the Complaint. For example, the Court cannot determine whether eBay's concerted efforts to glean extra dollars from its vast vault of seller's credit card numbers and checking accounts is unethical and unscrupulous or substantially injures consumers. This procedural posture makes it impossible to conduct the required weighing of interests and dismissal is improper. *Pastoria*, 112 Cal. App. 4th at 1498-99; *see also Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 853-54 (Cal. Ct. App. 2002) (refusing to apply *Cel-Tech* to consumer context, notwithstanding view that *Cel-Tech* "may signal a narrower interpretation" in certain situations).

Moreover, the authorities that eBay cites do not support its arguments. In *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917 (Cal. Ct. App. 2003), the court applied *Cel-Tech* to a claim alleging an "unfair" UCL violation premised on public policy. *Id.* at 940. The *Scripps* court relied on a statement in *Gregory* that: "where a claim of an unfair act or practice is predicated on public policy, we read *Cel-Tech* to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions.'" *Id.*; *Gregory*, 104 Cal. App. 4th at 854. That reasoning is inapplicable because Plaintiff's UCL claim is not premised on a public policy violation.

eBay's reliance on *Textron Financial Corporation v. National Union Fire Insurance Company of Pittsburgh*, 118 Cal. App. 4th 1061, 13 Cal. Rptr. 3d 586 (Cal. Ct. App. 2004), is similarly misplaced. In *Textron*, the UCL claim was premised on conduct that was covered by the Unfair Insurance Practices Act ("UIPA"), CAL. INS. CODE § 790 et seq., a statute for which the California Supreme Court has interpreted as providing no private right of action. *Id.* at 1070 (following *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 250 Cal. Rptr. 116 (Cal. 1988)). The *Textron* court found that the UCL could not be used to circumvent the prohibition of a private right of action under the UIPA. *Id.* at 1070-71. The *Textron* court noted in passing that

12

1    *Cel-Tech*'s disapproval of an "unfair" standard premised on public policy, common law principles

2    could not be used to circumvent the express limitations of the UIPA. *Id.* at 1072. *Textron*'s

3    limitations on insurance industry practices have no import in this case, where there is no statutory

4    safe harbor such as the UIPA. Indeed, eBay's claim that common law theories cannot support a

5    UCL claim is contrary to binding precedent. The Ninth Circuit has found that "California courts

6    have not foreclosed common law theories as a basis for actions pursuant to § 17200." *Mercado*,

7    340 F.3d at 828 n.3 (citing *Moradi-Shalal*, 46 Cal. 3d at 304-05; *Diaz*, 185 F.R.D. at 594-95).

8        Further, *Bernardo v. Planned Parenthood Fed'n of Amer.*, 115 Cal. App. 4th 322, 9 Cal.

9    Rptr. 3d 197 (Cal. Ct. App. 2004), does not support eBay's contention. In *Bernardo*, the

10   plaintiffs attempted to enjoin Planned Parenthood from posting information on its website that

11   abortion was safe and that there was no medical evidence to show a link between abortion and

12   breast cancer. *Id.* at 327-28. The *Bernardo* court found that the complaint was properly

13   dismissed under the California anti-SLAPP statute because the challenged speech was opinion

14   and non-commercial speech protected by the First Amendment, and the allegation of deception

15   was premised on an unsupported premise that there was an established scientific link between

16   abortions and breast cancer. *Id.* at 342. Because of these fundamental shortcomings, the

17   *Bernardo* court affirmed dismissal because there was no theory on which the plaintiffs could state

18   a UCL claim. *See id.* at 352-55 (analyzing both "unfair" and "fraudulent" prongs of UCL). As to

19   unfairness, the court found that Planned Parenthood's speech did not violate any public policy

20   tethered to any constitutional, statutory or regulatory provision. *Id.* at 353-54. Further, because

21   the speech was not deceptive, plaintiffs could not show that there was a deceptive or sharp

22   practice. *Id.* at 354-55. Also, because *Bernardo* involved dismissal under the anti-SLAPP

23   statute, the claims were subject to heightened scrutiny, and the plaintiffs were required to show a

24   probability of prevailing on their claims. *Id.* at 341; CAL. CIV. PROC. CODE § 425.16(b)(1). That

25   heightened standard does not apply in this case.

26       Lastly, eBay's contention that the UCL "fairness" claim is inadequately pled under the

27   balancing test should be rejected. In *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 967-68

28   (Cal. Ct. App. 1997). In *Klein*, the defendant's demurrer to the complaint was overruled. Only

13

1    after discovery took place, and evidence produced, was the court able to conduct the balancing of

2    interests.  *Id.*  The evidentiary record, fully developed after discovery, reflected that the

3    defendant, a manufacturer of pet food, was unaware that its products had been contaminated and

4    once informed had acted immediately to recall its pet food.  *Id.*  Because the evidence showed

5    that the defendant's manufacturing of contaminated pet food was accidental and quickly

6    remedied, the court found no unfair conduct.  *Id.* at 969-70.  By contrast, Plaintiff alleges that

7    eBay acted intentionally and fraudulently.

