Edward S. Zusman (SBN 154366)
Kevin K. Eng (SBN 209036)
MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

Ilan Chorowsky (Admitted Pro Hac Vice)
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610
Telephone: (312) 643-5893
Facsimile: (312) 643-5894

Frank Jablonski (Admitted Pro Hac Vice)
Progressive Law Group LLC
354 W. Main Street
Madison, WI 53703
Telephone: (608) 258-8511
Facsimile: (608) 442-9494

Noah Shube (Admitted Pro Hac Vice)
The Law Offices of Noah Shube
434 Broadway, Sixth Floor
New York, NY 10013
Telephone: (212) 274-8638

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EBAY, INC.,<br><br>Defendant. | Case No. C 07 4487 RMW<br>Related to Case No. C 07-02198 RMW<br><br>**OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:       March 14, 2008<br>Time:      9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge:     Hon. Ronald M. Whyte |

///

///

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. LEGAL ANALYSIS ..............................................................................................................2

    A. Federal Rule Of Evidence 201 Strictly Limits the Application of Judicial Notice..2

    B. The Declaration and Sworn Statement Of eBay's Counsel Regarding Post-Litigation Conduct Cannot Be Judicially Noticed In Support Of the Motion To Dismiss..................................................................................................................4

    C. Evidence Concerning Various Versions Of eBay's User Agreement and Pages From eBay's Website May Not Be Judicially Noticed............................................5

    D. Judicial Notice Of Unrelated Court Records In Separate Litigation Is Improper....7

III. CONCLUSION .....................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Arpin v. Santa Clara Valley Transportation Agency*,
  261 F.3d 912 (9th Cir. 2001)..................................................................................................5

*Caldwell v. Caldwell*,
  420 F. Supp. 2d 1102 (N.D. Cal. 2006) .................................................................................6

*Castillo-Villagra v. INS*,
  972 F.2d 1017 (9th Cir. 1992).............................................................................................2, 3

*CD Solutions, Inc. v. Tooker*,
  15 F. Supp. 2d 986 (D. Or. 1998) .......................................................................................5, 9

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1998)...............................................................................................4, 5

*Duckett v. Godinez*,
  67 F.3d 734 (9th Cir. 1995)....................................................................................................9

*Faulkner v. Beer*,
  463 F.3d 130 (2d Cir. 2006)...................................................................................................6

*Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*,
  30 F.3d 466 (3d Cir. 1994).....................................................................................................7

*In re Marquam Investment Corp.*,
  942 F.2d 1462 (9th Cir. 1991)................................................................................................3

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001)...............................................................................................7, 8

*M/V American Queen v. San Diego Marine Constr. Corp.*,
  708 F.2d 1483 (9th Cir. 1983)................................................................................................8

*Neilson v. Union Bank of Calif., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) .................................................................................7

*Qualley v. Clo-Tex Int'l*,
  212 F.3d 1123 (8th Cir. 2000)................................................................................................3

*Richards v. Cable News Network, Inc.*,
  15 F. Supp. 2d 683 (E.D. Pa. 1998) .......................................................................................7

*Rivera v. Philip Morris, Inc.*,
  395 F.3d 1142 (9th Cir. 2005)................................................................................................2

*SD Protection, Inc. v. Del Rio*,
  498 F. Supp. 2d 576 (E.D.N.Y. 2007) ...................................................................................6

*Sears, Roebuck & Co. v. Metropolitan Engravers*,
    245 F.2d 67 (9th Cir. 1957)......................................................................................................3

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*,
    181 F.3d 410 (3d Cir. 1999).....................................................................................................8

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*,
    220 F. Supp. 2d 289 (S.D.N.Y. 2002)......................................................................................6

*United States v. Burlington N. & Santa Fe Rwy Co.*,
    502 F.3d 781 (9th Cir. 2007)................................................................................................8, 9

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003)................................................................................................2, 3

*United States v. Wilson*,
    631 F.2d 118 (9th Cir. 1980)....................................................................................................4

*Wyatt v. Terhune*,
    315 F.3d 1108 (9th Cir. 2003)..................................................................................................8

## **STATUTES**

CAL. BUS. & PROF. CODE § 17208 ......................................................................................................4

CAL. CIV. PROC. CODE § 337................................................................................................................4

## **RULES**

FED. R. CIV. P. 12(b)(6).................................................................................................................passim

FED. R. EVID. 201 ..........................................................................................................................passim

FED. R. EVID. 408 ..................................................................................................................................9

## I. INTRODUCTION

In its Request For Judicial Notice ("RJN"), Defendant eBay, Inc. requests notice of numerous facts, which it hopes to offer as evidence in support of its motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, Defendant's request for judicial notice is clearly improper because it fails to meet the requirements of Federal Rule of Evidence 201.

