COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>EBAY, INC.,<br><br>            Defendant. | Case No.  C 07 4487 RMW<br><br>**eBay's Reply in Support of Its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6)**<br><br>Date:         March 14, 2008<br>Time:        9:00 a.m.<br>Judge:       Ronald M. Whyte<br>Trial Date: Not yet set |

I.  **INTRODUCTION**

Plaintiff's Opposition to eBay's Motion to Dismiss (hereinafter, "Opposition" or "Opp.") only highlights the confusion inherent in the Complaint's "Listing Class" allegations.  On the one hand, Plaintiff acknowledges that listings are immediately posted, as confirmed by an email to the seller including a link to the posting.  Compl. ¶ 33.  But on the other hand, Plaintiff contends that solely because the items fail to appear immediately in specialized search results they are somehow rendered "unlisted."  Opp. at 9:28-10:2.

Plaintiff's thesis makes no sense.  As fully disclosed by eBay on its website and in the user agreement, listings are not immediately searchable (although they are accessible on the website) in order to allow the company to engage in important trust and safety review of listings

to ensure that offensive, inappropriate or illegal materials and items are not offered for sale. The idea that such front-end delays in searchability somehow cause injury to the putative class is absurd.

Nor can the "Good Until Cancelled Class" breach of contract claim survive, as once again the behavior about which Plaintiff complains is expressly authorized by the parties' agreement.[1] Accordingly, eBay's Motion should be granted and Plaintiff's Complaint should be dismissed.

## II.    ARGUMENT

The Complaint's four claims fall into two categories:  those asserted by the putative "Listing Class" regarding eBay's alleged "delayed listing practice" (comprising three claims for breach of contract, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and unjust enrichment) and one asserted by the putative "Good Until Cancelled Class" relating to fee increases (comprising a single breach of contract claim). But when the allegations in the Complaint are compared with the terms of the parties' agreement, it is evident that no valid claim can be made.

To understand the issues, it is imperative that the Court consider the terms of the agreement between the parties on Motion to Dismiss. As more fully discussed in the accompanying Reply in Support of eBay's Request for Judicial Notice, Plaintiff's objections to the Court's consideration of the parties' agreement are misguided. At bottom, the objections show that Plaintiff's allegations are contradicted by the terms of the parties' contract. Under these circumstances, the actual contract, not the inconsistent allegations, controls. *See Thompson v. Illinois Dept. of Prof'l Reg.,* 300 F.3d 750, 754 (7th Cir. 2002); *see also Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (when a complaint cites truncated quotations pulled out of context, it is appropriate for the district court to consider the full context of the statements).

---

[1] Additionally, Plaintiff mischaracterizes the appropriate legal standard on a motion to dismiss and ignores the incorporation by reference doctrine. As discussed in the opening briefs and further in eBay's Reply in Support of its Request for Judicial Notice, the Court's review on motion to dismiss includes "the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice." *Hoey v. Sony Elecs. Inc.,* 515 F. Supp. 2d 1099, 1102 (N.D. Cal. 2007).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.    EBAY, INC.'S REPLY I/S/O MOTION TO DISMISS
C 07 4487 RMW

**A.    The Listing Class Breach of Contract Claim Fails as a Matter of Law.**

    **1.    Plaintiff's Own Allegations Demonstrate That Listings Are Not Delayed.**

The Complaint conflates two very distinct concepts by simultaneously alleging that item listings were not posted promptly on eBay's website and that item listings were not immediately searchable on eBay's website. Despite the confusion in the Complaint's allegations, Plaintiff concedes that items are promptly listed on eBay's website and are immediately available to sellers. *See* Compl. ¶ 33.[2] Perhaps because of this admission, Plaintiff's allegations attempt to muddle what comprises a listing and when a listing is searchable. *See id.* ¶¶ 25, 48, 57, 59. Cutting through the confusion, the only allegedly unlawful behavior is that listings are not immediately included in the search results on the eBay website. But this allegation does not rise to the level of a breach of contract or UCL violation.

