COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendant eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>Defendant. | Case No.  C 07 4487 RMW<br><br>**eBay's Reply in Support of its Request for Judicial Notice and eBay's Supplemental Request for Judicial Notice**<br><br>Date:             March 14, 2008<br>Time:            9:00 a.m.<br>Judge:           Ronald M. Whyte<br>Trial Date:    Not yet set |

Plaintiff's specious Objections ("Obj.") to eBay's Request for Judicial Notice must be overruled.  As explained in eBay's opening papers and herein, on a motion to dismiss, "[t]he court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice." *Hoey v. Sony Electronics Inc.,* 515 F. Supp. 2d 1099, 1102 (N.D. Cal. 2007) (citing *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir. 1991)).

**A.    eBay's User Agreement Is Appropriate For Consideration on Motion to Dismiss.**

eBay seeks notice and consideration of the terms of the parties' agreement, as set forth in the applicable User Agreements.  (Meservy Decl. Exhs. A, I, and J.)  Plaintiff objects to the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

eBay's Reply and Supplemental
Request for Judicial Notice
C 07 4487 RMW

court's consideration of the terms of the parties' agreement despite the fact that the Complaint asserts two breach of contract claims and extensively references the agreement. The objection must be overruled. The incorporation by reference doctrine is a well-recognized exception to the general rule that, on a motion to dismiss, all of plaintiff's allegations are accepted as true. Federal Rule of Civil Procedure 10(c) provides that a written instrument attached to a pleading shall be considered "a part thereof for all purposes." "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Branch v. Tunnell*, 14 F.3d 449, 453-55 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)). This prevents plaintiffs from misrepresenting the terms of a contract in order to defeat a motion to dismiss. *See Thompson v. Illinois Dept. of Prof'l Reg.*, 300 F.3d 750, 754 (7th Cir. 2002) (when the full content of the document contradicts plaintiff's allegations, the document controls); *see also Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (when a complaint cites truncated quotations of a document or record, it is appropriate for the district court to consider the full content of the document).

      Plaintiff's Complaint refers extensively to the terms of the agreement between the parties and purports to assert two breach of contract claims thereon, thus incorporating the agreement and its terms into the Complaint, and making it appropriate for consideration on motion to dismiss. *See* Compl. ¶¶ 17, 22, 33, 46-47, 53, 74-75. Plaintiff cannot seriously dispute the authenticity of eBay's User Agreement. As Plaintiff explains in its Complaint, "[o]n eBay.com, eBay publishes the terms of its contract with sellers for advertising or 'listing' an item for sale on the website, which include, as set for the below, material terms as to listing times and duration, and listing fees that apply uniformly to Plaintiff and the members of each Class." Compl. ¶ 17.

      In an abundance of caution and in the interests of full disclosure to the parties and the Court, eBay has provided true and accurate copies of each of the three versions of the User Agreement that might be applicable to the putative classes' claims. *See* Obj. at 4:12-13. On their face, the User Agreements demonstrate their effective dates. *See* Meservy Decl. Exh. I (effective

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

EBAY'S REPLY AND SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE
C 07 4487 RMW

5/25/03 to 1/31/06); *id.* Exh. J (effective 2/1/06 to 7/8/07); *id.* Exh. A (effective 7/9/07 to the present).  Even a cursory review of the terms of these agreements demonstrates that the terms and conditions relevant to the present lawsuit have not changed significantly over time in any way that could undermine the arguments set forth in eBay's Motion to Dismiss.  To the contrary, the terms of the applicable agreements only undermine the allegations in Plaintiff's Complaint.

Since Plaintiff referenced the parties' agreement in its Complaint but failed to attach it, it is completely appropriate for the Court to grant eBay's request to take notice of the terms of the User Agreements.

### B. eBay's Help Pages Depict Terms of the Agreement Between the Parties, Are Referenced in the Complaint, and Are Appropriate for Consideration on Motion to Dismiss.

eBay additionally seeks notice and consideration of several of eBay's help pages. (Meservy Decl. Exhs. B ("Creating a Listing"), C ("Selecting a Listing Duration"); D ("eBay.com Fees"); E ("The item I listed for sale isn't showing up when I search for it.  How can I find it?"); F ("eBay Stores Fees" (current)); G ("Finding Your Listing"); H ("eBay Stores Fees") (prior to the complained-of fee increase).)  These pages are incorporated by reference into the User Agreement and appropriate for consideration on motion to dismiss.  *See* Meservy Decl. Exh. A ("Additional Terms" section); *id.* Exh. I (§ 18, "Additional Terms"); *id.* Exh. J ("Additional Terms" section).

Further, they are referenced and relied upon in the Complaint.  *See* Compl. ¶ 17.  ("On eBay.com, eBay publishes the terms of its contract with sellers for advertising or 'listing' an item for sale on the website, *which include, as set for the below, material terms as to listing times and duration, and listing fees that apply uniformly to Plaintiff and the members of each Class*") (emphasis added).  Even a cursory review of the help pages demonstrates that they discuss the "material terms" of the contract specifically referenced by Plaintiff in the complaint: terms relating to "listing times and duration, and listing fees."  The fact that they are readily available on the Internet and are authentic cannot be the subject of serious dispute.  *See, e.g., Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp. 2d 289, 296 n.9 (S.D.N.Y. 2002); *Richards v. Cable News*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

EBAY'S REPLY AND SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE
C 07 4487 RMW

1  *Network, Inc.,* 15 F. Supp. 2d 683, 691 (E.D. Pa. 1998) (all taking judicial notice of web pages).

