EXHIBIT B

1   COOLEY GODWARD LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA 92121
    Telephone:    (858) 550-6000
4   Facsimile:    (858) 550-6420

5   COOLEY GODWARD LLP
    JOHN C. DWYER (136533) (dwyerjc@cooley.com)
6   LORI R.E. PLOEGER (202113) (lploeger@cooley.com)
    Five Palo Alto Square
7   3000 El Camino Real
    Palo Alto, CA 94306-2155
8   Telephone:    (650) 843-5000
    Facsimile:    (650) 849-7400
9
    Attorneys for Defendant
10  eBay Inc.

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15
    EDGAR BUTLER, on behalf of himself and        No.  C 06 2704 JW
16  all others similarly situated,
                                                   **DEFENDANT EBAY INC.'S NOTICE OF
17              Plaintiff,                          MOTION AND MOTION TO DISMISS
                                                   COMPLAINT; MEMORANDUM OF POINTS
18         v.                                      AND AUTHORITIES IN SUPPORT
                                                   THEREOF; CERTIFICATION OF
19  EBAY INC., and DOES 1 THROUGH 100,             INTERESTED ENTITIES OR PERSONS**
    inclusive
20                                                 **DEMAND FOR JURY TRIAL**
                Defendant.
21                                                 Date:       September 11, 2006
                                                   Time:       9:00 a.m.
22                                                 Judge:      Hon. James Ware
                                                   Trial Date: Not yet set
23

24

25

26

27

28

**TABLE OF CONTENTS**

**PAGE**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................. 2

STATEMENT OF THE ISSUE ............................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 2

I.     INTRODUCTION ............................................................................................. 2

II.    STATEMENT OF FACTS ................................................................................ 3

III.   SUMMARY OF LEGAL STANDARDS GOVERNING THIS MOTION ...................... 7

IV.   ARGUMENT .................................................................................................. 7

       A.     Principles of Statutory Construction ................................................ 7

       B.     California's Auction Act Does Not Apply to eBay ............................. 8

              1.    The California Auction Act ................................................. 8

              2.    eBay Does Not Conduct "Auctions" Within the Meaning of the California Auction Act ................................................. 10

              3.    eBay Is Not an "Auctioneer" Within the Meaning of the California Auction Act ................................................. 12

                   a.    eBay Is Not an Individual ............................................. 12

                   b.    eBay Does Not Conduct "Auctions" Within the Meaning of the California Auction Act ................................. 13

              4.    eBay Is Not an "Auction Company" Within the Meaning of the California Auction Act ................................................. 14

                   a.    Sales on eBay Are Not "Auction Sales." ...................... 14

                   b.    Bidding on Items Listed with eBay Does Not Occur "at Locations." ................................................. 14

               5.    The Auction Act's Requirements Further Demonstrate That the Act Was Not Intended To Apply to eBay's Business ................. 15

              6.    The Legislative History of the Auction Act Confirms That It Was Not Intended To Apply to eBay ................................. 16

V.     CONCLUSION ............................................................................................... 17

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS ............................................ 18

REQUEST FOR JURY TRIAL ............................................................................................ 18

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

i.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

1

**TABLE OF AUTHORITIES**

2

**PAGE**

3

**CASES**

4

*Arnett v. Dal Cielo*
   14 Cal.4th 4 (1996) ................................................................................. 13, 15

5

*Branch v. Tunnell*
   14 F.3d 449 (9th Cir. 1994)........................................................................ 4

6

*Cahill v. Liberty Mut. Ins. Co.*
   80 F.3d 336 (9th Cir. 1996)........................................................................ 7

7

*City of Los Angeles v. Animal Def. League*
   135 Cal.App.4th 606 (2006) ...................................................................... 12

8

*DaFonte v. Up-Right, Inc.*
   2 Cal.4th 593 (1992) .................................................................................. 7

9

*Galbraith v. County of Santa Clara*
   307 F.3d 1119 (9th Cir. 2002)................................................................... 4

10

*Gentry v. eBay* (2002)
   99 Cal. App. 4th 816 ................................................................................. 4

11

*Graham v. DaimlerChrysler Corp.*
   34 Cal.4th 553 (2004) ................................................................................ 7

12

*Moyer v. Workmen's Comp. Appeals Bd.*
   10 Cal.3d 222 (1973) ....................................................................... 7, 13, 15

13

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) .................................. 7

14

*O'Kane v. Irvine*
   47 Cal.App.4th 207 (1996) ........................................................................ 7

15

*Parks Sch. of Business, Inc. v. Symington*
   51 F.3d 1480 (9th Cir. 1995)...................................................................... 7

16

*Rogers v Huie*
   2 Cal. 571 (1852) ....................................................................................... 17

17

**STATUTES**

18

Cal. Civ. Code

19

   § 1750 ........................................................................................................ 6

20

   §§ 1812.600–1812.609 .............................................................................. 8

21

   § 1812.600 ................................................................................................. 6

22

   § 1812.600(a) ............................................................................................ 10

23

   § 1812.601(b) ................................................................................. 10, 11, 14

