1  Edward S. Zusman (SBN 154366)
   Kevin K. Eng (SBN 209036)
2  MARKUN ZUSMAN & COMPTON, LLP
   465 California Street, Suite 500
3  San Francisco, CA 94104
   Telephone: (415) 438-4515
4  Facsimile: (415) 434-4505

5  Ilan Chorowsky (Admitted Pro Hac Vice)
   Chorowsky Law Offices
6  1130 N. Dearborn Street
   Suite 3110
7  Chicago, IL 60610
   Telephone: (312) 643-5893
8  Facsimile: (312) 643-5894

9  Frank Jablonski (Admitted Pro Hac Vice)
   Progressive Law Group LLC
10 354 W. Main Street
   Madison, WI 53703
11 Telephone: (608) 258-8511
   Facsimile: (608) 442-9494

12
   Noah Shube (Admitted Pro Hac Vice)
13 The Law Offices of Noah Shube
   434 Broadway, Sixth Floor
14 New York, NY 10013
   Telephone: (212) 274-8638

15
16 Attorneys for Plaintiff

17              UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19                   SAN JOSE DIVISION

20 THE MISSING LINK, INC., d/b/a BATH      Case No. C 07 4487 RMW
   PLUS INC., individually and on behalf of all   Related to Case No. C 07-02198 RMW
21 others similarly situated,
                                           **OBJECTIONS AND MOTION TO**
22              Plaintiff,                 **STRIKE SUPPLEMENTAL**
                                           **DECLARATION OF HEATHER C.**
   v.                                      **MESERVY IN SUPPORT OF**
23                                         **DEFENDANT EBAY INC.'S**
   EBAY, INC.,                             **SUPPLEMENTAL REQUEST FOR**
24                                         **JUDICIAL NOTICE**
                Defendant.
25

26                                         Date:       March 14, 2008
                                           Time:       9:00 a.m.
27                                         Courtroom:  6, 4th Floor
                                           Judge:      Hon. Ronald M. Whyte
28

1    **I.      INTRODUCTION**

2           Plaintiff The Missing Link, Inc., d/b/a Bath Plus, Inc. respectfully submits these

3    objections and motion to strike evidence that Defendant eBay, Inc. submitted with its Reply in

4    support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

5    Procedure.

6           Plaintiff filed its opposition to eBay's motion to dismiss, and concurrently filed objections

7    to eBay's request for judicial notice ("RJN"). eBay filed a reply in support of its RJN, and in it

8    not only responded to Plaintiff's opposition and objections, but also made a supplemental request

9    for judicial notice (the "Supplemental RJN"). (*See* Docket No. 34.) In support of its

10   Supplemental RJN, eBay submitted additional evidence through the Supplemental Declaration of

11   Heather C. Meservy In Support of Defendant eBay Inc.'s Supplemental Request For Judicial

12   Notice (the "Supplemental Declaration"). (*See* Docket No. 35.)

13          As Plaintiff set forth in its objections and opposition to the motion to dismiss, the RJN is

14   improper because it fails to meet the requirements of Federal Rule of Evidence 201, and

15   improperly seeks to resolve disputed factual issues through a motion to dismiss. The new

16   evidence that eBay submits in its Supplemental RJN suffers from the same defects and should be

17   disregarded.

18          Moreover, eBay's newly submitted extrinsic evidence suffers from an additional defect.

19   This new evidence consists of: (1) a document which purports to be one of the myriad pages from

20   a prior version of eBay's website (from an unverified, unknown and disputed time frame); and (2)

21   a copy of eBay's motion to dismiss from a previously filed (and now closed matter, pursuant to a

22   settlement). This is the same type of evidence that eBay submitted in its original RJN to support

23   its motion to dismiss, namely hard copies of web pages and pleadings from an unrelated case. If

24   this new evidence is as relevant to the motion to dismiss as eBay claims it is (a contention which

25   Plaintiff contests), it should have been included with the moving papers.

26          In rare circumstances, it may be appropriate to make supplemental submissions on a reply,

27   for example in connection with an issue that was reasonably unforeseen at the time that moving

28   papers are filed. The circumstances of this case are a far cry from those unforeseeable situations.

1

1   The evidence submitted through the Supplemental Declaration is the very same type of evidence

2   as eBay originally submitted.  Also, eBay submits this new evidence in support of the identical

3   legal issues that it asserted in its moving papers.

4           Thus, the impropriety of eBay's manipulation of judicial notice to foreclose factual issues

5   at the pleadings stage is exacerbated by the submission of even more extrinsic evidence with its

6   Supplemental Request only through its Reply papers.  The Supplemental Declaration, including

7   exhibits, should stricken.

