Edward S. Zusman (SBN 154366)
Kevin K. Eng (SBN 209036)
MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

Ilan Chorowsky (Admitted Pro Hac Vice)
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610
Telephone: (312) 643-5893
Facsimile: (312) 643-5894

Frank Jablonski (Admitted Pro Hac Vice)
Progressive Law Group LLC
354 W. Main Street
Madison, WI 53703
Telephone: (608) 258-8511
Facsimile: (608) 442-9494

Noah Shube (Admitted Pro Hac Vice)
The Law Offices of Noah Shube
434 Broadway, Sixth Floor
New York, NY 10013
Telephone: (212) 274-8638

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EBAY INC.,<br><br>Defendant. | Case No. C 07 4487 RMW<br><br>**REVISED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 25, 2008<br>Time: 10:30 a.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |

Plaintiff The Missing Link, Inc. d/b/a Bath Plus Inc. and Defendant eBay Inc. jointly submit this Case Management Statement pursuant to the Federal Rules of Civil Procedure, Rules 16 and 26(f) and Civil Local Rule 16-9.

1

1. **JURISDICTION AND SERVICE**

Plaintiff premises jurisdiction on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and other provisions of law. Plaintiff alleges the total amount in controversy in this case exceeds $5,000,000 in the aggregate, there exists at least minimum diversity of citizenship, and the number of putative class members in the aggregate exceeds 100. Defendant does not contest jurisdiction.

eBay is the sole defendant and has been served.

2. **FACTS**

A.  Plaintiff's Allegations

Plaintiff The Missing Link, Inc., d/b/a Bath Plus, Inc. ("Missing Link" or "Plaintiff") brings this putative class action against Defendant eBay Inc. ("eBay" or "Defendant"), concerning eBay's online services. At relevant times, Missing Link has advertised and sold bathroom fixtures on eBay.com. As a registered eBay seller, Plaintiff has purchased listings in various formats using eBay's online "Sell Your Item" form, and paid fees to advertise, or "list," items for sale on eBay.com, for various, specified durations (e.g., 24 hours).

Plaintiff alleges that shoppers who visited eBay's site could not shop for Plaintiff's listed items either for the full duration of the listing that Plaintiff purchased, and/or "immediately" or at designated listing start times, per their agreement with eBay. Plaintiff further contends that eBay failed to disclose, adequately or at all, that listings would be for less than the duration contracted for, and that such listings would not commence immediately or at the designated start time as contracted for. Plaintiff contends that any purported disclaimers on eBay's website: (1) cannot cure eBay's misconduct, (2) were not published at all relevant times, and/or (3) only further mislead sellers like Plaintiff. Thus, Plaintiff alleges breach of contract, violation of the Unfair Competition Law, and unjust enrichment individually and on behalf of the Listing Class.

Plaintiff also opened and maintained an "eBay Store," whereby Plaintiff created and purchased "Good 'Til Canceled" listings. eBay promoted purchases of eBay Stores and "Good 'Til Canceled" listings as a means by which to advertise items for long periods of time at a low cost. Plaintiff alleges that in purchasing these "Good 'Til Canceled" listings, it contracted with

2

eBay to pay a fixed monthly fee until the item(s) in the listing sold or Plaintiff chose to cancel. However, eBay unlawfully increased the monthly fee for pre-existing "Good 'Til Canceled" listings, i.e. listings which contained items posted prior to any notice of the fee increase from eBay. As a result, Plaintiff alleges breach of contract individually and on behalf of the Good 'Til Canceled Class.

B. eBay's Allegations

eBay contends that new listings are immediately viewable; they simply are not searchable by the general public until eBay has conducted its trust and safety screening to detect, for example, fraudulent, offensive and other inappropriate conduct. eBay further contends that this delay in searchability is fully disclosed to sellers through eBay's User Agreement and the policies and help pages incorporated by reference into eBay's User Agreement. Finally, eBay contends that it had the right under the contracts between the parties to unilaterally alter (with notice) fees associated with listings, including "Good 'Til Cancelled" listings.

**3. LEGAL ISSUES**

The chief legal issues are whether eBay's conduct, as generally alleged above and stated in greater detail in the Complaint, constitutes breach of contract, unjust enrichment, and/or violations of the California Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200 et seq.

