**E-FILED on** ___5/5/08___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EBAY, INC.,<br><br>　　　　　Defendant. | No. C-07-04487 RMW<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>**[Re Docket No. 11]** |

On August 29, 2007, The Missing Link, Inc., d/b/a Bath Plus, Inc. ("Bath Plus") filed a putative class action against defendant eBay, Inc. ("eBay") asserting claims for breach of contract, violation of Cal. Bus. & Prof. Code § 17200 and unjust enrichment on behalf of two classes of plaintiffs. eBay moves to dismiss the putative class action. For the reasons set forth below, the court grants in part and denies in part the motion.

## I. BACKGROUND

eBay is "the largest virtual retail store and auction site on the internet. Compl. ¶ 16. To post items for sale on eBay.com, a seller must register as a seller with eBay and complete an online form for a listing on eBay's site, which includes a description of the item and quantity for sale as well as a duration for the listing to be available. *Id.* ¶ 18. For each listing, sellers are charged an "insertion

fee" and a "final value fee," which is a percentage of the item's final selling price. Sellers provide financial account information from which eBay automatically debits fees in connection with listings, which include a fee for posting the listing, fees upon sale of a listed item, and fees for optional services designated by the seller. *Id.* ¶ 19.

Plaintiff Bath Plus sells bathroom fixtures online. *Id.* ¶ 6. It has a seller's account on eBay, and has purchased listings in various formats using eBay's "Sell Your Item" form. *Id.* eBay's listing forms such as the "Sell Your Item" form, require sellers to select the duration of the listing (i.e., how long the listing is to be available). *Id.* ¶ 22. These durations are typically for 1, 3, 5, 7 or 10 days. *Id.* ¶ 23. According to plaintiff, eBay represents that these listings begin immediately upon completion of the listing form unless the seller chooses a "scheduled listing" option to designate an alternative start time. *Id.* ¶ 24. eBay also sends emails after the completion of the listing form and after the selected duration has ended, indicating to the nearest minute at what time the listing has started and what time it ended. *Id.* ¶ 25. Bath Plus alleges that on October 22, 2006 it purchased a listing with a duration of 24 hours, but that the listing was not immediately searchable by eBay users. *Id.* ¶¶ 6, 33. Rather, although Bath Plus received an email confirming the start time of the listing, the listing only became searchable on eBay approximately four hours later. *Id.* ¶ 33. eBay did not extend the availability of the listing to accommodate for the delay in searchability. *Id.* Plaintiff alleges that all such fixed-duration listings would become searchable only up to several hours after the listing form was completed, but the clock would start running on the selected duration even before the listing was searchable, thereby depriving plaintiff and others similarly situated of the full benefit of the duration selected for the listing. *Id.* ¶¶ 27-30.

eBay also offers "Good 'Til Cancelled" listings ("GUC listings"). GUC listings differ from most eBay listings in that they do not have a fixed duration, rather they automatically renew until they are cancelled by the seller or the listed item is purchased. eBay charges a monthly "insertion rate" for each item until it is sold or the listing is cancelled by the seller. eBay automatically charges the seller the monthly insertion rate. *Id.* ¶ 37. When the item is sold, eBay charges a "final value fee," which is a percentage of the value for which the item sells.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-04487 RMW
MAG                                                                                  2

Bath Plus opened and maintains an "eBay Store" for which Bath Plus created GUC listings. *Id.* ¶ 6. Bath Plus alleges that eBay "unlawfully and unfairly" increased the rates and fees for the GUC listings. *Id.* ¶ 6. On or about July 19, 2006, eBay announced that effective August 22, 2006, it would increase the monthly insertion rate for GUC listings from 2 cents per listing to approximately 5 to 10 cents per listing. *Id.* ¶ 38. It also announced that it would increase the percentage it charged upon the final sale of an item, taking a greater percentage than previously taken. *Id.* Plaintiff alleges that eBay applied the insertion rate and final fee rates to items that were listed as GUC listings prior to the July 19, 2006 announcement, rather than applying the new rate and fee percentages to GUC listings that were created after the August 22, 2006 effective date. *Id.* ¶¶ 39-40, 42. Plaintiff contends that this is a breach of contract with respect to items listed prior to the effective date, because the parties had agreed to the 2 cent per item insertion rate and the lower fee percentage for final sale, and not to the higher fees and rates set forth in the July 19, 2006 announcement. *Id.* ¶ 40.

