COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendant eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>EBAY INC.,<br><br>            Defendant. | Case No.  C 07 4487 RMW<br><br>**eBay Inc.'s Reply In Support of Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6)**<br><br>**Demand for Jury Trial**<br><br>Date:         July 18, 2008<br>Time:        9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge:       Hon. Ronald M. Whyte |

I.   **Introduction**

Plaintiff's Opposition to eBay's Motion to Dismiss the First Amended Complaint ("FAC") highlights that the increase in listing fees for the putative GUC Class was expressly permitted by the User Agreement. The Opposition admits this explicitly. And this fact was recognized by the Court when it dismissed the original Complaint. Plaintiff now attempts to divert the Court's attention to other statements that have nothing to do with whether eBay is permitted to increase fees. But since no statements conflict with the express right granted to

///

Cooley Godward Kronish LLP
Attorneys At Law
San Diego

1.

Reply ISO Motion to Dismiss
First Amended Complaint
C 07 4487 RMW

eBay, which eBay exercised properly, both the breach of contract and breach of implied covenant causes of action should be dismissed without leave to amend.

## II.   ARGUMENT

### A.   Plaintiff Cannot Avoid the Plain Language of the User Agreement Cited by the Court.

To support the breach of contract claim, the Opposition contains essentially two arguments, both of which are contradicted by the facts. First, the Opposition points to certain eBay policies which have nothing to do with whether eBay can or cannot increase its listing fees. Second, the Opposition argues that these other policies, even if not about increasing fees, are nevertheless more "specific" to the GUC Class and should be favored over a "general" policy. Neither argument overcomes the admitted fact that the User Agreement permits eBay to increase its fees in the manner about which Plaintiff complains.

#### 1.   The breach of contract claim erroneously relies on policies unrelated to whether eBay can increase its fees.

Plaintiff does not deny that eBay's User Agreement forms the parties' contract. (Opposition to Motion to Dismiss First Amended Complaint (hereafter "Opp.") at 3:5-17.) Plaintiff similarly does not deny that the eBay User Agreement explicitly permits eBay to raise fees. (*See* Motion at 2:15-19 (quoting May 5, 2008 Order (hereafter "Order") at 9:14-16).) And Plaintiff seemingly acknowledges that no other statements on eBay's website can de construed as directly contradicting this provision. Instead, Plaintiff asserts that policies and representations outside of the User Agreement, which have nothing to do with whether eBay can or cannot increase its fees, should be "construe[d]" to support the breach of contract claim. (Opp. at 5:2-4.) This is logically and legally unsound.[1] *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18-19 (Cal. 1995) ("Courts will not strain to create an ambiguity where none exists.") (citing *Reserve*

---

[1] Plaintiff mistakenly claims that eBay "attempt[s] to seek dismissal now, based on a much more narrow view of the User Agreement" that does not incorporate eBay's other posted policies. (Opp. at 5:27-6:16.) In fact, eBay argued that the User Agreement incorporated eBay's other policies and disclosures about the delays in searchability in its motion to dismiss. (*See, e.g.*, Motion to Dismiss Complaint at 3:3-4:3 and n. 15.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
C 07 4487 RMW

*Insurance Co. v. Pisciotta*, 30 Cal. 3d 800, 807 (Cal. 1982)).

For example, the Opposition argues that the rules and policies cited in the FAC "touted the lower prices available through [GUC] listings" than through other listing mechanisms. (Opp. at 3:20-22 (citing FAC, ¶¶ 34-37).) But touting lower prices does not limit eBay's contractual right to increase listing fees. (Order at 9:1-7, 14-16.) Similarly, the following statements do not relate to whether eBay may increase fees and do not contradict eBay's rights under the User Agreement:

- "'Use [the GUC] format to list your items at a set price, so buyers can purchase items immediately (no bidding).'" (Opp. at 4:3-4 (quoting FAC, Ex. A).)
- "'These listings have a longer duration and lower Insertion Fees but have limited visibility compared to the Online Auction and Fixed Price formats.'" (*Id.* at 4:4-6 (quoting FAC, Ex. A).)
- "'[E]ach 'listing will recur each 30-day period until you choose to end this listing and will maintain the same listing number for the entire life of the listing.'" (*Id.* at 4:27-5:2 (quoting FAC, Ex. A).)
- "'eBay will not end this listing for you.'" (*Id.* at 5:1-2 (quoting FAC, Ex. A).)

None of these newly alleged representations are about (or can be construed to contradict) eBay's right to increase its fees and they cannot form the basis of a successful breach of contract claim.

Similarly, Plaintiff cannot base its breach of contract claim on the price for which *the seller* chooses to list his or her items. The Opposition erroneously relies on eBay's use of the term "fixed price," which is eBay's terminology for non-auction style listings. These listings, which do not have traditional auction-style bidding, are known as "fixed price" listings because sellers determine a set price for their items.[2] Ignoring this context, Plaintiff states, "there is no indication that the agreed-to 'fixed price' for the listing will also vary..." (*id.* at 4:22-26), "it is reasonable to construe the fixed price as being applicable to the life of the listing" (*id.* at 5:3-4),

---

[2] Fixed price listings are found on eBay's website in two manners: (1) in an eBay store, which is where the putative GUC Class listed their items; or, (2) along with a traditional auction where a buyer can choose to participate in the auction or pay a higher, fixed price but guarantee the ability to purchase the item.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
C 07 4487 RMW

and that fixed price and duration were somehow "intertwined components of the agreement between eBay and its Good 'Til Cancelled sellers" (Opp. at 5:7-9). But none of these references to "fixed price" are related to the duration of the sale or the fees charged. Plaintiff's new allegations fail to contradict or even speak to the fact that the User Agreement expressly allows eBay to increase fees. (Order at 9:14-16.)

