1  Edward S. Zusman (SBN 154366)
   Kevin K. Eng (SBN 209036)
2  MARKUN ZUSMAN & COMPTON, LLP
   465 California Street, Suite 500
3  San Francisco, CA 94104
   Telephone: (415) 438-4515
4  Facsimile: (415) 434-4505

5  Ilan Chorowsky (Admitted Pro Hac Vice)
   Chorowsky Law Offices
6  1130 N. Dearborn Street
   Suite 3110
7  Chicago, IL 60610
   Telephone: (312) 643-5893
8  Facsimile: (312) 643-5894

9  Frank Jablonski (Admitted Pro Hac Vice)
   Progressive Law Group LLC
10 354 W. Main Street
   Madison, WI 53703
11 Telephone: (608) 258-8511
   Facsimile: (608) 442-9494

12
   Noah Shube (Admitted Pro Hac Vice)
13 The Law Offices of Noah Shube
   434 Broadway, Sixth Floor
14 New York, NY 10013
   Telephone: (212) 274-8638
15
   Attorneys for Plaintiff

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br>v.<br><br>EBAY INC.,<br><br>           Defendant. | Case No. C 07 4487 RMW<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15**<br><br>Date:      July 18, 2008<br>Time:      9:00 a.m.<br>Courtroom: 6, 4th Floor<br>           Hon. Ronald M. Whyte |

27  ///

28  ///

## I. INTRODUCTION

Plaintiff, The Missing Link, Inc., on behalf of itself and all others similarly situated ("Plaintiff" or "Missing Link"), respectfully submits this Reply in support of its motion for leave to file its Second Amended Complaint. As indicated previously, Plaintiff filed its First Amended Complaint on May 27, 2008, in which it amended its causes of action relating to the GUC Class as per the Court's Order of May 5, 2008 (the "Order"). Specifically, Plaintiff amended its breach of contract claim by specifying the portions of eBay's web site that set forth the terms of the Good 'Til Cancelled listings. Plaintiff also amended to allege a separate cause of action for breach of the implied covenant of good faith and fair dealing, pursuant to the Court's Order. (*See* Doc. 44, at 16-22.) The only additional amendment that Plaintiff seeks to add in the proposed Second Amended Complaint is a proposed cause of action for violation of the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200 et seq., premised on the same alleged net result affecting Plaintiff and the GUC Class – that is, eBay's increases of Good 'Til Cancelled fees.

In opposing the motion for leave, eBay's sole challenge is based on its assertion that amendment would be futile. As set forth below, the proposed UCL cause of action would not be futile because Plaintiff has alleged sufficient facts to state a claim for unfair conduct under the UCL. Plaintiff alleges that eBay made representations that its Good 'Til Cancelled listings had a fixed and set price, which would apply for the duration of the listing. eBay further represented that the duration of these listings (as distinguished from eBay's pre-existing short-term listings) would not end until the seller cancelled them or all quantities of the item were sold. eBay further represented that sellers would be able to "review and accept" the fees that would be applied to each listing at the time they were created. Each of these representations create a reasonable belief that the fees Plaintiff reviewed and accepted at the time he ordered a Good 'Til Cancelled listing would remain fixed until he cancelled the listing or the items were sold. These facts are alleged in the proposed Second Amended Complaint ("SAC"), and in the First Amended Complaint ("FAC").

///

1    Further, Plaintiff's breach of contract and implied covenant causes of action are
2 sufficiently stated, and therefore provide an independent basis for the UCL claim. As the Court
3 previously found in connection with the Listing Class, breach of contract claims provide a
4 sufficient basis for a UCL claim. (Order, at 11:10-18.)
5    Finally, Plaintiff has pleaded a wealth of misrepresentations and omissions on eBay's part
6 with respect to store listings and Good 'Til Cancelled listings in particular that give rise to
7 fraudulent conduct violative of the UCL. (*See* Proposed SAC, ¶¶ 103-105.)
8    For all these reasons, leave to add the UCL claim should be granted.

## II.    DISCUSSION

Under Rule 15, leave to amend is granted with "extraordinary liberality." *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1150 (N.D. Cal. 2007) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) and *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). This liberality is "subject to the qualification that the amendment does not prejudice the opposing party, does not create undue delay, is not sought in bad faith, and does not constitute an exercise in futility." *U.S. ex rel. Cericola v. Federal Nat'l Mortgage Assoc.*, 529 F. Supp. 2d 1139, 1147 (C.D. Cal. 2007). eBay does not claim prejudice, undue delay, or bad faith. eBay's sole contention is that amendment would be futile because a portion of its User Agreement supposedly authorizes its alleged misconduct in raising the fees for existing Good 'Til Cancelled listings. The relevant provision reads:

> When you list an item or use a service that has a fee you have an opportunity to review and accept the fees that you will be charged based on our Fees schedule, which we may change from time to time. Changes to that Policy are effective after we provide you with at least fourteen days' notice by posting the changes on the Sites.