8         In any event, as set forth above, the UCL claim is, at minimum, sufficient based on the

9    "fraudulent" prong.  Therefore, even if the unfair theory was insufficient, the viability of the

10   fraudulent theory, "if nothing else – [is] enough to defeat the motion to dismiss."  *Perfect 10, Inc.*

11   *v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1124 (C.D. Cal. 2001).

12

13         **3.    Plaintiff Has Adequately Pled Facts To Establish Standing To Pursue**
              **the UCL Claim**

14

15         Finally, eBay argues that the UCL claim should be dismissed because Plaintiff has not

16   suffered an "injury in fact."  (Mot. Dismiss, 11-12) (citing CAL. BUS. & PROF. CODE §§ 17204,

17   17535).  eBay's reliance on the "injury in fact" requirement, which was recently added to the

18   UCL through the passage of Proposition 64, is misplaced.  *See* Proposition 64, § 2 (amending

19   CAL. BUS. & PROF. CODE § 17204); Proposition 64, § 5 (amending CAL. BUS. & PROF. CODE §

20   17535).  The amendments effectuated by Proposition 64 were motivated in large part by now-

21   infamous "shakedown" lawsuits meant to extort "nuisance value" settlements.  Proposition 64, §

22   1.  A complete review of the amendment reveals the shakiness of Defendants' contention.  The

23   purpose of the "injury in fact" language is expressly set forth in Section 1 of Proposition 64:

24         It is the intent of the California voters in enacting this act to prohibit private
           attorneys from filing lawsuits for unfair competition where they have no client

25         who has been injured in fact under the standing requirements of the United States
           Constitution.

26

27   Proposition 64, § 1(e).

28   ///

1   As the above text unequivocally evidences, the purpose behind the changes was to

2   eliminate the more relaxed standing previously available to "private attorney generals" under the

3   UCL.  After Proposition 64, the UCL now requires standing in line with Constitutional standing

4   as reflected in the case-or-controversy requirement of Article III.  U.S. CONST., Art. III; *Lujan v.*

5   *Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992); *Gerlinger v.*

6   *Amazon.com, Inc.*, No. C 02-05238 MHP, 2005 WL 3681827, *3-4 (N.D. Cal. Nov. 1, 2005).

7   Article III standing is comprised of three elements: (1) an injury in fact – that is, an invasion of a

8   legally protected interest that is both "concrete and particularized" and "actual or imminent;" (2)

9   a causal connection between the injury and complained of conduct; and (3) likelihood that a

10  favorable decision will redress the injury.  *Lujan*, 504 U.S. at 560-61.

11  Here, Plaintiff's factual allegations meet this standing requirement.  Plaintiff alleges eBay

12  charged it and the Listing Class for fixed listing periods, but that it failed to provide services for

13  the full duration as contracted.  (Compl. ¶¶ 22-33.)  Plaintiff also alleges that eBay wrongfully

14  increased the listing rates for "Good 'Til Cancelled" listings purchased.  (Compl. ¶¶ 34-44.)  eBay

15  requires sellers like Plaintiff to establish accounts, and eBay automatically debits sellers'

16  accounts.  (Compl. ¶ 20.)  These facts establish an injury in fact.  Loss of money or property for

17  purposes of the UCL requires only that a plaintiff had either prior possession or *a vested legal*

18  *interest* in money or property.  *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172

19  (E.D. Cal. 2007) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149-50,

20  131 Cal. Rptr. 2d 29 (Cal. 2003)).  Plaintiff has alleged an injury, lost sales opportunities for the

21  Listing Class and incurred impermissible increases in fees and costs for the GUC Class, which

22  satisfies UCL and Article III standing.  *Cf. Gerlinger*, 2005 WL 3681827, at *3 (finding lack of

23  standing under both UCL and Article III where no injury in fact alleged); *Herman v. Salomon*

24  *Smith Barney, Inc.*, 266 F. Supp. 2d 1208, 1210 (S.D. Cal. 2003) (same).

25  eBay's attempt to shoe-horn Plaintiff's claims into an incompatible mold of lack of injury

26  in fact is unavailing.  In *Walker*, the plaintiff was in the business of auto body repair, and claimed

27  that the defendant insurance company wrongfully refused to pay his estimates for auto repairs,

28  which had unspecified hourly repair rates.  *Id.* at 1170-71.  The plaintiff agreed to make repairs

15

for lower compensation to avoid losing business to lower priced competitors. *Id.* The plaintiff acknowledged that he had no prior possession of any money or property, and claimed only that he had a vested interest in his higher-priced initial repair estimates. *Id.* at 1172-73. *Walker* is inapposite to this case, where Plaintiff alleges prior possession of money, and an actual injury resulting from that interest. Indeed, *Walker* relied on *Korea Supply*, a case in which the plaintiff's injury was based on nothing more than an expectation in potential commissions. *Korea Supply*, 29 Cal. 4th at 1149. The plaintiff in *Korea Supply* represented a manufacturer of military equipment in negotiations with the Republic of Korea. In exchange for successfully negotiating a deal, the plaintiff would have received a commission of over $30 million. *Id.* at 1141. The plaintiff was unsuccessful in brokering a deal for its client, and the Republic of Korea accepted a competing bid. The competing bid was accepted because of bribes and sexual favors that had been offered to Korean officials. *Id.* at 1141-42. The plaintiff brought a UCL claim, even though it had never paid any money to, and never expected repayment from, the defendant. Because of this attenuated relationship, the claimed injury was at most "a contingent expectancy of payment from a third party." *Id.* at 1149-50.