As a preliminary – and arguably dispositive – matter, the proffered facts are far from undisputed. FED. R. EVID. 201(a)(1) ("A judicially noticed fact must be one not subject to reasonable dispute . . . .").

Additionally, eBay seeks judicial notice of evidence that is plainly inappropriate for such a designation. For example, eBay offers the testimony of its own counsel, attesting to investigations, conducted after the lawsuit was filed, into the substantive merits of the case. eBay also requests judicial notice of documents that purportedly evidence that investigation.

eBay also seeks to offer unauthenticated copies of web pages, purportedly reproduced from current and past versions of eBay's website. Conspicuously absent is any indication of the dates for these web pages, and most of the pages reflect that they were only recently printed, after the complaint was filed. Moreover, eBay concedes that it made substantive changes to portions of its website after the conduct alleged in the complaint took place. Indeed, eBay's Request For Judicial Notice ("RJN") and its motion to dismiss specifically reference changes that were made recently to its web site and disclosures.[1] This extrinsic evidence is highly disputed, and fundamentally incompatible with judicial notice under Rule 201. eBay's back-door attempt to introduce this extrinsic evidence highlights the need for formal discovery to uncover eBay's allegedly fraudulent and unfair practices.

eBay's RJN is particularly deficient in light of the stringent standards that must be applied in the procedural context of this case. Judicial notice is strictly applied to adjudicative facts, which pertain to the conduct of the parties. eBay is attempting to manipulate Rule 201 to create

---

[1] eBay avers that its disclosures changed "significantly between February and May 2007" as a result of proceedings in the *Butler* action. eBay further avers that "[t]he *Butler* dismissal order required eBay to add additional disclosures to its website explaining the potential for listing delays caused by eBay's consumer protection measures." (Mot. Dismiss, 3 n.7.)

1

an evidentiary record of adjudicative facts that otherwise would be extraneous evidence, unsuited for a FED. R. CIV. P. 12(b)(6) motion. This tactic is clearly impermissible because on a motion to dismiss, the allegations of the complaint are liberally construed and taken to be true. eBay runs afoul of this well-established rule by attempting, through judicial notice, to introduce evidence to refute the allegations of the complaint.

## II.    LEGAL ANALYSIS

### A.    Federal Rule Of Evidence 201 Strictly Limits the Application of Judicial Notice

Judicial notice may be taken "where the fact is 'not subject to reasonable dispute,' either because it is 'generally known within the territorial jurisdiction," or is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992) (quoting FED. R. EVID. 201(b)). Thus, judicial notice can only be taken if the "facts" that are the subject of the request can be accurately and readily determined by reference to indisputable sources.[2] *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).

The Ninth Circuit requires "'a high degree of indisputability is the essential prerequisite' to taking judicial notice of adjudicative facts[,] and . . . 'the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy.' 'Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b).'" *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (citations omitted). Accordingly, judicial notice is strictly applied, particularly in judicial proceedings, to ensure that due process is not violated. *Castillo-Villagra*, 972 F.2d at 1026-27; *see also Rivera*, 395 F.3d at 1151.

Further, judicial notice is more restrictively applied to the types of facts addressed in eBay's request. There are generally two different types of facts that may be subject to notice:

---

[2] In seeking to judicial notice of facts that are not "generally known," eBay entirely ignores this critical prong of Rule 201.

2

1  "adjudicative facts, which are those concerning the immediate parties, and legislative facts, which help the tribunal determine law and policy and are ordinarily general facts not concerning the immediate parties." *Castillo-Villagra*, 972 F.2d at 1026. Adjudicative facts are those that "relate to the parties, their activities, their properties, their businesses . . . ." *Qualley v. Clo-Tex Int'l*, 212 F.3d 1123, 1128 (8th Cir. 2000). Although judicial notice is liberally taken of legislative facts, "in proceedings in court[,] notice is quite restricted for adjudicative facts . . . ." *Castillo-Villagra*, 972 F.2d at 1026 (citing FED. R. EVID. 201, advisory committee's notes on 1972 proposed rules).