    **2.    Plaintiff Has Not Identified a Contract Provision Which eBay Has Allegedly Breached.**

Perhaps because of the confusion surrounding the allegations, Plaintiff fails to articulate what provision of the parties' contract Plaintiff contends eBay has breached. The only contract provision referenced in the claim is the option to list an item for 1, 3, 5, 7, or 10 days. Compl. ¶ 46. But this contract provision relates to allegations regarding listing delays—which Plaintiff has conceded are irrelevant—and not search delays.

To continue to assert claims based on alleged search delays, Plaintiff must point to a contractual provision that has been breached. Plaintiff's failure to articulate such a provision is telling: in fact, there is no provision in the agreement between the parties that requires eBay to guarantee that item listings will be fully searchable for the entire duration of an item listing. To

---

[2] The terms of the parties' agreement also demonstrate this principle. *See* Meservy Decl. Exh. C (eBay's "Selecting a Listing Duration" webpage explains that, "When you list an item using the Sell Your Item form, the listing is created immediately, unless you have used the scheduled listing option to start it at a later time," and further explains, "Listings end in whole-day increments from the listing's start time."); *id.* Exh. G (eBay's "Finding Your Listing" webpage explains that "When you list an item on eBay, the search system immediately records the item number and your User ID. You can use this information to find the listing by entering the item number into the search box at the top of most eBay Help pages.").

the contrary, the terms of the agreement between the parties specifically disclaim any such warranty. *See* Meservy Decl. Exhs. C, E, G, K; Suppl. Meservy Decl. Exh. A. These contract terms conclusively demonstrate that Plaintiff's claims cannot survive as a matter of law.

Plaintiff attempts to avoid dismissal by contending that, even if eBay currently discloses issues regarding search delays, there is a question of fact as to whether eBay disclosed such issues in the years prior to the filing of Plaintiff's Complaint. But the record shows that such disclosures were present on eBay's website as early as 2003[3] and that the disclosures were merely bolstered in early 2007 (months prior to the filing of Plaintiff's action in August 2007).[4] *See* Suppl. Meservy Decl. Exh. A; Meservy Decl. Exh. M. Therefore, there can be no dispute that the disclosures foreclose Plaintiff's action.

**3. To Sustain the Validity of Its Claim, Plaintiff Cannot Imply an Extra-Contractual Duty Which Is Inconsistent with the Terms of the Contract.**

In an attempt to save its invalid breach of contract claim, Plaintiff argues that search delays are a breach of eBay's implied duty of good faith and fair dealing. Compl. ¶ 53; *see also* Opp. at 7. There is no dispute that the parties' agreement requires eBay to list items in 1-, 3-, 5-, 7-, or 10- day increments, but any contention that this duty implicitly encompasses a warranty that item listings will be fully searchable for the entire time creates a new, extra-contractual obligation for eBay. Such an obligation is outside the scope of and inconsistent with eBay's duties as prescribed by the parties' agreement, especially considering eBay's disclosures to its sellers that full search capabilities are not (and cannot be) provided immediately upon an item's listing. *See* Meservy Decl. Exhs. C, E, G, K; Suppl. Meservy Decl. Exhs. A, B.

---

[3] Supplemental Meservy Decl. Exh. A.

[4] In its opening papers eBay indicated that disclosures relating to search delays were improved between February and May 2007 as a result of the terms of the Stipulation of Dismissal in the *Butler* action. *See* Motion at 3 n.7 and Meservy Decl. Exh. M. Plaintiff mischaracterized these disclosures as a "virtual concession" of liability. (Opp. at 5-6.) The terms of the parties' agreement demonstrate that such improved disclosures were implemented prior to the filing of this action in August 2007. And the record in the *Butler* action demonstrates that similar disclosures were in place even before the *Butler* litigation was filed. *See* Supplemental Meservy Decl. Exh. B (eBay's Motion to Dismiss the *Butler* action, filed June 7, 2006, granted December 13, 2006) at 5-6 (quoting disclosures regarding potential search delays).

1    Furthermore, the parties' agreement expressly disclaims "all implied warranties, terms and conditions" and reserves eBay's rights to "delay or remove hosted content." *See* Meservy Decl. Exh. A (User Agreement) at pp. 2 ("Abusing eBay" section) and 3 ("Liability" section). *See also Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373-4 (1992) ("It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract;" "implied terms should never be read to vary express terms.").[5] Consequently, the Listing Class's purported breach of implied covenant of good faith and fair dealing claim must be rejected.