        **C.**     **eBay's Sell Your Item Form Likewise Depicts Terms of the Agreement Between the Parties, Is Referenced in the Complaint, and is Appropriate for Consideration on Motion to Dismiss.**

Plaintiff also objects to the Court's consideration of the Sell Your Item form (Meservy Decl. Exh. K). Obj. at 4-5. Yet Plaintiff's Complaint repeatedly references and relies upon the terms of that form. *See* Compl. ¶¶ 6, 22, 24, 25, 30, 33, 46, and 47. Indeed, in its Opposition to eBay's Motion to Dismiss, Plaintiff explains that the form includes important relevant terms of the agreement between the parties. Opp. at 3:8-11 ("Pursuant to the terms of eBay's agreement (e.g. as posted on eBay's "Sell Your Item" form which Plaintiff and other sellers complete when buying a listing), these listing were supposed to have been fixed durations, for example one, three, five, seven, or ten days. (Compl. ¶ 46.)").

Plaintiff describes the Sell Your Item form as "standardized" and fails to explain how the form provided by eBay is different from the form it purports to reference. Opp. at 10:1. This is not surprising as there are no reasons to believe it to be different. Plaintiff admits that this form is "standardized."

Plaintiff's argument regarding "post-litigation investigations by [eBay's] counsel" is unfounded. Obj. at 4:3-4. Paragraph 12 of the Meservy Declaration contains no substantive evidentiary averments; rather, it sets forth the steps counsel took to obtain a printed copy of this publicly available form from eBay's website, for the purpose of properly authenticating that document.

        **D.**     **Court Records from the *Butler* Action Are Likewise Appropriate for Consideration on eBay's Motion to Dismiss.**

As explained in eBay's Request for Judicial Notice, judicial notice is appropriate for the complaint and dismissal order (Meservy Decl. Exhs. L and M) because they are official court records from *Butler v. eBay Inc.,* United States District Court for the Northern District of California, Case No. 06-02704 JW (filed April 20, 2006). *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980) (each taking judicial notice of court records).

COOLEY GODWARD KRONISH LLP  
ATTORNEYS AT LAW  
SAN DIEGO

4.

eBAY'S REPLY AND SUPPLEMENTAL  
REQUEST FOR JUDICIAL NOTICE  
C 07 4487 RMW

As Plaintiff noted in its objections, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may not do so for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Obj. at 8:7-12 (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). eBay's Motion to Dismiss clearly indicates that eBay does not seek notice of these documents "for the truth of the facts recited therein." These documents, referenced only in a footnote (*see* p. 3 n.7), were introduced only in the interest of full disclosure to the Court that eBay agreed to bolster its disclosures relating to search delays between February and May 2007— months prior to the filing of Plaintiff's lawsuit—in connection with the Stipulation of Dismissal in the *Butler* action.[1]

### E. Supplemental Request for Judicial Notice

For the reasons articulated herein and pursuant to Federal Rule of Evidence 201(b), defendant eBay Inc. ("eBay") hereby requests that the Court take judicial notice of the following additional eBay help page and court record in the *Butler* action:

A. eBay's "Finding Your Listing" help page, printed February 29, 2008, formerly found at http://pages.ebay.com/help/sell/find_listing.html. This page is currently available at http://web.archive.org/web/20031204053425/http://pages.ebay.com/help/sell/find_listing.html, a true and correct copy of which is attached as Exhibit A to the Supplemental Declaration of Heather C. Meservy In Support of eBay's Supplemental Request for Judicial Notice ("Suppl. Meservy Decl.") filed herewith.

B. eBay's Motion to Dismiss filed in the *Butler v. eBay Inc*. action, United States District Court for the Northern District of California Case No. 06-02704 JW (filed June 7, 2006), a true and correct copy of which is attached as Exhibit B to the Suppl. Meservy Decl. filed herewith.

---

[1] Which action's allegations were similar to Plaintiff's "listing class" allegations. Other records from the *Butler* action show that such disclosures were present on eBay.com long before the *Butler* action was initiated.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

EBAY'S REPLY AND SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE
C 07 4487 RMW

**F.     Conclusion**

For the reasons explained herein, eBay respectfully requests the Court to take notice of the documents discussed herein.

Dated: February 29, 2008                    Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
JOSEPH S. LEVENTHAL (221043)


 /s/Heather C. Meservy
Heather C. Meservy (223782)
Attorneys for Defendant eBay Inc.
Email:  hmeservy@cooley.com

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

EBAY'S REPLY AND SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE
C 07 4487 RMW

# CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing **EBAY'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE AND EBAY'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Kevin K. Eng                                email: keng@mzclaw.com

Edward Scott Zusman                         email: ezusman@mzclaw.com

Noah Shube                                  email: nshube@yahoo.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery on this 29th day of February on the addressees listed below:

David S. Markun
Markun Zusman & Compton LLP
17383 West Sunset Boulevard
Suite A-380
Pacific Palisades, CA 90272

Ilan Chormosky
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610

Frank Jablonski
Progressive Law Group, LLC
354 West Main St.
Madison, WI 53703

Kendra Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: kjones@cooley.com

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

EBAY'S REPLY AND SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE
C 07 4487 RMW