24

   § 1812.601(c) ............................................................................................ 14

25

   § 1812.601(d) ...................................................................................... 12, 13

26

   § 1812.601(h) ............................................................................................ 13

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

ii.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

§ 1812.604 ................................................................................................ 10

§ 1812.605 ................................................................................................ 10

§ 1812.605(a) .............................................................................................. 6

§ 1812.605(b) .............................................................................................. 6

§ 1812.605(c) ............................................................................................ 15

§ 1812.605(d) .............................................................................................. 6

§ 1812.607(a)-(m) ................................................................................ 10, 15

§ 1812.607(b) .......................................................................... 3, 10, 14, 16

§ 1812.607(l) ............................................................................................ 16

§ 1812.608 .................................................................................................. 6

§ 1812.608(i) ............................................................................................ 15

§ 2362 ...................................................................................................... 17

CHAPTERED LAWS

Cal. Stats. 1859, ch. 317 ............................................................................ 8

Cal. Stats. 1982, ch. 1499 .......................................................................... 9

Cal. Stats. 1984, ch. 1676, § 1(d) ............................................................ 13

Cal. Stats. 1984, ch. 1676, § 14 ................................................................. 9

Cal. Stats. 1984, ch. 1676, § 26 ............................................................ 9, 13

Cal. Stats. 2004, ch. 194, § 1 ................................................................... 12

# OTHER AUTHORITIES

BILL ANALYSIS

Assembly Committee on Consumer Protection, Governmental Efficiency and
   Economic Development, Bill Analysis, AB 259, as amended March 29, 1993 ................. 9, 16

ATTORNEY GENERAL OPINIONS

86 Ops. Cal. Att'y Gen. 48, 2003 WL 1866402 (April 10, 2003) .......................................... 5, 17

Letter Op. N.D. Att'y Gen. 2005-L-40 (November 4, 2005) ....................................................... 11

Op. Tenn. Att'y Gen., No. 06-053 (March 27, 2006) ................................................................ 11

DICTIONARIES

*Webster's New Collegiate Dictionary* 669 (1980) ................................................................... 14

*Webster's Third New International Dictionary* 1152 (2002 ed.) ............................................... 12

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

iii.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

PLEASE TAKE NOTICE that on September 11, 2006 at 9:00 a.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. will move to dismiss with prejudice the claims based on the California Auction Act set forth in the Complaint. This motion is made under Federal Rule of Civil Procedure 12(b)(6).

eBay moves to dismiss with prejudice the "Third Cause of Action" on the ground that the Complaint fails to state a claim upon which relief may be granted because the California Auction Act does not apply to eBay as a matter of law. eBay further seeks a declaration that violations of the California Auction Act may not serve as predicate acts for liability under California Business and Professions Code section 17200.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

**STATEMENT OF THE ISSUE**

Does the Complaint state a legally cognizable claim under the California Auction Act?

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This class action is premised on plaintiff's allegation that eBay delays certain listings posted by sellers on eBay's website, and accordingly, plaintiff is not getting the full benefit of his bargain. Plaintiff brings this action even though eBay fully discloses its practice of delaying certain listings to protect the consumers from fraud and illegal items, and sellers are charged the same fee regardless of whether they list their items for sale for one, three, five, or seven days.[1]

---

[1] *See* Declaration of Heather C. Meservy in Support of eBay's Request for Judicial Notice ("Meservy Decl."), Exh. C, *available at* http://pages.ebay.com/help/sell/duration.html. If the seller wants to post his or her item for longer than seven days, the policy provides for 10-day listing for a slightly increased fee. *Id.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

2.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

1    Against this background, plaintiff claims that eBay's consumer protection measures

2    violate California's Auction Act, which was never intended to apply to eBay's online business

3    model. To the contrary, the Act was designed to protect customers of auction houses from

4    unscrupulous auctioneers absconding with goods entrusted to them, and to protect bidders from

5    auctioneers misrepresenting the value of goods being auctioned. Neither benefit applies here, as

6    eBay never takes possession of the goods, and never makes any representations concerning the

7    value of such goods.

8    Thus, it should be no surprise that the clear, unambiguous language of the Act—including

9    the definitions of the terms "auction," "auctioneer," and "auction company"—does not reach

10   eBay. Further, applying the Auction Act to eBay would result in comically inapt requirements

11   that eBay could never hope to meet (showing further that the Act was never meant to apply), such

12   as requiring that eBay "post" an 18 by 24 inch sign at the "entrance" of its "auctions." *See* Cal.

13   Civ. Code § 1812.607(b).

14   eBay therefore requests that the "Third Cause of Action" be dismissed without leave to

15   amend.[2]

16

17   **II.    STATEMENT OF FACTS**

18   Founded in 1995, eBay operates a person-to-person trading community over the Internet

19   in which more than 200 million users have bought and sold billions of items of virtually every

20   kind. eBay provides a virtual venue for these transactions, but it does not itself participate in the

21   transactions (a fact eBay discloses to its users before they are allowed to engage in a transaction).