8

## II.     LEGAL ANALYSIS

10          As with the extrinsic evidence that eBay submitted in support of its original RJN, the

11  newly-submitted evidence does not meet the standards for judicial notice.  *Castillo-Villagra v.*

12  *INS*, 972 F.2d 1017, 1026 (9th Cir. 1992) (judicial notice only appropriate "where the fact is 'not

13  subject to reasonable dispute,' . . . 'generally known within the territorial jurisdiction," or is

14  'capable of accurate and ready determination'" through sources whose accuracy are not

15  questioned) (quoting FED. R. EVID. 201(b)).  The web page that is attached in eBay's

16  Supplemental RJN and Supplemental Declaration is disputed.  Plaintiff challenges eBay's

17  business practices and conduct, notwithstanding the contract terms.  Moreover, eBay's evidence

18  does not establish that eBay disclosed, or was contractually empowered to shorten a purchased

19  listing period.  (At most, at relevant times eBay disclosed that a listing could be delayed, but not

20  would be delayed *or* shortened.)  Further, the Supplemental Declaration may be sufficient to

21  authenticate the current state of the web page as it now exists in an archive maintained by eBay,

22  and from which it was recently printed, on *February 29, 2008*.  However, the Supplemental

23  Declaration sets forth no basis for establishing any facts as they existed five years before the web

24  page was printed as claimed by eBay.

25          Further, Exhibit A attached to the Supplemental Declaration in other respects fails to meet

26  the requirement that it be "capable of accurate and ready determination through sources whose

27  accuracy [is] not questioned . . . ."  eBay essentially states that the web page attached to the

28  Supplemental Declaration forms the "terms of the agreement between the parties," (Reply Brief at

2

4:1-3), and was "present on eBay's website as early as 2003." (Reply at 4:6-7.) However, the Supplemental Declaration and Exhibits attached thereto cannot be considered for such conclusions, because they do not demonstrate *when* said web page was published on eBay's web site, except on February 29, 2008.[1] Again, because of the disputed nature of this evidence, judicial notice is improper. *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1998); *United States v. Wilson*, 631 F.2d 118, 120 (9th Cir. 1980).

Additionally, eBay attaches a copy of its motion to compel, which it filed in a previously-filed, and unrelated, action – the *Butler* litigation. (Supplemental Declaration, Exh. B.) However, eBay's allegations or arguments asserted in the *Butler* action are nowhere alleged in the complaint, nor do they form any part of Plaintiff's claims. The unrelated motion to dismiss may not be judicially noticed. *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003) (denying judicial notice where document's "contents are not alleged in the . . . complaint . . . ."). Further, eBay proffers this extrinsic evidence to make an improper evidentiary showing. eBay claims that its motion to dismiss from the *Butler* case proves that eBay implemented "improved disclosures . . . prior to the filing of this action in August 2007." (Reply ISO Motion Dismiss, 4 n. 4.) This statement is a transparent effort by eBay to obtain an impermissible factual conclusion that transgresses the limited purpose for which court records may be judicially noticed. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'") (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)).

Not even judicial opinions may be judicially noticed for claim or issue preclusive effect in this manner. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003). eBay's attempt is all the

---

[1] Plaintiff further disputes the accuracy of the web page attached to the Supplemental Declaration as Exhibit A and authenticated on February 29, 2008, in that upon completion of discovery, Plaintiff expects to show that said web page was materially different than the content of any equivalent web page published on eBay's website at times relevant to Plaintiff's claims. (Of course, Plaintiff also disputes the import of this web page to Defendant's motion to dismiss because its content does not address Plaintiff's claim that eBay unlawfully shortens the listing duration).

3

more improper because it relies merely on its own motion to dismiss.  The *Butler* motion to dismiss is irrelevant to any matters currently at issue in this action.  *United States v. Burlington N. & Santa Fe Rwy Co.*, 502 F.3d 781, 790 n.2 (9th Cir. 2007) (citing *United States ex rel. Robinson Rancheria Citizens council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) (internal quotations omitted).

In short, because both pieces of extrinsic evidence are extraneous to this case, the Supplemental Declaration should be stricken.  *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("Such extraneous evidence should not be considered in ruling on a motion to dismiss.").  eBay's attempt to use judicial notice to summarily resolve factual questions and quash Plaintiff's legal rights at the pleadings stage is improper.  *See United States v. Ritchie*, 342 F.3d at 909 ("The underlying facts relevant to the adjudication of this case-what notice procedures the DEA used, whether [plaintiff] had actual notice, and so on-do not remotely fit the requirements of Rule 201."); *In re Marquam Investment Corp.*, 942 F.2d 1462, 1467 (9th Cir. 1991); *see also Sears, Roebuck & Co. v. Metropolitan Engravers*, 245 F.2d 67, 70 (9th Cir. 1957) (reversing grant of motion to dismiss where judicial notice used to refute allegations of complaint).

Because this new evidence is improper and cannot be considered through a Rule 12(b)(6) motion, it should be stricken.  *See United States ex. Rel. Unite Here v. Cintas Corp.*, No. C 06-2413 PJH, 2007 WL 4557788, *16 (N.D. Cal. Dec. 21, 2007).

///
///
///
///
///
///
///
///
///

4

1    **III.    CONCLUSION**

2          As set forth above, the requirements for judicial notice are not satisfied.  FED. R. EVID.

3    201(b).  In fact, eBay's Supplemental RJN entirely disregards the boundaries of proper judicial

4    notice and compounds the deficiencies of its original RJN.  The extrinsic evidence that is

5    submitted in eBay's Supplemental RJN is improper, and the Supplemental Declaration should be

6    stricken in its entirety.

7

8                                                Respectfully submitted,

9    Dated: March 11, 2008                       MARKUN ZUSMAN & COMPTON LLP

10

11                                               By: ___/s/Kevin K. Eng_____
                                                     Kevin K. Eng

12                                               Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28