**4. MOTIONS**

On October 9, 2007, eBay filed an Administrative Motion to Relate the *Missing Link* and *Ewert* Cases, in the earlier-filed action *Ewert v. eBay, Inc*., Northern District of California case number 07-CV-2198 RMW ("*Ewert*"). By order of January 11, 2008, the Court related this action to *Ewert*.

On November 15, 2007, eBay filed a Motion to Dismiss all counts. Hearing was held on eBay's motion on March 14, 2008 and is currently under submission. The parties anticipate the following pretrial motions: motion for class certification and motions for summary judgment or partial summary judgment.

///

1  **5.    AMENDMENT OF PLEADINGS**

2  Plaintiff anticipates that it may seek leave to amend the Complaint if Defendant's motion
3  to dismiss is granted in any respect. Plaintiff does not anticipate any other amendments to the
4  pleadings at this time.

5  **6.    EVIDENCE PRESERVATION**

6  eBay has represented that it has instituted evidence preservation practices with respect to
7  evidence that is potentially relevant in this action, based on the prior-filed actions identified
8  below. *See infra*, Section 10. Plaintiff has also taken measures to preserve evidence potentially
9  relevant to this action.

10 **7.    DISCLOSURES**

11 The parties have not served initial disclosures pursuant to Federal Rule of Civil Procedure
12 26(a). The parties do not agree as to timing of discovery and pretrial motions (*see infra*, Section
13 17) but eBay has agreed to serve initial disclosures by May 2, 2008 if the Court adopts Plaintiff's
14 proposed deadlines.

15 **8.    DISCOVERY**

16 The parties propose that discovery proceed on a bifurcated schedule, focusing first on
17 class certification issues and discovery pertaining to any named Plaintiff in this action, prior to
18 briefing on class certification. The parties propose merits discovery (other than with respect to
19 any named Plaintiff in this action) proceed after the class certification phase. Plaintiff's proposed
20 timing for discovery is set forth in detail below. *See infra*, Section 17 (Scheduling).

21 The parties further stipulate to the following with respect to class certification discovery:
22 <u>Interrogatories</u>: Up to a total of 40 propounded by Plaintiff and up to a total of 40 by Defendant.
23 <u>Depositions</u>: Up to a total of 10 by Plaintiff and 10 by Defendant.

24 Other than the above stipulations, the parties have no proposed modifications to the
25 governing provisions of the Federal Rules of Civil Procedure.

26 **9.    CLASS ACTION ISSUES**

27 Plaintiff alleges that the putative class is comprised of two classes: those sellers who
28 purchased "Good 'Til Cancelled" listings (the "GUC Class"), and those sellers whose listings

4

were posted for less than the duration promised (the "Listing Class"). Plaintiff alleges that certification of both classes is appropriate under Rule 23(a) and 23(b)(1)-(3). Plaintiff intends to seek certification within the time frames set forth below, *see infra*, Section 17, subject to the Court's approval of the proposed pretrial and trial schedule.

eBay contends that class certification is not appropriate for either of the proposed classes on various separate and independent grounds (not enumerated here).

**10.    RELATED CASES**

Counsel for the parties previously identified two actions in this District as potentially "related" to this action within the meaning of L.R. 3-12(a):

*Butler v. eBay*, Case No. C 06-2704 JW (closed)

*Ewert v. eBay*, Case No. C 07-2189 RMW

As noted *supra* in Section 4, on October 9, 2007, this action has been related to the earlier-filed action *Ewert v. eBay, Inc.*, Northern District of California case number 07-CV-2198 RMW (the *Butler* case is currently closed). At this time, no ruling on that motion has been issued.

**11.    RELIEF**

Plaintiff seeks: class certification as detailed above, *see supra*, Section 9; a finding that the complained of conduct constitutes a breach of contract, unjust enrichment, and violation of the UCL; and damages along with interest, and attorneys' fees and costs.

eBay denies that Plaintiff is entitled to such relief and requests that the court deny Plaintiff's prayer for relief in its entirety, enter judgment in eBay's favor and against Plaintiff, award eBay costs of suit incurred in defense of this action, and order such other relief as the Court deems proper.