Bath Plus seeks to bring the instant action on behalf of two different classes of plaintiffs. The first class, according to plaintiff, consists of all persons and entities who, before July 19, 2006 paid for listings on eBay.com that used eBay's "Good 'Til Cancelled" format ("the GUC Class"). *Id.* ¶ 8. Plaintiff asserts a single cause of action for breach of contract on behalf of the GUC class. The second class, according to plaintiff, consists of all persons and entities who paid to list one or more items for sale on eBay.com in any format but whose listing was not advertised for sale on eBay.com for the entire duration purchased ("the Listing Class"). *Id.* ¶ 9. Plaintiff seeks to assert three causes of action on behalf of the Listing Class: breach of contract, unfair competition under Cal. Bus. & Prof. Code § 17200 and unjust enrichment.

## II. ANALYSIS

### A. Request for Judicial Notice

As an initial matter, eBay asks for judicial notice pursuant to Federal Rule of Evidence 201 of the following documents:

- eBay's User Agreement effective July 9, 2007, Decl. Heather Meservy in Support of RJN ("Meservy Decl."), Ex A;

- eBay's User Agreement effective May 25, 2003, *id.*, Ex. I (previously filed as Exhibit A to eBay's Motion to Dismiss in *MediterraneanCoins GmbH et al. v. eBay Inc.*, et al, N.D. Cal. Case No. 05-03533 JF);

- eBay's User Agreement effective February 1, 2006, *id.*, Ex. J (previously filed as Exhibit A to eBay's Motion to Dismiss in *Butler v. eBay, Inc.*, N.D. Cal. Case No. 06-02704 JW);

- eBay's "Sell Your Item" form, *id.*, Ex. K;

- eBay's "Creating a Listing" help page, *id.*, Ex. B;

- eBay's "Selecting a Listing Duration" help page, *id.*, Ex. C;

- eBay's "eBay.com Fees" help page, *id.*, Ex. D;

- eBay's "The item I listed for sale isn't showing up when I search for it. How can I find it?" help page, *id.*, Ex. E;

- eBay's "eBay Stores Fees" help page, *id.*, Ex. F;

- eBay's "Finding Your Listing" help page, *id.*, Ex. G;

- eBay's "eBay Stores Fees," printed October 29, 2007, *id.*, Ex. H;

- eBay's "Finding Your Listing" help page, printed February 29, 2008, Supplemental Decl. Heather Meservy in Support of Supplemental RJN ("Supp. Meservy Decl."), Ex. A

- the complaint filed in *Butler* on April 20, 2006, Meservy Decl., Ex. L; and

- Joint Stipulation of Dismissal and Order Thereon, filed February 22, 2007 in *Butler*, *id.*, Ex. M.

- eBay's Motion to Dismiss filed in *Butler* on June 7, 2006.

Plaintiff opposes eBay's request.[1]

Federal Rule of Evidence 201(b) permits judicial notice of facts "not subject to reasonable dispute" in that they are "either (1) generally known within the territorial jurisdiction or the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). A court may also look outside the complaint where the outside document has been

---

[1] Plaintiff also moves to strike the supplemental request for judicial notice filed by eBay along with eBay's reply to plaintiff's objection to eBay's initial request of judicial notice. The court declines to strike eBay's supplemental request for judicial notice and instead addresses the individual items for which eBay seeks judicial notice.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-04487 RMW
MAG      4

1    referenced by, or relied on in the complaint itself. *United States v. Ritchie*, 342 F.3d 903, 908 (9th

2    Cir. 2003); *see also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1110 (N.D. Cal. 2003)

3    ("Where a plaintiff fails to attach to the complaint documents referred to in it, and upon which the

4    complaint is premised, a defendant may attach to the motion to dismiss such documents in order to