### 2. Plaintiff's argument that the Court should ignore the User Agreement's provision regarding fee increases is legally unsound.

To bolster the fallacy that eBay's policies, even if not about increasing fees, are nevertheless more "specific" to the GUC Class and should be favored over a "general" policy, the Opposition launches into an analysis of *Kashmiri v. Regents of the University of California*, 156 Cal. App. 4th 809 (2007). (Opp. at 6:17-8:22.) But *Kashmiri* is distinguishable and undeserving of Plaintiff's two-page analysis.

At issue in *Kashmiri* was a fee increase for continuing students made after the University of California ("UC") stated that, "Increases in the Fee apply to new students only. The Fee will remain the same for each student for the duration of his or her enrollment in the professional degree program." *Kashmiri*, 156 Cal. App. 4th at 816. Ultimately, the *Kashmiri* Court found that the UC made explicit promises not to raise fees for these students and could not rely on a general provision permitting fee increases for continuing students. *Id.* at 834. But the present case is unlike *Kashmiri*. Here, eBay does not promise never to increase fees for the duration of a listing. The *Kashmiri* court relied upon this critical fact. *Kashmiri*, 156 Cal. App. 4th at 816 ("The Fee will remain the same for each student for the duration of his or her enrollment..."). Instead, Plaintiff only cites irrelevant provisions, such as those promising that a seller's listing will have the same "listing number" for its entire duration. (Opp. at 4:27-5:2 (quoting FAC, Ex. A).)

Contrary to Plaintiff's assertions (*id.* at 8:6-8), this Court already held that the fee provision is specific to whether eBay may increase fees and relied upon it in concluding, "it does not appear that eBay is prohibited from changing the fees associated with past listings provided that it gives users the at least fourteen days' notice (which notice eBay undisputedly gave)." (Order at 9:14-16.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
C 07 4487 RMW

### B. Plaintiff's Breach of the Implied Covenant Claim Demonstrates the Futility of Plaintiff's Allegations Regarding the Good Until Cancelled Class.

Completely undermining the breach of contract claim, Plaintiff argues that the Court should not dismiss its breach of the implied covenant claim because eBay "engag[ed] in conduct which ... [is] not technically transgressing the express covenant..." of the parties' contract. (Opp. at 9:8-12 (quoting *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937-38 (9th Cir. 1999)). Plaintiff further states that eBay "exercised its *discretion* by increasing fees...."[3] (*Id.* at 9:17-18 (emphasis added).) With this admission, Plaintiff is left to argue that other statements somehow breached the implied covenant. This is wrong.

Plaintiff mistakenly relies on the same irrelevant provisions having nothing to do with the fees eBay charges to support the implied covenant claim. The Opposition declares, "As set forth above [in the breach of contract section], the rates for each Good 'Til Cancelled listing was to be fixed for the duration of the listing." (Opp. at 10:21-22.) But this was never stated by eBay. Instead, Plaintiff deceptively tries to rely on eBay's "fixed price" listing format, which concerns the price the seller chooses. (*See also* Opp. at 10:25-28 ("eBay's representation that a 'fixed price' would apply for the duration of the listing created a reasonable expectation that the price would be determined at the time of purchase and would not be increased for the life of the listing.").) Statement regarding eBay's "fixed price" format support neither the breach of contract claim nor the implied covenant claim.

The facts alleged to support Plaintiff's breach of implied covenant claim are insufficient and, as the Court noted in oral argument, would lead to the nonsensical result that eBay could never increase its fees. eBay provided more notice than was required by the User Agreement

---

[3] Plaintiff also raises, for the first time, that the User Agreement is somehow unconscionable. (Opp. at 9, n.4.) The FAC lacks such an allegation and states only that the manner by which eBay increased its fees was unconscionable. (*See* FAC, ¶ 81.) As such, Plaintiff's reliance on *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 928-29 (Cal. 1985), is misplaced. *Perdue* dealt with a Plaintiff who sought a judicial declaration to avoid the contract because there was an "absence of ... a contract which fairly sets out the rights and duties of each party...." *Perdue*, 38 Cal. 3d at 922. But Plaintiff does not seek to avoid the contract – it relies on the it for other causes of action. Regardless, an 8-cent increase in a fee cannot be said to be "unconscionable." *See A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473 (1982).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
C 07 4487 RMW

(more than 30 days), which permitted any seller to cancel their listings and avoid the increased fee if they so desired. (FAC, ¶ 43.) Because eBay's conduct was entirely proper, Plaintiff's breach of implied covenant claim fails because it is based solely on distortions of eBay's non-User Agreement policies and representations.

### C. Plaintiff Concedes That the Unjust Enrichment Claim Should Be Dismissed With Prejudice.

The Opposition concedes through silence that the Unjust Enrichment claim should be dismissed with prejudice. (Motion at 4:25-5:3.) Since Plaintiff provided no opposition to eBay's argument on this matter, the Court should dismiss the claim with prejudice.

### III. CONCLUSION

eBay's conduct in increasing its listing fees was expressly permitted by the User Agreement, as already found by this Court. The Opposition fails to point to any provisions that contradict eBay's right and the motion to dismiss should be granted.

Dated: July 1, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
JOSEPH S. LEVENTHAL (221043)


/s/Joseph S. Leventhal
Joseph S. Leventhal (221043)
Attorneys for Defendant eBay Inc.
Email: jleventhal@cooley.com

594280/SD

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
C 07 4487 RMW