(Opp. Mot. For Leave, 2) (quoting Order and eBay User Agreement).

eBay's reliance on this provision to defeat the UCL claim is misplaced. First, eBay gives short shrift to the FAC, which specifically identifies written terms that eBay has represented, and marketed, to Plaintiff on its web site which expressly apply to the Good 'Til Cancelled listings. (FAC, ¶¶ 72, 74, Exh. A.) These pages on eBay's site specifically identify Good 'Til Cancelled

2

1  listings as fixed and set price listings that will last for the duration of the listing.  In fact, eBay
2  further represented that such listings will last "'Til Cancelled," and that such listings can house
3  large inventories, but conveniently, need be ordered and managed only once (upon placing the
4  listing), as opposed to alternative listings which require re-listing every 30, 60 or 90 days.  (*See*,
5  *e.g.*, SAC, ¶¶ 103-104.)  These specific written terms are particularly important because they
6  were the means through which eBay marketed its then-new "store" format.  (FAC, ¶¶ 34, 37.)  It
7  was through the store format that Good 'Til Cancelled listings are available.  In light of these
8  representations, eBay's reliance on the general provision found in a link to its User Agreement on
9  eBay's website cannot not defeat the UCL claim.  *Blakemore v. Superior Court*, 129 Cal. App.
10 4th 36, 49, 27 Cal. Rptr. 3d 877 (Cal. Ct. App. 2005) (citing *Pastoria v. Nationwide Ins.*, 112 Cal.
11 App. 4th 1490, 1499, 6 Cal. Rptr. 3d 148 (Cal. Ct. App. 2003)).
12         Second, the provision of the User Agreement itself creates the expectation that the prices
13 will be fixed.  The provision of the User Agreement states that a seller will have the "opportunity
14 to review and accept" a stated fee "[w]hen you list an item or use a service that has a fee . . . ."
15 The ability to "review and accept" at the time a listing is purchased is meaningless if, as eBay
16 suggests, it had the right to alter the fees after a seller accepted the rate.  Indeed, eBay specifically
17 states that Good 'Til Cancelled listings are created once, and have an indefinite duration.  (FAC,
18 Exh. A.)  Moreover, the general provision of the User Agreement upon which eBay so heavily
19 relies merely states that eBay "may change from time to time" its Fees schedule; it does not state
20 that eBay may change the Fees schedule for a listing *after* the seller has reviewed and accepted
21 the listing.
22         Thus, eBay is incorrect in its assertion that the general provision of its User Agreement
23 provides blanket immunity as to the GUC Class.  To the contrary, eBay's alleged misconduct
24 with respect to the GUC Class amply supports Plaintiff's claims for breach of contract and breach
25 of the implied covenant.  (*See* Plaintiff's Opp. Mot. Dismiss (Doc. 47) at 5-8.)  Consistent with
26 the Order, eBay's alleged misconduct with respect to the GUC Class sets forth an adequate claim
27 under the UCL.  As the Court held in connection with the Listing Class:
28 ///

> A business practice is unfair, where the plaintiff is a consumer rather than a competitor, where the injury caused by the allegedly unfair business practice: a) is substantial; b) is not outweighed by any countervailing benefits to consumers or to competitors; and c) could not reasonably have been avoided.

(Order, at 10:8-12) (citing *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006)).

As alleged, eBay's sudden, voluminous increase in fees had a substantial impact on the members of the GUC Class, who relied on eBay's representations concerning its Store Format in establishing virtual stores through which they would be able to take advantage of the Good 'Til Cancelled listing format. eBay's increase did not yield any benefit, and Plaintiff alleges that the price increase was motivated by the desire to deter these listings. Finally, sellers could not have reasonably avoided the consequences of the fee increase. They had already established their eBay stores, and had already purchased Good 'Til Cancelled listings premised on the stated fees.

Nor is there any other basis for rejecting the UCL claim based on the terms of eBay's agreements. (Order, at 10:22-11:18) (rejecting eBay's challenge that Listing Class UCL claim could not be maintained because claim was based substantially on an alleged breach of contract).

Plaintiff UCL claim is likewise actionable in fraud. For this reason too there is no merit to eBay's contention that the claim is "futile." eBay misrepresented that listings were "Good 'Til Cancelled" by the seller, would be debited 2 cents for every 30 day period, that eBay would not end these listings, that such listings were fixed and set, and that such listings provided a cheap alternative to list large inventories for a long time. (FAC, ¶¶ 72-74, Exh. A; SAC, ¶¶ 103-104.) Further, eBay failed to disclose, until it was too late, that it might raise fees for Good 'Til Cancelled listings that were already ordered, reviewed and accepted. (*See* SAC, ¶ 105; FAC, ¶¶ 85, 89.) That eBay subsequently inflated its fees for *pre*-ordered GUC listings runs contrary to these promises – and, quite plausibly, gives rise to damages both under theories of omission and misrepresentation pursuant to the UCL. *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *see also Blakemore*, 129 Cal. App. 4th at 49 ("The term 'fraudulent' as used in Business and Professions Code section 17200 requires only a showing that members of the public are likely to be deceived. . . . Unlike common law fraud, a section 17200

4

violation can be shown even without allegations of actual deception, reasonable reliance and damage.").

For all these reasons – none of which are addressed in eBay's opposition – eBay's attempt to virtually dismiss the proposed UCL claim, based solely on a restrictive view of a single provision in its User Agreement, is off-target. To deny leave to amend at this stage would place "too high a premium on artful pleading and would be contrary to the provisions and purpose of [Rule] 15." *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990); FED. R. CIV. P. 15. Because Plaintiff has met the liberal pleading standards of Rule 15, eBay's efforts to prevent Count VI from being *filed* should be wholly rejected.

## III.    CONCLUSION

For the foregoing reasons, amending the complaint to add the UCL claim for the GUC Class would not be futile, nor is there any other basis for denying leave to amend under Rule 15. Leave to file the Second Amended Complaint should be granted.

Respectfully submitted,

July 3, 2008                    MARKUN ZUSMAN & COMPTON LLP


By:  /s/ Kevin K. Eng
     Edward S. Zusman
     Kevin K. Eng

Attorneys for The Missing Link, Inc. d/b/a Bath Plus, Inc., on behalf of itself all others similarly situated