Thus, findings of no injury in fact under the UCL have been reserved for those situations where the plaintiff has lost no money – just an expectation of profit – and where the theory of liability rested on a tenuous relationship between the parties. "That is not the case here. The monies the [Plaintiff] in this case seek[s] to recover are monies that [defendant] is alleged to have wrongfully collected . . . ." *Juarez v. Arcadia Fin'l, Ltd.*, 152 Cal. App. 4th 889, 917, 61 Cal. Rptr. 3d 382 (Cal. Ct. App. 2007). The factual allegations of the complaint bear no resemblance to the cases on which eBay would have this court rely.

Further, as a practical matter, Proposition 64's elimination of the "private attorney general" provision under prior versions of the UCL has no effect on this case. Article III standing has always been required of plaintiffs in federal court, including those asserting UCL claims. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004). There is also nothing novel about claims like the ones in this case being brought in federal court. *See, e.g., Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 604-05 (C.D. Cal. 2005) (certifying class of

16

employees asserting UCL and Labor Code claims).  eBay's characterization of Proposition 64's

injury in fact requirement as ousting Plaintiff of standing, or its suggestion that Plaintiff otherwise

lack Article III standing, is incredulous.

### C.    The Unjust Enrichment Claim Is Sufficient

Numerous courts have found claims for "unjust enrichment" viable.  As a court of this

District pointed out:

> Notwithstanding the apparent confusion over the viability of a cause of action for
> unjust enrichment, for the most part, courts finding that California does not allow
> an "unjust enrichment" cause of action have made essentially semantic
> arguments—focusing on the interrelationship between the legal doctrine of unjust
> enrichment and the legal remedy of restitution.

*Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (citing *Lauriedale*

*Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448, 9 Cal. Rptr. 2d 774 (Cal. Ct. App. 1992);

*McBride v. Boughton*, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115 (Cal. Ct. App. 2004)).

However, this "apparent confusion" did not bar the unjust enrichment claim.  As Judge Patel

wrote in *Nordberg*,

> [I]n both *McBride* and *Lauriedale*, cases upon which defendants strongly rely, the
> courts found that although labeled "unjust enrichment," the causes of action could
> be understood as claims for restitution.  This is precisely the situation in the
> present action.  Although their Eighth cause of action is entitled "unjust
> enrichment" it is clear that plaintiffs are seeking restitution.

*Id.* (footnote omitted).

Further, in *Nordberg*, the plaintiffs alleged that the defendants benefited from fraudulent

conduct and sought restitution.  *Id.*  Plaintiff makes the same allegations here.  The unjust

enrichment claim "is rooted in Ebay's fraudulent conduct," (Compl., ¶ 66), the result of which

was that eBay unjustly retained money from Plaintiff, (*id.*, ¶ 69), and seeks an award of

restitution.  (*Id.*, ¶ 70.)

It is also irrelevant that the same relief may be sought under Plaintiff's UCL claim.

Although the restitution claim "may ultimately be superfluous" to the UCL claim, "it is

inappropriate at the motion to dismiss stage to make that determination, as plaintiff[] may prevail

in one cause of action and not in the other."  *Nordberg*, 445 F. Supp. 2d at 1101.  There is nothing

17

1   inconsistent with these causes of action, and dismissal is unwarranted. *See Bristow v. Lycoming*

2   *Engines*, No. CIV. S-06-1947 LKK/GGH, 2007 WL 1106098, *7 (E.D. Cal. Apr. 10, 2007)

3   (finding defendant's argument that unjust enrichment unavailable under UCL was "one of form,

4   rather than substance.").

5

6   **IV.    CONCLUSION**

7          As discussed above, eBay's motion to dismiss is deficient.  It is premised on unsound

8   legal reasoning, and rests on extrinsic evidence that is not properly considered on a motion to

9   dismiss.  Accordingly, the motion to dismiss should be denied in its entirety.[5]

10

11                                            Respectfully submitted,

12  Dated: February 22, 2008                  MARKUN ZUSMAN & COMPTON LLP
                                              DAVID S. MARKUN (108067)
13                                            EDWARD S. ZUSMAN (154366)
                                              KEVIN K. ENG (209036)
14

15                                            By:  /s/ Kevin K. Eng_____
                                                   KEVIN K. ENG
16
                                              Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28
_____
[5] Should the Court nonetheless grant any part of the motion to dismiss, Plaintiff contends that any
shortcomings can be cured by amendment, and respectfully requests leave to amend.

18