Judicial notice is further limited by the procedural posture of this case, specifically eBay's motion to dismiss the complaint. "Consideration [is] therefore limited to matters appearing on the face of the pleading." *Sears, Roebuck & Co. v. Metropolitan Engravers*, 245 F.2d 67, 70 (9th Cir. 1957). Although judicial notice may be taken to show that a complaint fails to state a claim, judicial notice cannot be used to resolve disputed factual questions that require the fact finder to weigh evidence. *Id.* Factual questions such as the effect or validity of waivers of litigants' legal rights cannot be resolved through judicial notice. *See United States v. Ritchie*, 342 F.3d at 909 ("The underlying facts relevant to the adjudication of this case-what notice procedures the DEA used, whether [plaintiff] had actual notice, and so on-do not remotely fit the requirements of Rule 201.").

As discussed in greater detail below, the evidence that eBay seeks to introduce through judicial notice fails to meet the "high degree of indisputability" requirement. The adjudicative facts that eBay seeks to have established through judicial notice are highly disputed, and can be weighed only after the record is developed through discovery. Further, the sources on which these adjudicative facts are drawn are far from undisputed. Because Rule 201's requirements are not met, judicial notice cannot be taken. *In re Marquam Investment Corp.*, 942 F.2d 1462, 1467 (9th Cir. 1991); *see also Sears*, 245 F.2d at 70 (reversing grant of motion to dismiss where judicial notice used to refute allegations of complaint).

///

///

///

1  **B.     The Declaration and Sworn Statement Of eBay's Counsel Regarding Post-Litigation Conduct Cannot Be Judicially Noticed In Support Of the Motion To Dismiss**

eBay attempts to introduce evidence that was the result of post-litigation investigations by its counsel to support its motion to dismiss. eBay submits the Declaration Of Heather C. Meservy ("Meservy Decl."), which indicates that its counsel visited eBay's website on November 1, 2007 (approximately two months after this action was filed) to simulate the purchase of a listing by a hypothetical seller on eBay's website. (Meservy Decl., ¶ 12.) eBay also requests judicial notice of copies of the web pages that purportedly evidence the various stages of this hypothetical purchase. (Meservy Decl., Exh. K.) This extrinsic evidence cannot be judicially noticed.

eBay's proffered evidence sheds no light into the parties' conduct during the time periods covered by the complaint. Plaintiff alleges harm to itself and the Classes arising from the purchase of listings from eBay. (Compl., ¶ 6.) The injuries to the Classes cover the entire statutory period, and include transactions beginning in August 2003.[3] The adjudicative facts proffered by eBay are the result of investigations that eBay's counsel undertook *after the action was filed*, and the experiments conducted by eBay's counsel have no probative value as to the conduct alleged in the Complaint. Judicial notice should be denied. *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1998) is instructive here. In *Cooper*, the defendant attempted to include transcripts which "apparently did not exist at the time plaintiffs filed their complaint; they first appeared as exhibits to [defendant's] motion to dismiss, and they are accompanied by a declaration describing their transcription from tapes." *Id.* In addition, the extrinsic evidence could not be considered because the authenticity and accuracy of the evidence was in dispute and there was an objection to their use. *Id.*

The same circumstances are present here. The evidence was created after the complaint was filed, and well after the relevant conduct took place. "There being no other indication that the facts asserted . . . are true, much less that they are 'not subject to reasonable dispute,' as required by Rule 201, [the facts] are not proper subjects of judicial notice." *United States v. Wilson*, 631 F.2d 118, 120 (9th Cir. 1980). "Such extraneous evidence should not be considered

---

[3] The breach of contract and UCL claims have four-year limitations periods. CAL. CIV. PROC. CODE § 337; CAL. BUS. & PROF. CODE § 17208.