### B. The Listing Class's UCL Claim Is Legally Deficient Because Plaintiff Lacks Standing to Bring This Claim And The Pleaded Facts Cannot Support It.

Despite spending eight pages addressing the UCL claim, Plaintiff's Opposition fails to show that the Complaint's allegations can stand scrutiny. Opp. at 9-17. While UCL claims can be fact intensive, they are appropriate for dismissal when the Plaintiff lacks standing or "where the complaint fails to allege facts showing that a business practice is unfair, unlawful or fraudulent." *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (2006) (affirming dismissal of unfair and fraudulent UCL claims after analyzing the *Cel-Tech/Scripps* and *Smith* tests). The Listing Class UCL claim is precisely the sort of claim that is appropriate for dismissal at this early stage because the Plaintiff lacks standing to bring this claim and the alleged facts fail to support the claim.

#### 1. Plaintiff Lacks Standing to Bring a UCL Claim.

In the Opposition, Plaintiff mistakenly relies on the alleged injury sustained by the Good Until Cancelled Class to confer standing for claims asserted only by the Listing Class. *See* Opp. at 15:20-24, 16:16-20. This is improper, as the UCL claim is asserted solely by the Listing Class, and Plaintiff admits that the only alleged injury to the Listing Class is "lost sales opportunities." Opp. at 15:20. In addition, Plaintiff admits that injury based on nothing more than an expectation of profit cannot support the injury in fact required to confer UCL standing. Opp. at 16:5-6, 16:-

---

[5] For further discussion of the deficiency of Plaintiff's purported breach claims premised on implied covenants, *see* section II.D, *infra*.

18; Cal. Bus. & Prof. Code §§ 17204, 17535. On this basis alone, the UCL claim requires dismissal.

        **2.     Plaintiff's Allegations of "Unfair" Conduct Cannot Support the Listing Class's UCL Claim.**

In 1999, the California Supreme Court announced the requirement that in actions based on unfairness to competitors, the allegations must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.,* 20 Cal. 4th 163, 184-85 (1999). Subsequently, this requirement was expanded to all consumer cases. *See, e.g., Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 118 Cal. App. 4th 1061, 1072 (2004) ("[G]iven the Supreme Court's disapproval of… [an] amorphous definition of unfair practices and its focus on legislatively declared public policy, reliance on general common law principles to support a cause of action for unfair competition is unavailing.").[6] *See also* Mot. at 9-11.

Plaintiff does not dispute that under the *Cel-Tech* test, Plaintiff's UCL claim premised on allegations of unfairness fails as a matter of law because it is premised only on common law principles that are not "tethered to some legislatively declared public policy." Instead, Plaintiff contends that the *Smith* test (described below) should apply but never articulates how the allegations pass this test. Opp. at 11-12. Considering the California Supreme Court's harsh criticisms of this test, Plaintiff's contention should be rejected and this Court should apply the *Cel-Tech* test to reject the UCL claim. *See Cel-Tech*, 20 Cal. 4th at 184-85 (noting that the earlier definitions of "unfair" conduct, including the test applied by the *Smith* court, "are too amorphous

---

[6] Plaintiff mistakenly relies on two outdated cases to support its contention that a UCL claim can be premised on a violation of common law. Opp. at 9:11-12. In *Diaz v. Allstate Ins. Group,* 185 F.R.D. 581, 594 (C.D. Cal. 1998), the court held that violations of a particular California insurance law can serve as predicate acts supporting a UCL claim, even though that law does not permit a private right of action. But *Diaz* was decided before *Cel-Tech,* which significantly changed the landscape of the analysis applied in UCL cases. And *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 828 n.3 (9th Cir. 2003), which was decided one year before *Textron*, stated only that "California courts have not foreclosed common law theories as a basis for actions pursuant to § 17200." After the *Textron* decision, that statement is outdated.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

EBAY, INC.'S REPLY I/S/O MOTION TO DISMISS
C 07 4487 RMW

and provide too little guidance to courts and businesses.")