22   eBay does not possess the items listed on its site, and does not have the ability to inspect,

23   examine, or appraise those items. Rather, it simply provides space on the Internet where willing

24

25   _____

26   [2]    eBay is not moving to dismiss the other claims for relief at this time, even though they are
     precluded under the Membership Agreement and incorporated policies and procedures. Nor is
27   eBay providing an answer to these other claims at this juncture to avoid piecemeal pleadings. Of
     course, eBay will file an answer to the claims as to which it is not moving to dismiss should the
28   Court deem that appropriate.

1  buyers and sellers can find each other and trade directly (hence the label "person-to-person

2  trading community").

3      To list an item for sale on eBay, a third-party seller must agree to be bound by eBay's

4  User Agreement[3] and must fill out a "Sell Your Item" form for the item to be sold. [4] On the listing

5  form, the seller must provide a description of the item and set a starting price and a reserve price,[5]

6  if any, for bidding on that item.[6]  Listings are created and edited by third-party sellers, not eBay.

7  eBay does not appraise or place a value on any item listed for sale on its website.  Indeed, eBay

8  makes no representations concerning such items.  Rather, eBay is the legal equivalent of the

9  classified advertisement section of a newspaper, empowering willing buyers and sellers to find

10  each other and trade directly. [7]

---

[3]      Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html.  The Complaint purports to attach the User Agreement as an exhibit, but the exhibit appears to have been omitted when the Complaint was filed.  Nonetheless, it is appropriate for this Court to consider the contents of the User Agreement when resolving this motion. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

[4]      *See* Meservy Decl., Exh. B, *available at* http://pages.ebay.com/help/sell/listing_ov.html (describing the process for creating a listing).

[5]      A reserve price is the hidden minimum price the bidder will accept for the item.  *See* Meservy Decl., Exh. E, *available at* http://pages.ebay.com/help/sell/reserve.html.

[6]      Meservy Decl., Exh. B, *available at* http://pages.ebay.com/help/sell/listing_ov.html.

[7]      The Office of the California Attorney General has described the process of sales on eBay as follows:

> Sellers create their own listing of items to be sold by describing each item, its category, selling format (i.e., by auction or fixed price), as well as payment methods and shipping terms. . . . [S]ellers and buyers, not eBay, initiate and directly control the selling and buying process.  eBay does not select or describe any of the items offered for sale on its website and does not set or determine any of the payment, shipping or delivery terms that may be required by the seller.  (*Cf. Gentry v. eBay* (2002) 99 Cal. App. 4th 816, 827 ["eBay is not in the business of selling or offering to sell the collectibles at issue; rather, it is the individual defendants who sold the items to the plaintiff, using eBay as a venue"]).  Nor does eBay decide the price a buyer may be willing to pay for an item or see, inspect, examine, possess, place into inventory, purchase or take title to any listed item at any time.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

4.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

The User Agreement is clear that eBay does not directly participate in the transactions between its users:

> . . . We are not involved in the actual transaction between buyers and sellers.  We have no control over and do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of listings, the ability of sellers to sell items, the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction.[8]

In addition to setting a starting price and describing the item, the seller must also choose a fixed period of time (1, 3, 5, 7, or 10 days) during which the item will be listed for sale.[9] Regardless of whether the seller chooses a 1, 3, 5, or 7 day listing, eBay charges the same listing fee.[10]  During this fixed period, potential third-party buyers can make offers to purchase the item. At the end of the fixed time period, the person who has made the highest offer is obligated to purchase the item from the seller at that price.[11]  Even if another bidder attempts to submit a higher offer after the fixed period expires, that high bidder will not be entitled to buy the item.  In other words, the sale culminates not with the highest bid, but instead when the fixed period selected by the seller expires.

Plaintiff's complaints notwithstanding, the fact is that eBay explicitly discloses that in some cases a listing may not appear immediately in search results or category listings:

> If you've listed or re-listed an item in the past few hours, or you've changed the title of an item, it might take some time (from two to six hours) for your item to appear in a keyword search or category listing.

> When you list an item on eBay, the search system immediately records the item number and your User ID. You can use this information to find the item immediately. Recording the keywords and category in the search system takes longer. This system is updated several times each day. The next time it is updated,

---

Meservy Decl., Exh. I (86 Ops. Cal. Att'y Gen. 48, 2003 WL 1866402, *1-2 (April 10, 2003)).

[8]  *See* Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html ("Liability" section).

[9]  *See* Meservy Decl., Exh. C, *available at* http://pages.ebay.com/help/sell/duration.html.

[10]  There is a small additional fee for a 10-day listing.  *Id.*

[11]  *See id.*

Cooley Godward LLP
Attorneys At Law
Palo Alto

5.