**12.    SETTLEMENT AND ADR**

The parties filed their Stipulation and Proposed Order Selecting ADR Process on November 20, 2007, in which they requested an ADR phone conference pursuant to Civil L.R. 16-8 and ADR L.R. 3-5. The parties believe that settlement discussions and ADR are premature at this time. The parties have discussed and are willing to participate in private ADR in the form

1  of mediation, but cannot ascertain at this point when such mediation would be fruitful.  In any
2  event, mediation would not be considered until after the disposition of eBay's currently pending
3  Motion to Dismiss.

4  **13.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**
5  All parties have not consented to a magistrate for all purposes.

6  **14.    OTHER REFERENCES**
7  The parties do not believe this case is suitable for reference to binding arbitration, a
8  special master, or the Judicial Panel on Multidistrict Litigation.

9  **15.    NARROWING OF ISSUES**
10  Other than the agreed-to proposals relating to scheduling and pretrial management as set
11  forth in this Joint Case Management Statement, the parties do not have any further suggestions
12  for narrowing of issues at this time.

13  **16.    EXPEDITED SCHEDULE**
14  The parties do not believe this case is suitable for expedited treatment with streamlined
15  procedures.

16  **17.    SCHEDULING**
17  The parties have been unable to reach an agreement as to proposed scheduling.  eBay
18  believes that discovery should be stayed until after the pleadings are set.  Plaintiff believes that
19  the deadlines set forth below should be adopted.  eBay does not join in the proposed scheduling,
20  except to the extent that if the Court adopts this proposal, that Rule 26 initial disclosures will be
21  served May 2, 2008.

| EVENT | PROPOSED DEADLINE |
|---|---|
| **Rule 26(a)(1) Initial Disclosures** | May 2, 2008 |
| **Parties To Identify Any Experts Who Will Testify in Support of or in Opposition to Class Certification, and To Serve Any Expert Reports Regarding Class Certification.** | June 30, 2008 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| **Completion of Class Certification and Named Plaintiff Discovery** | August 14, 2008 |
| **File Any Motion for Class Certification and/or Memorandum in Support Thereof** | August 15, 2008 |
| **File Any Opposition to Motion for Class Certification** | 30 days after filing of Motion for Class Certification/ Memorandum in Support of Class Certification |
| **File Any Reply in Support of Motion for Class Certification** | 30 days after filing of any Opposition to Motion for Class Certification |
| **Hearing on Motion for Class Certification** | October 17, 2008<br><br>However, the parties will propose to amend this date to an earlier date, in the event that briefing on any Motion for Class Certification is completed substantially in advance of this date. |
| **Remaining, Merits-Based Discovery May Proceed** | One Day After Hearing on Motion for Class Certification. |
| **Fact Discovery Completion Date** | 120 Days after Ruling on Motion for Class Certification. |
| **Parties To Identify Any Experts Who Will Testify Other Than With Respect to Class Certification Issues, and Provide Any Corresponding Expert Reports.** | 150 Days after Ruling on Motion for Class Certification. |
| **Expert Discovery Completion Date** | 180 Days after Ruling on Motion for Class Certification. |
| **Deadline for Dispositive Motions** | 210 Days after Ruling on Motion for Class Certification. |

///

**18.    TRIAL**

Plaintiff requests a jury trial, and estimates a 6 day trial. eBay also requests a jury trial and anticipates eight (8) days for its defense.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

eBay filed its Certification of Interested Parties on November 15, 2007, certifying that as of that date, other than the named parties, there is no such interest to report.

**20.    OTHER MATTERS**

At this time, the parties are not aware of any other matters that may be conducive to the just, speedy and inexpensive resolution of this matter.

Respectfully submitted,

April 15, 2008    MARKUN ZUSMAN & COMPTON LLP
DAVID S. MARKUN (108067)
EDWARD S. ZUSMAN (154366)
KEVIN K. ENG (209036)

By: ___/s/ Kevin K. Eng_____
        KEVIN K. ENG

Attorneys for Plaintiff

April 15, 2008    COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
JOSEPH S. LEVENTHAL (221043)

By: ___/s/ Joseph S. Leventhal_____
        JOSEPH S. LEVENTHAL

Attorneys for Defendant