5    show that they do not support plaintiff's claim."). Accordingly, because the complaint relies

6    extensively upon the terms of eBay's User Agreement in support of its breach of contract claim, *see*

7    Compl. ¶ 17, the court finds that judicial notice of the three versions of this document is

8    appropriately granted. The accuracy of these documents is readily determinable by reviewing the

9    referenced web page with respect to the current agreement, Meservy Decl., Ex. A, or reviewing the

10    versions of the user agreement submitted in the previous actions before Judge Ware and Judge

11    Fogel.

12        The complaint also heavily references the "Sell Your Item" form. eBay also seeks judicial

13    notice of this document. Meservy Decl., Ex. K. As established by the Declaration of Heather

14    Meservy, Exhibit K was created by simulating a user posting for a "Curved Shower Rod" like the

15    one sold by plaintiff. The simulation was conducted on November 1, 2007. Meservy Decl. ¶ 12.

16    The court declines to take judicial notice of Exhibit K because it was created after the filing of this

17    lawsuit and appears to be subject to reasonable dispute as to whether or not this was the web page

18    sequence viewed by Bath Plus when it allegedly created its listing on October 22, 2006.

19        The court also declines to take judicial notice of the help pages eBay submits. While the

20    Ninth Circuit has taken judicial notice of adjudicative facts appearing in newspapers, *Ritter v.*

21    *Hughes Aircraft Co.*, 58 F.3d 454, 459 (9th Cir.1995), and district courts have taken judicial notice

22    of items posted on web pages, *see, e.g., Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D.

23    Cal. 2005), the court does not find that these web pages are sufficiently undisputed. The declaration

24    submitted by eBay establishes that these web pages are currently available on eBay's website.

25    However, there is still reasonable dispute whether these particular web pages were part of plaintiff's

26    user experience. Further, eBay argues that the User Agreement incorporates by reference the help

27    screens available on eBay's website, pointing to language in the User Agreement that provides

28    "When using particular services on the Sites, you are subject to any posted policies or rules

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-04487 RMW
MAG                                                                 5

applicable to services you use through the Sites, which may be posted from time to time.  All such policies and rules are incorporated into this Agreement." Meservy Decl., Ex. A.  This section of the User Agreement, titled "Additional Terms," incorporates specific pages explicitly (of which the URL for "Creating a Listing" help page, Meservy Decl., Ex. B, is one[2]) and then, according to eBay, relies on the "When using particular services" language of the User Agreement quoted above to incorporate the help pages.

Based on the language of the User Agreement cited, the court cannot conclude that the help pages presented by eBay (other than Ex. B, "Creating a Listing," which is explicitly incorporated) are part of these "policies and rules."  Thus, the court separately finds that incorporation by reference does not assist eBay in its request for judicial notice of the bulk of its help pages.

With regard to the filings from *Butler v. eBay, Inc.*, Case No. 06-02704 JW, the court may take judicial notice of document filed in another court for the type of information contained in that document, *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990), however, it may not take judicial notice "for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also Wyatt v. Terhune,* 315 F.3d 1108, 1114 (9th Cir. 2003) (taking judicial notice of findings of fact from another case exceeds the limits of Rule 201).  Subject to that limitation, the court will take judicial notice of the filings in the *Butler* matter.  The court notes, however, that eBay seeks to offer the *Butler* filings for their contents, which is impermissible.

### B. Breach of Contract

Plaintiff asserts a claim for breach of contract on behalf of the Listing Class and the GUC Class.  eBay contends that the terms of the contract between plaintiff and eBay invalidate the asserted breach of contract claims.  The parties do not appear to dispute that the User Agreement forms the basis of plaintiff's breach of contract claim.  *See* Compl. ¶ 17 ("On eBay.com, eBay publishes the terms of its contract with sellers for advertising or "listing" an item for sale on the

---

[2] Under the title "Fees and Services," the User Agreement also links to a "Fees schedule."  eBay presents three documents to which a "Fees schedule" link might have resolved: eBay's "eBay.com Fees" help page, Meservy Decl., Ex. D; eBay's "eBay Stores Fees" help page, *id.*, Ex. F; and eBay's "eBay Stores Fees," printed October 29, 2007, *id.*, Ex. H.  It is not clear to

website, which include, as set forth below, material terms as to listing times and duration, and listing fees that apply uniformly to Plaintiff and the members of each Class.").