4

in ruling on a motion to dismiss." *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### C.  Evidence Concerning Various Versions Of eBay's User Agreement and Pages From eBay's Website May Not Be Judicially Noticed

eBay attempts to introduce, under the guise of judicial notice, various web pages. eBay references various versions of its User Agreement, most of which are alleged to have been available on eBay's website. In addition to the User Agreement, eBay seeks notice of various pages *currently* available on eBay's website, including "Help" pages and pages relating to certain of eBay's policies. eBay contends that these writings bar Plaintiff's claims. These documents, however, are all undated, and the only indication of date is the date they were apparently printed. There is no indication that these documents existed when Plaintiff and other members of the Class purchased listings as alleged in the Complaint. Further, although the Complaint generally references various web pages that existed during the statutory period, there is no indication that the versions submitted in support of eBay's motion to dismiss are the correct versions. The Ninth Circuit has rejected similar tactics:

> The declaration [submitted by defendant] "assumes" that the [documents] attached to it as an exhibit are those referred to in the complaint, and then proceeds to explain [conduct taking place within the company]. None of this is "referenced" in the complaint, and plaintiffs objected to these declarations . . . .

*Cooper*, 137 F.3d at 623.

Defendant also suggests that judicial notice should be taken because much of its evidence is, or at some point in the past purportedly was, "readily available" on the Internet. (RJN 4:7-8.) However, ready availability is not a basis for taking judicial notice, nor does mere availability dispense with the rules of evidence. *See* FED. R. EVID. 201. As noted above, there are evidentiary shortcomings with eBay's extrinsic evidence. The mere averment that the extrinsic evidence is readily available on the Internet does not cure these deficiencies. *See CD Solutions, Inc. v. Tooker*, 15 F. Supp. 2d 986, 988 (D. Or. 1998) (declining judicial notice of common usage of term "CDs" by public).

5

To the contrary, eBay's exclusive control over its website and its numerous web pages cautions against taking judicial notice. "District courts generally should not rely on information outside of the Complaint to rule on a 12(b)(6) motion, . . . particularly information derived from a website, which is often unreliable and is frequently changed at the whim of the operator . . . ." *SD Protection, Inc. v. Del Rio*, 498 F. Supp. 2d 576, 583 (E.D.N.Y. 2007) (citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)).

The cases cited by eBay are not to the contrary. Those cases suggest that web pages may be judicially noticed, provided they satisfy the requirements of Rule 201. For example, in *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102 (N.D. Cal. 2006), the court noted in a passing footnote that it had granted one of the defendants request to judicially notice two sets of web pages. *Id.* at 1105 n.3. Although the *Caldwell* court did not set forth its reasoning in taking judicial notice, its decision to do so was logical, since the websites were at the heart of the litigation. The plaintiff had brought the action (seeking declaratory and injunctive relief, and nominal damages) to challenge the contents of the judicially noticed websites. *Id.* at 1104-05. Specifically, the plaintiff claimed that the sites, which contained information concerning the science and history of evolutionary biology, improperly endorsed certain religious beliefs. *Id.* at 1104. Thus, it was the existence of the websites themselves that was implicated. By contrast, in this case it is eBay's business practices (not the existence or content of eBay's website) that give rise to Plaintiff's claims.

Similarly, in *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 220 F. Supp. 2d 289 (S.D.N.Y. 2002), the court took judicial notice of the existence of certain websites because they formed the basis of the defendant's counterclaims, all arising from the plaintiff's registration of certain domain names, which were the subject of a motion to dismiss by the defendant. *Id.* at 292, 295-96 & n.9. The court also took judicial notice so that it could determine, in the light most favorable to the defendant, whether it had stated valid counterclaims for trademark infringement vis-à-vis the plaintiff's allegedly wrongful registration of domain names. *Id.* at 296 n.9. The court did not rest judicial notice on the "readily available" rationale that eBay advances.

///

1    Finally, *Richards v. Cable News Network, Inc.*, 15 F. Supp. 2d 683 (E.D. Pa. 1998), does
2 not support eBay's expansive, "readily available" theory of judicial notice. *Richards* was a
3 trademark infringement and unfair competition action brought by the registrant. *Id.* at 684-85,
4 687. In evaluating the plaintiff's motion for preliminary injunction, the *Richards* court was
5 required to determine, among other things, plaintiff's likelihood of success on the merits of his
6 trademark claims. *Id.* at 687. That inquiry in turn required the court to conduct a fact-intensive
7 inquiry, in particular to determine the likelihood of confusion under the Third Circuit's ten-part
8 test. *Id.* at 689-90 (citing *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 473-74 (3d
9 Cir. 1994)). In evaluating the then-current strength of plaintiff's mark, the court reviewed
10 numerous "articles, trade publication, newspapers, and Web sites" involving the registered mark.
11 *Id.* at 691. The court took judicial notice of three web sites which were using the plaintiff's mark.
12 *Id.* The *Richards* court's fact-intensive inquiry was necessitated by the procedural posture (a
13 motion for preliminary injunction) and by the nature of the claim (under the Lanham Act) – both
14 of which are absent in this case.