But even under the *Smith* test (which defines an unfair business practice as one that "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"), Plaintiff's claims still fail. *Smith v. State Farm Mut. Automobile Ins. Co.,* 93 Cal. App. 4th 700, 719 (2001); *accord People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984). The facts which purportedly support Plaintiff's UCL claim merely allege that items posted by sellers are not immediately searchable. *See* Compl. ¶¶ 57-61. No public policy violation is alleged. Thus, the only question is whether eBay's alleged practice of delaying immediate searchability is a practice which can be considered "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." It cannot. The practice is necessary for eBay to implement its fraud detection measures.[7] Consequently, whether the Court elects to apply the tests articulated in either *Cel-Tech* or *Smith,* Plaintiff's UCL claim predicated on allegations of unfairness fails as a matter of law.

### 3. Plaintiff's Allegations of "Fraudulent" Conduct Are Likewise Insufficient as a Matter of Law.

As discussed in eBay's opening papers, the Complaint fails to meet even the low threshold required for an allegation of "fraudulent" conduct: that members of the public are likely to be deceived. In the Opposition (at 9-10), Plaintiff relies on the same allegations which conflate what comprises a listing and when a listing is searchable. However, as fully discussed above, these allegations fail when compared with the express terms of the parties' agreement. *See* Compl. ¶ 33 (acknowledging that listings are immediately available to sellers) and Meservy Decl. Exhs. C, E, G, K (disclosing delay in searchability); Suppl. Meservy Decl. Exhs. A & B (same).

In addition, nothing in the Opposition demonstrates how the parties' agreement could be deceiving. As already found, where it is evident that webpage content (like the agreement here) is not likely to deceive the public, dismissal of a UCL claim premised on allegations of fraud is

---

[7] *See* Meservy Decl. Exh. E ("Although your listings will generally be searchable within 24 hours, for Trust and Safety reasons, there are times when this may take longer.")

appropriate. *See Bernardo v. Planned Parenthood Fed. of Am.,* 115 Cal. App. 4th 322, 355 (2004) (dismissing UCL claim premised on allegations of fraud because "[plaintiff] has not shown, and cannot show, that members of the public are likely to be deceived … based on the Web site speech that [plaintiff] seeks to enjoin.").

### C. There Is No Cause of Action for Unjust Enrichment.

Plaintiff concedes that it intended its "unjust enrichment" claim to state a claim for restitution. *See* Opp. at 17-18. Restitution is only a remedy, not a stand-alone claim for relief.

### D. The Good Until Cancelled Class Cannot State a Breach of Contract Claim.

The fourth and final claim asserted in the Complaint is the breach of contract claim asserted by the "Good Until Cancelled" Class. Plaintiff's Opposition demonstrates that, even assuming the truth of Plaintiff's allegations, the claim should be dismissed.

Plaintiff alleges the following facts in support of its breach of contract claim: It operates a store on eBay's website and listed certain items using eBay's "Good Until Cancelled" option. Compl. ¶ 6. These Good Until Cancelled listings were advertisements which, if not terminated by a buyer's purchase of the listed goods, are automatically renewable[8] on a monthly basis. Compl. ¶ 37. Further, the contract between the parties provides that eBay is permitted to increase fees with 14 days' notice. Meservy Decl. Exh. A (User Agreement) at p. 3 ("Fees and Services" section). On July 19, 2006, eBay notified Plaintiff it would increase sellers' fees, including fees associated with Good Until Cancelled listings. Compl. ¶ 38. Such fee increase would become effective on August 22, 2006, more than 30 days after eBay's notice of the fee increase. *Id.*

Plaintiff contends that eBay breached its contract because it was not authorized to increase fees (which the contract demonstrates is false) and that eBay did not adequately disclose the

---

[8] Plaintiff ignores the renewable nature of the monthly Good Until Cancelled listing term when it avers that eBay's "retroactively" applied increased fees. Opp. at 6-7. "Retroactive" application of increased fees on Good Until Cancelled listings would require eBay to have applied the new fee to extract additional fees for months preceding the notification and implementation of the increased fee structure. Plaintiff's factual allegations do not support any such contention. Rather, the Complaint alleges that eBay "increased the rates in mid-stream without adequate notice, or consent consideration [sic] by Plaintiff and the GUC Class, whose Good 'Til Cancelled listings were already in effect at the time of eBay's fee/rate hike announcement in around [sic] July 19, 2006." Compl. ¶ 41.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