Notice of Motion and Motion to Dismiss
Complaint
Case No. C 06 2704 JW

1  your item will appear when buyers do a matching keyword search or browse the
2  category in which you listed your item.[12]

3  The same help page informs sellers that a delay may result from eBay's review of listings for

4  offensive items or violations of eBay's rules:

5      In some cases, items that are not allowed on certain eBay international sites or that
6      violate our rules will not appear in Search. Check eBay's <u>Offensive Items Policy</u> if
       you feel that this may apply to your item.[13]
7

8      Plaintiff Edgar Butler's complaint apparently arises out of this consumer protection

9  measure.  *See* Class Action Complaint ("Complaint"), filed April 20, 2006.  The gravamen of his

10 complaint is that any delay between the time a third-party seller submits an item to eBay for

11 listing and the time that the item is viewable by potential buyers violates California state law,

12 including the California Unfair Business Practices Act and the California Auction Act, California

13 Civil Code § 1812.600 et seq.  Butler alleges that eBay violated section 1812.608 of the Civil

14 Code by (1) "failing to comply with other statutes incorporated into the Auction Act," including

15 the Consumers Legal Remedies Act, California Civil Code § 1750 et seq.; (2) "failing to abide by

16 the terms of the written Agreement it has with Sellers"; and (3) "misrepresenting the terms of

17 sale."  Complaint ¶ 61(a).   He further alleges that eBay has violated section 1812.605 of the

18 Auction Act by: (1) "failing to perform its duties in accordance with the laws of this state"; (2)

19 "failing to follow all lawful requests of the Seller";  and (3) failing to "perform its duties so that

20 the highest offer is accepted."  Complaint ¶ 61(b) (citing Cal. Civ. Code § 1812.605(a), (b), and

21 (d) ).

22     Butler makes these allegations notwithstanding his express acknowledgment, when

23 signing the eBay User Agreement, that eBay is not a traditional auctioneer:

24         . . . You acknowledge that we are not a traditional auctioneer.
           Instead, the Site is a venue to allow anyone to offer, sell, and buy
25

26 _____

[12]    *See* Meservy Decl., Exh. D, *available at*
27 http://pages.ebay.com/help/find/questions/wheres-my-item.html.  A potential buyer would be able
   to find the listing if he or she knows the item number.

28 [13]    *Id.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

6.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

just about anything, at anytime, from anywhere, in a variety of pricing formats and venues, such as stores, fixed price formats and auction-style formats. . . .[14]

## III.    SUMMARY OF LEGAL STANDARDS GOVERNING THIS MOTION

Under Federal Rule of Civil Procedure 12(b)(6), this Court may dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion under Rule 12(b)(6), "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them."  *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)).  A claim should be dismissed if a statutory cause of action does not apply to the defendant's conduct as a matter of law.  *See, e.g.*, *Parks Sch. of Business, Inc. v. Symington,* 51 F.3d 1480, 1485-86 (9th Cir. 1995) (dismissal of plaintiff's statutory claim warranted where plaintiff's allegations are insufficient to bring defendant within the parameters of that statute).

## IV.    ARGUMENT

### A.    Principles of Statutory Construction

Under California law, "[t]he fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law." *O'Kane v. Irvine*, 47 Cal.App.4th 207, 211 (1996).  The first step in construing a California statute is to look to the "'usual and ordinary meaning' of the statutory language in order to discern legislative intent."  *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 571 (2004); *DaFonte v. Up-Right, Inc.*, 2 Cal.4th 593, 601 (1992) ("To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning.").  "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear."  *Moyer v. Workmen's Comp. Appeals Bd.*, 10 Cal.3d 222, 230 (1973) (citation and internal quotation marks omitted).

---

[14]     Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html ("Liability" section).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

7.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

**B.     California's Auction Act Does Not Apply to eBay.**

The California Auction Act governs traditional auctioneers and auction companies, not a company like eBay. The California legislature defined the terms "auction," "auctioneer," and "auction company" in a manner that makes clear that the Act does not apply to eBay. Not only does the plain and ordinary meaning of the Act's definitions compel this conclusion, it also comports with common sense and the Act's legislative purpose.

The Act's definitions and requirements reflect policy concerns relating to traditional auctioneers. Chief among these concerns were auctioneers who absconded with goods after falsely claiming to have sold them or who misrepresented the value of goods. These policy concerns, and the legislation enacted to address them, simply do not apply to eBay and the services it provides. Unlike an auctioneer, eBay never takes possession of the goods sold and never makes any representation about the goods' value. In fact, eBay has no contact with the goods whatsoever, which are sold by third-party sellers, not eBay. Third-party sellers initiate and directly control the selling and buying process, while eBay acts as a venue that simply provides the electronic infrastructure for the sales. eBay's role is nothing like that of an auctioneer. Indeed, it would be impossible for eBay to comply with the Act's core provisions because it simply does not engage in the regulated conduct.

Because eBay is neither an auctioneer nor an auction company, the California Auction Act does not apply to eBay as a matter of law.

**1.     The California Auction Act**

The State of California has regulated auctioneers and auctions since the mid-1800s.[15] The California legislature enacted the latest statute governing auctions and auctioneers in 1993, two years before eBay was founded. *See* Cal. Civ. Code §§ 1812.600–1812.609 (the "California Auction Act" or the "Auction Act").