### 1. Listing Class

With regard to the Listing Class, eBay asserts that the terms of the User Agreement disclose and discuss the availability delays about which plaintiff complains. As such, eBay argues that it cannot be liable for breach of contract because it performed as specified by the contract. In support of its position, eBay points to information on the "Sell Your Item" form and in the help pages. The "Sell Your Item" form states "Your listing will be posted on the eBay site and can be viewed in My eBay. Your listing may not be immediately searchable by keyword or category for several hours, so eBay cannot guarantee exact listing durations in search results." Meservy Decl., Ex. K. The help page titled "Select a Listing Duration" also explains that listing durations are not guaranteed, but that listings are available by item number or through My eBay. *Id.*, Ex. C. However, the court does not find that the exhibits upon which eBay relies are the proper subject of judicial notice. Nor, as discussed above, is the court convinced at this stage of the proceedings that the "Select a Listing Duration" help page is incorporated by reference into the User Agreement such that it forms the basis of the contract at issue. Therefore, eBay may not rely for purposes of the instant motion to dismiss on the "Sell Your Item" form and the referenced help page.

In its reply, eBay points to language in the User Agreement effective July 9, 2007, under "Abusing eBay" that states "we may limit, suspend, or terminate our service and user accounts, prohibit access to our website, delay or remove hosted content, and take technical and legal steps to keep users off the Sites if we think that they are creating problems, possible legal liabilities, or acting inconsistently with the letter or spirit of our policies." Meservy Decl., Ex. A. eBay argues that this language authorizes the delay about which plaintiff complains.

Under California law, contracts are to be interpreted so as to give effect to the parties' mutual intention. Cal. Civ. Code § 1636; *Hess v. Ford Motor Co.*, 27 Cal.4th 516, 524 (2002). That intention is to be ascertained solely from the written contract, if possible, but courts may also consider the circumstances under which the contract was made and the matter to which it relates. Cal. Civ. Code §§ 1639, 1647; *Hess*, 27 Cal. 4th at 524. The court considers the contract as a whole

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-04487 RMW
MAG                                                                                   7

and construes the language in context, rather than interpreting a provision in isolation and interprets words in a contract in accordance with their ordinary and popular sense, unless the words are used in a technical sense or a special meaning is given to them by usage. Cal. Civ. Code §§ 1641, 1644. If contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs. *Id.* § 1638.

The court does not find that the language cited by eBay alone is sufficiently clear to permit eBay to delay listings where an eBay user is not "abusing eBay." The title of the section, "Abusing eBay" appears to suggest that eBay will resort to the actions listed in that section where a user is to be employed "if we think that they are creating problems, possible legal liabilities, or acting inconsistently with the letter or spirit of our policies." At this stage of the action, the court cannot determine as a matter of law that this section of the User Agreement permits the listing delay of which plaintiff complains.

Additionally, eBay asserts that there can be no breach of contract because, as plaintiff alleges, the listing is made available on eBay after the "Sell Your Item" form is submitted, but it is simply not searchable. eBay contends that plaintiff attempts to conflate "available" with "searchable," and that plaintiff fails to identify any provision of the User Agreement that requires eBay to guarantee that item listings will be fully searchable for the entire duration of an item listing. The court finds this argument to be unpersuasive. If, as alleged, sellers like plaintiff utilize eBay's site to sell products for their storefronts, it would seem to the court that an item that is posted on the website but not searchable or viewable except by accessing a specific URL is an item that is generally unavailable to eBay buyers.