15    In sum, eBay's evidence is unsuitable for judicial notice and improperly proffered in
16 support of its 12(b)(6) motion. Moreover, even if the proffered "facts" were free of reasonable
17 dispute, the legal effect of these provisions cannot be resolved on a motion to dismiss. There
18 would remain questions such as whether eBay breached its duty of good faith and fair dealing,
19 and whether the alleged practices violated the UCL. *See Lee v. City of Los Angeles*, 250 F.3d
20 668, 690 (9th Cir. 2001) ("Here, the district court incorrectly took judicial notice of the validity of
21 . . . [the] waiver, which was as yet unproved.").

### D. Judicial Notice Of Unrelated Court Records In Separate Litigation Is Improper

25    In a similar fashion, eBay requests judicial notice of court records. As with the extrinsic
26 evidence discussed above, this request is improper. First, neither the unrelated filings nor their
27 contents are alleged in the complaint. Therefore, they are not a proper subject for judicial notice.
28 *See Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003) (denying

judicial notice where document's "contents are not alleged in the . . . complaint and its authenticity is not undisputed.").

Further, eBay's request is inconsistent with the limited purposes for which judicial notice of facts may be taken. eBay seeks to take advantage of these prior filings to support its introduction of extrinsic evidence. eBay suggests in a footnote that because it submitted these documents in prior unrelated litigation, they must be judicially noticed in this case and in the current procedural posture. (RJN, at 4 n.1.) eBay is mistaken. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)). The Ninth Circuit "[has] held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003). Prior decisions may, when appropriate, provide a basis for application of *stare decisis*. However, it is inappropriate to take judicial notice of prior decisions outside of that narrow context. "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Further, eBay makes a conclusory assertion that "[j]udicial notice is appropriate for the complaint and dismissal order in [the previously filed and closed] *Butler* [litigation] . . . because they are official court records." (RJN, 4:12-12.) eBay offers no explanation for why these documents should be noticed or how they are relevant. Judicial notice of prior proceedings is proper only if they "have a direct relation to matters at issue." *United States v. Burlington N. & Santa Fe Rwy Co.*, 502 F.3d 781, 790 n.2 (9th Cir. 2007) (citing *United States ex rel. Robinson Rancheria Citizens council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) (internal quotations omitted). The court records referenced in eBay's request have nothing to do with the matters at issue here, and eBay makes no attempt to explain why they are relevant. (*See* RJN

4:12-15.) The dismissal of the *Butler* action was negotiated between the parties to that action. Plaintiff, which was not a party to that action, cannot be bound by that dismissal. To the extent eBay is suggesting that the *Butler* dismissal is evidence of invalidity of Plaintiff's claims, that tactic is improper. FED. R. EVID. 408. eBay's request for judicial notice of these records should be denied. *Burlington N.*, 502 F.3d at 790 n.2; *see also Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) (finding judge's conduct in prior proceeding irrelevant to evaluating judge's conduct in case at hand); *CD Solutions, Inc.*, 15 F. Supp. 2d at 988 (declining judicial notice of common usage of term despite acknowledgements purportedly made by numerous courts).

## III.    CONCLUSION

Because of the multiple layers of evidentiary deficiencies identified above, judicial notice is inappropriate here. Judicial notice is appropriate only of those facts not subject to reasonable dispute and that are either generally known or capable of accurate and ready determination. FED. R. EVID. 201(b). The extensive extrinsic evidence of which eBay seeks judicial notice cannot meet these standards.

Respectfully submitted,

February 22, 2008

MARKUN ZUSMAN & COMPTON LLP
DAVID S. MARKUN (108067)
EDWARD S. ZUSMAN (154366)
KEVIN K. ENG (209036)

By: ___/s/Kevin K. Eng_____
      KEVIN K. ENG

Attorneys for Plaintiff