EBAY, INC.'S REPLY I/S/O MOTION TO DISMISS
C 07 4487 RMW

increase (which the Complaint admits is false). Opp. at 6-9. Plaintiff's reliance on *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 928-29 (1985) is inapposite: it does not address or even mention an automatically renewable contract. Instead, the court in *Perdue* refused to dismiss a breach of contract claim premised on a "contract" consisting of a bank signature card containing, in tiny font, a statement that the bank account was subject to all applicable laws and bank rules and procedures. *Id.* at 921, 922. Defendant bank never provided its customers with its written rules or procedures, but claimed that it was entitled, under the "terms" of this "contract," to unilaterally raise fees associated with depositors' accounts. *Id.* at 921, 923-24.

Here, there is a written contract between the parties expressly permitting eBay to increase fees after providing 14 days' notice. eBay provided over 30 days' notice with respect to the proposed fee increase. The increase was implemented only after the appropriate notice period, upon the subsequent renewal period of the automatically renewable, 30-day contract. As a matter of law, the claim must be dismissed.

Nor can Plaintiff thwart the express terms of the contract by relying on the implied covenant of good faith and fair dealing. California law reads into every contract an implied covenant of good faith and fair dealing, which requires that neither party do anything that will deprive the other of the benefits of the contract. *See Kransco v. Am. Empire Surplus Lines Ins. Co.,* 23 Cal. 4th 390, 400 (2000). However, this covenant of good faith and fair dealing is implied *only to protect the express terms of the contract.* "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988). Moreover, "the implied covenant protects only the parties' right to receive the benefit of their agreement." *Id.,* at 699 n.39. Consequently, "implied terms should never be read to vary express terms." *Carma Developers,* 2 Cal. 4th at 374. In this case, Plaintiff's allegations demonstrate that eBay increased fees only upon proper notice and in accordance with the contract's express terms. It would defy the express contract terms to construe such behavior to be in breach of an implied contract term.

The Court should likewise reject Plaintiff's final attempt to save its breach of contract claim: the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

EBAY, INC.'S REPLY I/S/O MOTION TO DISMISS
C 07 4487 RMW

mere averment that the fee increases were "unreasonable and unconscionable." *See* Opp. at 8:18-19; Compl. ¶ 81. If Plaintiff truly seeks to invalidate or rescind its contract with eBay based on the unconscionability of certain contract provisions, then it is required to plead specific elements relating to both procedural and substantive unconscionability. *See generally Dean Witter Reynolds, Inc. v. Sup. Ct.*, 211 Cal. App. 3d 758, 767-68 (1989). Here, Plaintiff's Complaint merely avers that eBay is not permitted "to institute an unreasonable or unconscionable rate increase…." Compl. ¶ 81. Such an averment is plainly insufficient, as a matter of law, to state a claim invalidating a contract on the basis of unconscionability, especially where, by simultaneously suing for breach of contract, Plaintiff has expressly affirmed the existence and terms of such contract. Consequently, Plaintiff's Good Until Cancelled breach of contract claim should be dismissed with prejudice and without leave to amend.

### III. CONCLUSION

For these reasons, eBay's Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed in its entirety.

Dated: February 29, 2008                Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
JOSEPH S. LEVENTHAL (221043)


 /s/Heather C. Meservy
Heather C. Meservy (223782)
Attorneys for Defendant eBay Inc.
Email: hmeservy@cooley.com

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

eBay, Inc.'s Reply i/s/o Motion to Dismiss
C 07 4487 RMW

# CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing **EBAY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Kevin K. Eng                                   email: keng@mzclaw.com

Edward Scott Zusman                  email: ezusman@mzclaw.com

Noah Shube                                   email: nshube@yahoo.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery on this 29th day of February on the addressees listed below:

David S. Markun
Markun Zusman & Compton LLP
17383 West Sunset Boulevard
Suite A-380
Pacific Palisades, CA 90272

Ilan Chormosky
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610

Frank Jablonski
Progressive Law Group, LLC
354 West Main St.
Madison, WI 53703

Kendra Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: kjones@cooley.com

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

EBAY, INC.'S REPLY I/S/O MOTION TO DISMISS
C 07 4487 RMW