The 1993 Auction Act replaced a comprehensive statutory licensing and regulatory scheme that had been administered by the California Auctioneer Commission, which was created

---

[15]     *See, e.g.*, Cal. Stats. 1859, ch. 317 (providing for licensing and bonding of auctioneers).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

8.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

1    in 1982.  *See* Cal. Stats. 1982, ch. 1499, previously codified at Cal. Bus. & Prof. Code §§ 5760-

2    5776.  Under the 1982 Act, auctioneers and auction companies had to be licensed by the

3    Auctioneer Commission.  Among other things, an individual seeking to be licensed as an

4    auctioneer had to be at least 18 years old, submit a set of fingerprints, provide passport

5    photographs, and pass an examination.  Cal. Stats. 1984, ch. 1676, § 26, previously codified at

6    Cal. Bus. & Prof. Code § 5731 (a), (f), and (g).  In addition to these licensing requirements, the

7    1982 Act imposed various substantive requirements for conducting auctions and for bookkeeping

8    by auctioneers and auction companies.  *Id.* § 5775.  The California Auctioneer Commission also

9    entertained and resolved consumer complaints against licensed auctioneers and auction

10   companies.  Cal. Stats. 1984, ch. 1676, § 14, previously codified at Cal. Bus. & Prof. Code

11   § 5717.3.

12   In the early 1990s, during a fiscal crisis in the state, the California legislature de-funded

13   the Auctioneer Commission.  The legislature enacted the current California Auction Act in 1993

14   to fill the void left when the Auctioneer Commission was disbanded.  An Assembly Committee

15   Report on the 1993 Act reflects two concrete policy concerns that motivated the legislature to

16   continue regulating auctions:

> The most common consumer complaint involved consignment of
> goods to an auctioneer who falsely claimed to have "sold" an item,
> then left the area without returning the item to the buyer. . . .
> Misrepresentation of value of goods was another common
> complaint.

20   Assembly Committee on Consumer Protection, Governmental Efficiency and Economic

21   Development, Bill Analysis, AB 259, as amended March 29, 1993.[16]

22   The California Auction Act establishes a statutory structure to regulate the conduct of

23   auctioneers and auction companies.   Among other things, the Act requires that:

> In conducting the business of auctioneering, each auctioneer
> and auction company . . . shall do all of the following:
>
> (a)      Follow all lawful requests of the owner or consignor of the
> goods being sold at auction with regard to the sale of those goods.

---

[16]      Meservy Decl., Exh. H, *also available at* http://www.leginfo.ca.gov/pub/93-
94/bill/asm/ab_0251-0300/ab_259_cfa_930401_121639_asm_comm.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

9.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

(b)    Perform his or her duties so that the highest or most favorable offer made by a member of his or her audience is accepted, except to the extent that any item or sale is offered with reserve or subject to confirmation;

(c)    Truthfully represent the goods to be auctioned.

(d)    Otherwise perform his or her duties in accordance with the laws of this state.

Cal. Civ. Code § 1812.605.  In addition, the Act has an extensive list of specific requirements for every auctioneer and auction company.  *See id.* § 1812.607(a)-(m).  Those requirements include, for example, that an 18 by 24 inch sign be posted at the entrance of an auction.  *Id.* § 1812.607(b).  The Act provides various civil and criminal penalties for violations of its provisions, *see id.* §§ 1812.604, 1812.607(a)-(m), and requires auctioneers and auction companies to maintain a $20,000 surety bond, filed with the California Secretary of State.  *Id.* § 1812.600(a).

All of the Auction Act's provisions relate to "auctions," and most apply only to "auctioneers" and "auction companies."  Because sales that take place in the virtual venue provided by eBay are not auctions and because eBay is neither an auctioneer nor an auction company, the Auction Act does not apply to eBay.

### 2.    eBay Does Not Conduct "Auctions" Within the Meaning of the California Auction Act.

The Auction Act does not apply to the sales on eBay's website because those sales are not "auctions."  The Act defines "auction" as follows:

a sale transaction conducted by means of oral or written exchanges, which include exchanges made in person or through electronic media, between an auctioneer and the members of his or her audience, which exchanges consist of a *series of invitations for offers* for the purchase of goods made by the auctioneer and offers to purchase made by members of the audience and *culminate in the acceptance by the auctioneer of the highest or most favorable offer* made by a member of the participating audience. . . .

Cal. Civ. Code § 1812.601(b) (emphasis added).

A sale on eBay is not an auction because the sale does not "culminate in the acceptance by the auctioneer of the highest or most favorable offer."  *Id.*  A sale on eBay culminates at a fixed time.  That fixed time period is selected by the third-party seller when an item is listed for sale. The sale culminates when that fixed period of time expires, regardless of whether another

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

10.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

1   potential buyer is willing to pay more for the item.  The price of the item is the highest offer made

2   prior to the expiration of the listing period.  Complaint, ¶ 19 ("The highest bidder at the

3   expiration of the allotted time wins the auction.").

4        The Attorney General of North Dakota recently concluded that sales using eBay are not

5   "auctions" under North Dakota law, based in part on the fact that sales on eBay's website do not

6   end with a sale to the highest bidder:

7           In the eBay case, the sale does not always go to the highest
        bidder. . . . If an item is offered in an auction format, the item still

8           may not go to the member willing to pay the highest price, but
        rather to the member who offers the highest price within the time

9           limit set by the seller.  Once the time limit has expired, the item is
        sold even if other members are willing to pay a higher price.