**2.    GUC Class**

As set forth above, plaintiff alleges that after it (and the GUC class) set up GUC listings for its eBay stores, eBay announced an increase in the monthly insertion fee from 2 cents to 5 to 10 cents on July 19, 2006. Compl. ¶ 75. eBay also increased the final value fees on GUC listings. *Id.* Starting on August 22, 2006, eBay allegedly applied the rate increases to all GUC listings, including those that were created before eBay's July 19, 2006 announcement, without obtaining consent from sellers with pre-July 19 GUC listings. *Id.* ¶¶ 78-79.

eBay contends that the User Agreement expressly permits it to change the fees it charges for its listings upon appropriate notice. The eBay User Agreement states under the title "Fees and Services":

> When you list an item or use a service that has a fee you have an opportunity to review and accept the fees that you will be charged based on our Fees schedule, which we may change from time to time. Changes to that Policy are effective after we provide you with at least fourteen days' notice by posting the changes on the Sites.

Meservy Decl., Ex. A. Plaintiff appears to acknowledge that eBay provided the contractually-required notice for increasing its insertion rate and final fee percentage effective August 22, 2006, and would have been justified in increasing such rate and fees for *listings created after August 22, 2006*. Nevertheless, plaintiff alleges that eBay breached its contract with eBay sellers by applying the higher rates to listings that were created *before* July 19, 2006. *Id.* ¶ 41. It alleges that the pre-July 19 GUC listings were covered by provisions of the contract stating that the rates for the GUC listings would remain in effect at the originally agreed-upon rate and fee terms until the seller cancelled the item or the listed items were sold.

Based on the wording of the User Agreement, it does not appear that eBay is prohibited from changing the fees associated with past listings provided that it gives users the at least fourteen days' notice (which notice eBay undisputedly gave). Plaintiff does not allege where the express contract term upon which it bases its claim that eBay would not change the monthly insertion rate or final value fee is to be found. Therefore, the court finds that, as alleged, plaintiff's breach of contract with regard to the GUC listings must fail.

### 3. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff asserts that neither of its breach of contract claims can be dismissed because he has also alleged a breach of the covenant of good faith and fair dealing. Although the complaint refers to such a breach, such a claim is not separately stated. Plaintiff shall be permitted to amend its complaint, if possible, to state a claim for a breach of the covenant of good faith and fair dealing.

### B. Unfair Competition

Plaintiff asserts a claim for unfair competition under Cal. Bus. & Prof. Code § 17200 on behalf of the Listing Class. Cal. Bus. & Prof. Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Communications Inc. v. Los Angeles Cellular*

1  *Telephone Company*, 20 Cal. 4th 163, 180 (1999).  By its text, the unfair competition law
2  "establishes three varieties of unfair competition–acts or practices that are unlawful, or unfair, or
3  fraudulent." *Id.*

### 1. Unfair Conduct

Between competitors, unfair conduct under § 17200 means "conduct that threatens an incipient violation of an anti-trust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 20 Cal. 4th at 187.[3]  A business practice is unfair, where the plaintiff is a consumer rather than a competitor, where the injury caused by the allegedly unfair business practice: a) is substantial; b) is not outweighed by any countervailing benefits to consumers or to competitors; and c) could not reasonably have been avoided.  *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).

Here, plaintiff has alleged that eBay permits the plaintiff to specify a duration for a listing, sends email indicating that the listing is available and begins counting down the time the listing will be available, but that the listing is not searchable to the public until approximately four hours after the user has submitted the "Sell Your Item" form.  Based on the complaint, the court is satisfied that plaintiff alleges an unfair practice.  The injury alleged is (a) substantial, particularly in light of an alleged reduction of 4 hours in a 24-hour listing; (b) based on the allegations, it does not appear that delaying the listing for a quality check without offsetting the listing time is outweighed by the benefits to consumers; and (c) it does not appear that a plaintiff could have reasonably avoided eBay's practice.  *See id.*

eBay nevertheless contends that because plaintiff's claims are based substantially on an alleged breach of contract by eBay, the § 17200 claim is not cognizable because the unfairness alleged is not "tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  Mot. at 9.  eBay relies on *Textron Financial Corp. v. National Union Fire*

---

[3] California appellate courts are split as to whether the *Cel-Tech* test extends to consumer action. *See Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 353 (2004) ("[S]ome post *Cel-Tech* state appellate decisions have held that the new *Cel-Tech* test applies even to consumer cases.").