10

11          Therefore, if an auction is defined as a sale of property "to
        the highest bidder," an Internet auction service like eBay would not
        meet the definition of "auction."

12  Letter Op. N.D. Att'y Gen. 2005-L-40 (November 4, 2005).[17]  Likewise, because a sale through

13  eBay does not "culminate in the acceptance" of the highest offer, it does not constitute an

14  "auction" under California state law.

15       Additionally, an "auction" requires the services of an auctioneer who, by "exchanges"

16  with "his or her audience," engages in a "series of invitations for offers for the purchase of goods

17  made by the auctioneer and offers to purchase made by the members of the audience."  Cal. Civ.

18  Code § 1812.601(b).  eBay does not make a "series of invitations for offers."  Instead, buyers

19  make offers on items listed for sale on eBay's website by third-party sellers, and can request that

20  eBay update them on the status of their bids.  *See* Op. Tenn. Att'y Gen., No. 06-053 (March 27,

21  2006)[18] ("eBay does not so much make invitations for offers as notify purchasers as to the status

22  of their bids."); *see also* Federal Trade Commission Staff Letter, dated May 26, 2006[19] (opining

23

24  ─────────────
[17]    *See* Meservy Decl., Exh. J, *available at*

25  http://www.ag.state.nd.us/Opinions/2005/Letter/2005-L-40.pdf.

26  [18]    *See* Meservy Decl., Exh. K, *available at*
http://www.attorneygeneral.state.tn.us/op/2006/OP/OP53.pdf.

27  [19]    *See* Meservy Decl., Exh. L, *available at*

28  http://www.ftc.gov/os/2006/06/VO60015CommentstoLouisianaStateSenateImage.pdf.

11.

1   that "online auction houses" would not conduct "auctions" under a proposed amendment to

2   Louisiana's Auction Act because "there is no auctioneer who makes a 'series of invitations for

3   offers'").

4      Further, no auction occurs on eBay for the additional reason that an auction under the Act

5   requires an "auctioneer."  eBay is not an auctioneer, as discussed in section IV.B.3 below.[20]

6       **3.**  **eBay Is Not an "Auctioneer" Within the Meaning of the California**
7          **Auction Act.**

8      The Auction Act defines an "auctioneer" as: "any ***individual*** who is

9   engaged in, or who by advertising or otherwise holds himself or herself out as being available to

10  engage in, the calling for, the recognition of, and the acceptance of, offers for the purchase of

11  goods at an auction."  Cal. Civ. Code § 1812.601(d) (emphasis added).  eBay cannot be an

12  "auctioneer" within the meaning of the Act because it is not an individual and does not conduct

13  auction sales.

14        **a.**  **eBay Is Not an Individual.**

15     Because eBay is not an "individual," it is not an "auctioneer" within

16  the meaning of the Auction Act.  The usual and ordinary meaning of an "individual" is a natural

17  person.  It is not a corporation, other business entity, or a computer.  *See Webster's Third New*

18  *International Dictionary* 1152 (2002 ed.) (defining "individual" as "a single human being as

19  contrasted with a social group or institution"), *quoted in City of Los Angeles v. Animal Def.*

20  *League*, 135 Cal.App.4th 606, 623 (2006).   Consistent with this plain and ordinary meaning, the

21  definition of "auctioneer" uses "himself or herself" to refer to the auctioneer.  *Id.*

22     The Act's definition of "person" further confirms that the legislature intended "individual"

23  to have its plain and ordinary meaning.  "Person" is defined in the Act as "an individual,

24

---

25  [20]  In 2004, the California legislature amended the definition of auction to provide that
26  exchanges between an auctioneer and his or her audience could take place "through electronic
    media," but left the remainder of the definition and the Act's other definitions unchanged.  *See*
27  Cal. Stats. 2004, ch. 194, § 1.  This limited amendment simply makes clear that an auctioneer
    may accept a bid submitted electronically.  Nothing about this amendment undermines the
28  inapplicability of the Act to eBay by its plain terms.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO
          12.       NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

corporation, . . . or any other form of business enterprise," Cal. Civ. Code § 1812.601(h), thus making clear that an "individual" is distinct from a "corporation" or other business entity. Indeed, construing "individual" to include business entities would render surplusage all of words following "individual" in that definition. *See Arnett v. Dal Cielo*, 14 Cal.4th 4, 22 (1996) ("Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage.") (citation omitted); *Moyer*, 10 Cal.3d at 230 ("If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.") (citations and internal quotation marks omitted). Had the legislature intended "auctioneer" to include corporations, it would have used the term "person" rather than "individual" to define auctioneer. It did not do so, clearly evidencing an intent to limit "auctioneers" to natural persons.