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-04487 RMW
MAG                                          10

*Ins. Co. of Pittsburgh,* 118 Cal. App. 4th 1061, 1071 (2004), in which the California Court of Appeal held that a plaintiff failed to state a claim for unfair competition against an insurer based upon the insurer's alleged failure to comply with the insurance policy or to provide benefits. The court finds, however, that unfair business practices in the insurance context as discussed in *Textron* are distinguishable from the current circumstances. As set forth in *Textron*, claims for unfair competition under § 17200 are generally not permitted in the insurance context because such claims are typically viewed as an end run around *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287 (1988), which held that the Unfair Insurance Practices Act, Cal. Ins. Code § 790 *et seq.*, does not create a private cause of action against insurers who violate its provisions. Here, however, there is no such restriction. In fact, the Ninth Circuit and the California Court of Appeal stated in cases decided this year that "[A] breach of contract may . . . form the predicate for Section 17200 claims, provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'" *Sybersound Records, Inc. v. UAV Corp.*, __ F.3d __, 2008 WL 509245 at *12 (9th Cir. Feb. 27, 2008) (citing *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal.2003)); *Puentes v. Wells Fargo Home Mortg., Inc.*, __ Cal. Rptr. 3d __, 2008 WL 518470 at *4 (Cal. App. Feb. 28, 2008) (citing *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1117, n.12 (C.D. Cal. 2001)). As discussed previously, plaintiff sufficiently alleges conduct that may be considered "unfair."

### 2. Standing

Under § 17200, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of such unfair competition." eBay contends that plaintiff does not have standing to assert claims on behalf of the listing class because it has not demonstrated that it has suffered any loss of money or property. eBay asserts that, at best, the only injury that plaintiff has asserted is a lost business opportunity – i.e., that eBay users might have purchased the item that was the subject of the delayed listing but were unaware of the listing because the item was not searchable. Plaintiff, on the other hand, asserts that it paid money for a listing of a particular duration and that duration was not provided, thereby decreasing the value of the listing for which it paid. Plaintiff contends that based on its payment to eBay, it had a vested interest in a listing of the designated duration. This is more

than an expectation of profit and constitutes an injury in fact under § 17200. The court finds that, for purposes of pleading, plaintiff has alleged sufficient injury to satisfy the standing requirement under § 17200.

### C. Unjust Enrichment

Plaintiff asserts a claim for unjust enrichment on behalf of the Listing Class. The gravaman of plaintiff's complaint is that eBay breached its contract with plaintiff and the members of the purported class. As such, the court finds that the unjust enrichment claim (to the extent that unjust enrichment is properly pleaded as a separate cause of action) is barred by the existence of a contract between the parties governing the behavior of which plaintiff complains. *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (under California law "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties") (citing *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975). Accordingly, the court dismisses plaintiff's unjust enrichment claim.

### III. ORDER

For the foregoing reasons, the court grants in part and denies in part eBay's motion to dismiss as follows:

1. the motion to dismiss plaintiff's breach of contract claim applicable to the Listing Class is denied;
2. the motion to dismiss plaintiff's breach of contract claim applicable to the GUC Class is granted with leave to amend;
3. the motion to dismiss plaintiff's unfair competition claim is denied; and
4. the motion to dismiss plaintiff's unjust enrichment claim is granted with leave to amend.

Plaintiff shall have twenty (20) days to amend its complaint.

DATED: 5/5/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Kevin K. Eng | keng@mzclaw.com |
| Noah Shube | nshube@yahoo.com |
| Edward Scott Zusman | ezusman@mzclaw.com |

**Counsel for Defendants:**

| | |
|---|---|
| Joseph Samuel Leventhal | leventhaljs@cooley.com,bambrose@cooley.com |
| Heather Coe Meservy | hmeservy@cooley.com,kjones@cooley.com |
| Michael Graham Rhodes | rhodesmg@cooley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 5/5/08

/s/ MAG
**Chambers of Judge Whyte**