Finally, "auctioneer" was defined in exactly the same way in the 1982 Auction Act. Cal. Stats. 1984, ch. 1676, § 1(d), previously codified at Cal. Bus. & Prof. Code § 5701(d). It could not be more clear that "auctioneer" as used in the 1982 Act was limited to a natural person. For example, the 1982 Act required that an "auctioneer" be at least 18 years old and provide a set of fingerprints and two passport photographs to the Auctioneer Commission. Cal. Stats. 1984, ch. 1676, § 26, previously codified at Cal. Bus. & Prof. Code § 5731(a), (e) and (f). Further, the Act required auctioneers to pass an examination, which by statute had to "include questions on the applicant's ability to read and write [and . . . ], his or her ability to call bids . . . ." *Id.* § 5732.

Because plaintiff does not and cannot allege that eBay is a natural person (i.e., an "individual"), eBay cannot be an auctioneer under section 1812.601(d).

###### b. eBay Does Not Conduct "Auctions" Within the Meaning of the California Auction Act.

Finally, the definition of "auctioneer" requires that the purchase of goods take place "at an auction." Cal. Civ. Code § 1812.601(d). Thus, eBay is not an auctioneer for the additional reason, discussed above, that the sales using eBay's electronic infrastructure do not take place at an "auction." *See* section IV.B.2 above.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

13.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

**4.    eBay Is Not an "Auction Company" Within the Meaning of the California Auction Act.**

The Auction Act defines "auction company" as "any person who arranges, manages, sponsors, advertises, accounts for the proceeds of, or carries out auction sales at locations, including, but not limited to, any fixed location, including an auction barn, gallery place of business, sale barn, sale pavilion, and the contiguous surroundings of each."  Cal. Civ. Code § 1812.601(c).  eBay is not an auction company as a matter of law because the sales on eBay (1) are not "auction sales," and (2) do not occur "at locations."

**a.    Sales on eBay Are Not "Auction Sales."**

An auction company must carry out "auction sales," which, as noted above, "culminate in the acceptance by the auctioneer of the highest or most favorable offer . . . ."  Cal. Civ. Code § 1812.601(b).  Sales on eBay are not "auction sales" because no auctioneers are involved in sales on eBay, *see* section IV.B.3 above, and because auction-style bidding on eBay culminates at a fixed time set by the seller, *see* section IV.B.2.  Because the sales on eBay are not "auction" sales, *see id.*, eBay does not meet the Act's definition of an auction company.

**b.    Bidding on Items Listed with eBay Does Not Occur "at Locations."**

The definition of "auction company" also requires that auction sales take place "at locations."  The usual and ordinary definition of "location" is "a tract of land designated for a purpose."  *See Webster's New Collegiate Dictionary* 669 (1980).  Consistent with this ordinary meaning, all of the examples of fixed locations listed in the definition of auction company are physical locations.  *See* Cal. Civ. Code § 1812.601(c).  The definition refers to the "contiguous surroundings" of the listed locations, underscoring that the definition requires a physical location.  *See id.*  Further, the requirement that a 18 by 24 inch sign be posted at the entrance of the auction demonstrates that the legislature contemplated that the Act would apply to sales at a physical location.  *See* Cal. Civ. Code § 1812.607(b).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

14.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

1    Moreover, unless location is construed to mean a physical location, the "at locations"

2    clause would be surplusage. *See Arnett*, 14 Cal.4th at 22. If the legislature had not intended to

3    limit the definition to sales at a physical location, "auction company" could simply have been

4    defined as "any person who arranges, manages, sponsors, advertises, accounts for the proceeds of,

5    or carries out auction sales." Instead, the legislature chose to include the location language and

6    that language should be given effect. *See Moyer*, 10 Cal.3d at 230. Simply put, eBay's services

7    are not provided at a location.

8    In any event, the sale itself occurs independently of any action taken by eBay. As stated

9    in eBay's User Agreement:

10           We do not transfer legal ownership of items from the seller to the
             buyer, and nothing in this agreement shall modify the governing
11           provisions of California Commercial Code § 2401(2) and Uniform
             Commercial Code § 2-401(2), under which legal ownership of an
12           item is transferred upon physical delivery of the item to the buyer
             by the seller. Unless the buyer and the seller agree otherwise, the
13           buyer will become the item's lawful owner upon physical receipt of
             the item from the seller, in accordance with California Commercial
14           Code § 2401(2) and Uniform Commercial Code § 2-401(2).[21]

15   Because sales on eBay's website do not involve "auction sales" at a "location," eBay is not an

16   auction company within the meaning of the Auction Act.

17           **5.    The Auction Act's Requirements Further Demonstrate That the Act
                     Was Not Intended To Apply to eBay's Business.**
18
19           The vast majority of the duties imposed on auctioneers and auction companies by

20   the Auction Act would make no sense if applied to eBay. These duties are targeted to traditional

21   auctioneers, not companies like eBay that provide an electronic venue for online sales of goods.

22   For example, the Act requires that auctioneers and auction companies:

23   •   "[t]ruthfully represent the goods to be auctioned," Cal. Civ. Code § 1812.605(c); *see also
         id.* § 1812.608(i).
24
25   •   timely pay all proceeds due to the owner or consignor of all auctioned goods, *see* Cal. Civ.
         Code § 1812.607(i); *see also* Cal. Civ. Code § 1812.607(j) (requiring the
26

27   [21]     *See* Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-
     agreement.html ("Liability" section).
28

auctioneer/auction company to maintain the funds of all owners, consignors, and buyers separate from auctioneer's/auction company's personal funds).

- return blank checks or deposits of buyers who made no purchases at the sale, *see* Cal. Civ. Code § 1812.607(l).

- post an 18 by 24 inch sign at the main entrance to each auction, *see* Cal. Civ. Code § 1812.607(b).

None of these basic requirements of the Act could be applied to eBay because they govern things eBay does not, and cannot, do.   Unlike a traditional auctioneer, eBay makes no representations whatsoever about the goods to be sold.  As stated in the User Agreement:

> We have no control over and do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of listings, the ability of sellers to sell items, the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction.[22]

Likewise, eBay does not obtain the goods on consignment, collect the proceeds of any sale, or receive blank checks or other forms of deposit from potential buyers.  *See* Meservy Decl., Exh. A ("Liability" section) ("We are not involved in the actual transaction between buyers and sellers.").

These requirements illustrate that the Auction Act was intended to apply to traditional auctioneers, not a company like eBay that does no more than provide an online venue for the sale of goods.

**6.  The Legislative History of the Auction Act Confirms That It Was Not Intended To Apply to eBay.**

The California legislature expressed two primary policy concerns when enacting the Auction Act to fill the void left when the Auctioneer Commission disbanded:

> The most common consumer complaint involved consignment of goods to an auctioneer who falsely claimed to have "sold" an item, then left the area without returning the item to the buyer. . . . Misrepresentation of value of goods was another common complaint.

Assembly Committee on Consumer Protection, Governmental Efficiency and Economic Development, Bill Analysis, AB 259, as amended March 29, 1993.

---

[22] *See* Meservy Decl., Exh. A, *available at* http://pages.ebay.com/help/policies/user-agreement.html ("Liability" section).

Cooley Godward llp
Attorneys At Law
Palo Alto

16.

Notice of Motion and Motion to Dismiss
Complaint
Case No. C 06 2704 JW

These concerns simply are not implicated by a business like eBay's. eBay never takes possession of the goods and never makes any representation about the value of the goods. Rather, it is the seller that possesses the item, lists the item for sale, makes representations about the item's quality and value, sets a starting price for bidding and reserve price, if any, and completes the transaction with the buyer. eBay plays no role in those activities. As such, the primary statutory purposes cannot be advanced by applying the Auction Act to eBay (that is, there is no risk that eBay would abscond with auctioned goods—it never has access to them; nor could misrepresentations about the value or nature of those goods be committed by eBay—the third party sellers, not eBay, author the listings).

In short, eBay's business model is wholly unlike that of a traditional auctioneer who acts as the seller's agent in selling an item. *See* Meservy Decl., Exh. H (86 Ops. Cal. Att'y Gen. 48, 2003 WL 1866402, *4 (citations omitted));  Cal. Civ. Code § 2362; *Rogers v Huie*, 2 Cal. 571, 573 (1852).  Indeed, eBay's User Agreement expressly disclaims any agency relationship with its users.[23] Because eBay does not act as a traditional auctioneer or auction company, the concerns that animated the passage of the California Auction Act simply do not apply.

## V.  CONCLUSION

For all of these reasons, Defendant eBay Inc. respectfully requests that this Court dismiss with prejudice, and without leave to amend, the "Third Cause of Action" for "Violation of the California Auction Act" and declare that alleged violations of the California Auction Act may not serve as predicate acts for violations of California Business and Professions Code section 17200.

---

[23] *See* Meservy Decl., Exh. A, , *available at* http://pages.ebay.com/help/policies/user-agreement.html ("No Agency" section).

Cooley Godward llp
Attorneys At Law
Palo Alto

17.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**REQUEST FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, eBay hereby requests a jury trial as to all the issues to which it is so entitled.

Dated: June 7, 2006                    Respectfully submitted,

                                       COOLEY GODWARD LLP
                                       MICHAEL G. RHODES (116127)
                                       JOHN C. DWYER (136533)
                                       LORI R.E. PLOEGER (202113)
                                       HEATHER C. MESERVY (223782)


                                       /s/ John C. Dwyer
                                       _____
                                       John C. Dwyer (136533)
                                       Attorneys for Defendant
                                       eBay Inc.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

18.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT
CASE NO. C 06 2704 JW

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2006, I electronically filed the foregoing **DEFENDANT EBAY INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email address:

Michael J. Saltz                                    email:
Jacobson, Russell, Saltz & Fingerman, LLP          msaltz@jrsfllp.com

Austin Tighe, Esq.                                  email:
Feazell & Tighe LLP                                 austin@feazell-tighe.com

Patrick Mulligan                                    email:
Eric Roberson                                       eroberson@mulliganlaw.com
The Law Office of Patrick J. Mulligan, P.C.

      s/ Heather C. Meservy
**_Heather C. Meservy_**
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email:  hmeservy@cooley.com

ATTORNEYS FOR Attorneys for Defendant
eBay Inc.

19.