**E-FILED on**   8/12/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>EBAY, INC.,<br><br>        Defendant. | No. C-07-04487 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br>**[Re Docket Nos. 45, 46]** |

      On August 29, 2007, plaintiff The Missing Link, Inc., d/b/a Bath Plus, Inc. filed a putative class action against defendant eBay, Inc. ("eBay"). On May 5, 2008 this court granted in part eBay's motion to dismiss plaintiff's complaint. Plaintiff subsequently filed a first amended complaint and contemporaneously sought leave to file a second amended complaint. eBay now moves to dismiss plaintiff's third, fourth and fifth causes of action in the first amended complaint and opposes plaintiff's motion for leave to file a second amended complaint. For the reasons set forth below, plaintiff's motion to file a second amended complaint is denied, and eBay's motion to dismiss plaintiff's first amended complaint is granted.

# I. BACKGROUND

## A. Factual Background

eBay is "the largest virtual retail store and auction site on the internet." First Am. Compl. ¶ 16 ("FAC"). To post items for sale on eBay.com, a seller must register with eBay and complete an online form for a listing on eBay's site, which includes a description of the item and quantity for sale as well as a duration for the listing to be available. *Id.* ¶ 18. For each listing, sellers are charged an "insertion fee" and a "final value fee," which is a percentage of the item's final selling price. Sellers provide financial account information from which eBay automatically debits these and other fees. *Id.* ¶ 19.

Plaintiff sells bathroom fixtures online. *Id.* ¶ 6. It has a seller's account on eBay, and has purchased listings in various formats using eBay's "Sell Your Item" form. *Id.* eBay's listing forms, including the "Sell Your Item" form, require sellers to select the duration of the listing (i.e., how long the listing is to be available). *Id.* ¶ 23. These durations are typically for 1, 3, 5, 7 or 10 days. *Id.* According to plaintiff, eBay represents that these listings begin immediately upon completion of the listing form unless the seller chooses a "scheduled listing" option to designate an alternative start time. *Id.* ¶ 24. eBay also sends emails after the completion of the listing form and after the selected duration has ended, indicating to the nearest minute at what time the listing has started and what time it ended. *Id.* ¶ 25. Plaintiff alleges that on October 22, 2006 it purchased a listing with a duration of 24 hours, but that the listing was not immediately searchable by eBay users. *Id.* ¶¶ 6, 33. Rather, although plaintiff received an email confirming the start time of the listing, the listing only became searchable on eBay approximately four hours later. *Id.* ¶ 33. eBay did not extend the availability of the listing to accommodate for the delay in searchability. *Id.* Plaintiff alleges that all such fixed-duration listings would become searchable only up to several hours after the listing form was completed, but the clock would start running on the selected duration even before the listing was searchable, thereby depriving plaintiff and others similarly situated of the full benefit of the duration selected for the listing. *Id.* ¶¶ 27-30.

eBay also offers "Good 'Til Cancelled" listings ("GUC listings"). *Id.* ¶ 37. GUC listings differ from most eBay listings in that they do not have a fixed duration; rather they automatically

1  renew until they are cancelled by the seller or the listed item is purchased. *Id*. eBay charges a
2  monthly "insertion rate" for each item until it is sold or the listing is cancelled by the seller. *Id*.
3  eBay automatically charges the seller the monthly insertion rate. *Id.* ¶ 37. When the item is sold,
4  eBay charges the seller a "final value fee," which is a percentage of the value for which the item
5  sells.

6       Plaintiff opened and maintains an "eBay Store" for which it created GUC listings. *Id.* ¶ 6.
7  On or about July 19, 2006, eBay announced that effective August 22, 2006, it would increase the
8  monthly insertion rate for GUC listings from 2 cents per listing to approximately 5 to 10 cents per
9  listing. *Id.* ¶ 38. It also announced that it would increase the percentage used to determine the final
10 value fee. *Id.* Plaintiff alleges that eBay breached its contract in applying the new insertion fee and
11 final fee rates to GUC listings that were created prior to the July 19, 2006 announcement, rather than
12 applying the new rates only to those GUC listings created after the August 22, 2006 effective date.
13 *Id.* ¶¶ 39-40, 42.

14      Plaintiff seeks to bring the instant action on behalf of two different classes of plaintiffs. The
15 first class consists of all persons and entities who, before July 19, 2006, purchased listings on
16 eBay.com that used eBay's "Good 'Til Cancelled" format ("the GUC Class"). *Id.* ¶ 8. In its first
17 amended complaint, plaintiff asserts two causes of action on behalf of the GUC Class: breach of
18 contract and breach of the covenant of good faith and fair dealing. As discussed further below,
19 plaintiff also seeks to add a claim of unfair competition under Cal. Bus. & Prof. Code § 17200. The
20 second class consists of all persons and entities who paid to list one or more items for sale on
21 eBay.com in any format but whose listing was not searchable for the entire duration purchased ("the
22 Listing Class"). *Id.* ¶ 9. Plaintiff asserts three causes of action on behalf of the Listing Class: breach
23 of contract, unjust enrichment, and unfair competition under Cal. Bus. & Prof. Code § 17200.

24     **B.**    **Procedural Background**

25      On May 5, 2008, this court granted in part eBay's first motion, dismissing plaintiff's claim for
26 breach of contract applicable to the GUC Class and its claim for unjust enrichment applicable to the
27 Listing Class. *The Missing Link, Inc. v. eBay, Inc.*, 2008 WL 1994886 (N.D. Cal. May 5, 2008).
28 Plaintiff was given leave to amend its complaint and, if possible, add a claim for breach of the

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT — No. C-07-04487 RMW
VN                                                    3

implied covenant of good faith and fair dealing. *Id.* Plaintiff amended its complaint and added a claim for breach of the implied covenant applicable to the GUC Class. FAC at 19. Plaintiff contemporaneously sought leave to file a second amended complaint, which adds a cause of action for unfair competition under Cal. Bus. & Prof. Code § 17200 on behalf of the GUC Class. eBay moves to dismiss the first amended complaint and opposes plaintiff's motion for leave to file the second amended complaint on the grounds that the new unfair competition claim is subject to dismissal and therefore futile.

## II. ANALYSIS

### A. eBay's Motion to Dismiss the First Amended Complaint

eBay moves to dismiss plaintiff's third, fourth and fifth causes of action in the first amended complaint. In particular, eBay moves to dismiss plaintiff's claims of unjust enrichment applicable to the Listing Class, breach of contract applicable to the GUC Class, and breach of the implied covenant of good faith and fair dealing applicable to the GUC Class.

#### 1. Unjust Enrichment

This court previously dismissed plaintiff's unjust enrichment claim on behalf of the Listing Class (Third Cause of Action), noting that "it is barred by the existence of a contract between the parties governing the behavior of which plaintiff complains." *Missing Link*, 2008 WL 1994886 at *9 (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)). The unjust enrichment claim that appears in the second amended complaint is identical to that appearing in plaintiff's original complaint.[1] Accordingly, it is once more subject to dismissal.

#### 2. Breach of Contract (GUC Class)

This court previously dismissed plaintiff's breach of contract claim on behalf of the GUC Class (Fourth Cause of Action) because plaintiff did not identify "the express contract term upon which it bases its claim that eBay would not change the monthly insertion rate or final value fee." *Missing Link*, 2008 WL 1994886 at *7. Plaintiff now attempts to cure this deficiency principally

---

[1] Plaintiff disclaims that it "re-pleads [unjust enrichment] solely for the purposes of preserving [its] claims for purposes of any appeal." FAC at 15 n.1. This appears to be proper. *See London v. Cooper & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (claims in original complaint not realleged in a superseding amended complaint are deemed waived).

through reliance on two phrases used in various portions of the eBay website. The first, appearing on an eBay help page titled "eBay Stores Fees," states that the "Store Inventory" format enables a seller "to list [its] items at a *set price*." FAC ¶ 73; FAC, Ex. A at 1 (under heading "Store Inventory format basic fees") (emphasis added). The second, appearing on an eBay frequently-asked questions ("FAQ") page titled "eBay Stores FAQ," states that the Good 'Til Cancelled listing is a "*fixed price* listing duration that allows you to list an item and have that listing automatically renew every 30 days so long as there is quantity available." FAC ¶ 74; FAC, Ex. A at 3 (under heading "What is a Good 'Til Cancelled (GTC) listing duration?") (emphasis added). eBay argues that the phrases "fixed price" and "set price" are merely its "terminology for non-auction style listings," in which "price" refers to the particular price at which the item is offered, and that plaintiff's reliance on these phrases is therefore misplaced. Reply at 3.

The interpretation of ambiguous terms in a contract is normally a question of fact. *Alexander v. Codemasters Group Ltd.*, 104 Cal. App. 4th 129, 147 (2002); *Abifadel v. Cigna Ins. Co.*, 8 Cal. App. 4th 145, 159 (1992). Whether such ambiguity exists in the first place is, however, a question of law. *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1351 (2004). In California, "an ambiguity exists when a party can identify an alternative, semantically reasonable, candidate of meaning of a writing." *Solis v. Kirkwood Resort Co.*, 94 Cal. App. 4th 354, 360 (2001). At the same time, language in a contract must be interpreted in the context of the instrument as a whole, not in isolation. *County of San Diego v. Ace Prop. & Cas. Ins. Co.*, 47 Cal. 4th 406, 415 (2005). Furthermore, courts "will not adopt a strained or absurd interpretation in order to create ambiguity where none exists." *Reserve Ins. Co. v. Pisciotta*, 30 Cal. 3d 800, 807 (1982).

When viewed in context, neither of the phrases on which plaintiff relies is ambiguous. The phrase "set price" appears in the following sentence: "Use this [Good 'Til Cancelled] format to list your items at a *set price*, so buyers can purchase items immediately (no bidding)." FAC, Ex. A at 1 (emphasis added). In context, "set price" clearly refers to the price at which a buyer may purchase a product from an eBay seller with "no bidding," not the price paid by a seller like plaintiff to purchase a listing on eBay's site. The same is true of "fixed price," which is unambiguously used elsewhere to refer to a listing format offered by eBay: "These listings have a longer duration and

lower Insertion Fees but have limited visibility compared to the Online Auction and *Fixed Price* formats." FAC, Ex. A at 1 (emphasis added). Furthermore, the court notes that throughout both the pleadings and the eBay help and FAQ pages on which plaintiff relies, the terminology consistently used to refer to the cost of purchasing a listing on eBay is "fee," not "price." *See* FAC ¶¶ 4, 6, 7, 11, 17, 19, 20, 36, 37, 38; FAC, Ex. A at 1 ("eBay Stores Fees"; "Subscription Fees"; "Store Inventory format basic fees"; "Insertion Fees"; "Final Value Fees"); *id*. at 3 ("What fees are associated with GTC listings?"). To adopt plaintiff's interpretation of "set price" and "fixed price" in two isolated instances when they are nowhere else used in this way would strain the interpretation of these terms and create ambiguity where none exists.

Plaintiff also alleges that "Ebay promised that its 'Good 'Til Cancelled' listings could be ordered at the above-stated 'set price' that was to be 'automatically renewed' for the life of the listing." FAC ¶ 75. In support, it points to the following statement in eBay's FAQ page:

> Good 'Til Cancelled (GTC) is Stores fixed price listing duration that allows you to list an item and have that listing automatically renew every 30 days as long as there is quantity available. This listing will recur each 30-day period until you choose to end this listing and will maintain the same listing number for the entire life of he listing. eBay will not end this listing for you.

FAC ¶ 74. This language does not appear in any way to prohibit eBay from raising its fees on Good 'Til Cancelled listings, particularly since the terms "fixed price" and "set price" unambiguously refer to the price of an item being sold, not the cost of purchasing a listing.

Both parties also discuss at length *Kashmiri v. Regents of the University of California*, 165 Cal. App. 4th 809 (2007). Plaintiff cites *Kashmiri* in support of its argument that the terms "set price" and "fixed price," because they are specific to Good 'Til Cancelled listings, supersede the more general provision in the user agreement that permits eBay to raise its listing fees. Opp'n to Mot. To Dismiss at 7. *Kashmiri* is distinguishable because in that case, a specific term (a promise by the University of California not to increase certain professional degree fees for the duration of a student's enrollment) did in fact exist and conflicted with a more general term (the University's disclaimers that it reserved the right to increase those fees). *See Kashmiri*, 165 Cal. App. 4th at 816. By contrast, no specific terms appear to conflict with the general provision in eBay's user agreement because, as this court already noted, the terms "set price" and "fixed price" unambiguously refer to

the price of the item being sold, not the cost of purchasing a listing.  Because plaintiff does not point to any other language that would prohibit eBay from raising its fees for Good 'Til Cancelled listings, or otherwise conflict with the general provision of the user agreement permitting eBay to raise its listings fees, this claim is subject to dismissal.

### 3. Breach of Implied Covenant of Good Faith (GUC Class)

This court previously permitted plaintiff to amend its complaint to state a claim for breach of the covenant of good faith and fair dealing. *Missing Link*, 2008 WL 1994886 at *7.  Such a claim was mentioned in plaintiff's original complaint but not separately stated.  *Id*.  Plaintiff has now separately stated this claim (Fifth Cause of Action).  FAC at 19.

Every contract contains an implied covenant that neither party will do anything that unfairly injures the right or frustrates the ability of the other party to receive the benefits of the contract. *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (2007).  However, the implied covenant protects only the express terms of the contract; it cannot contradict the express provisions of the contract for the simple reason that implied terms in a contract cannot vary express terms. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992).  Particularly relevant here is the rule that "if the defendant did what it was expressly given the right to do, there can be no breach" because "the conduct is, by definition, within the reasonable expectation of the parties." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1121 (2008).  Hence, such conduct "can never violate an implied covenant of good faith and fair dealing." *Id*. (quoting *Carma Developers,* 2 Cal. 4th at 376).

The eBay user agreement by its plain terms appears to confer on eBay the right to increase its fees, with the requirement that appropriate notice be given (which eBay apparently gave). *See Missing Link*, 2008 WL 1994886 at *6.  In support of its breach of implied covenant claim, plaintiff relies once more on the language "fixed price" on eBay's FAQ page, arguing that eBay's use of this phrase "created a reasonable expectation that the price would be determined at the time of purchase and would not be increased for the life of the listing."  Opp'n to Mot. to Dismiss at 10.  However, as pointed out above, this language unambiguously refers to the price at which a buyer may purchase a product from a seller through eBay, not the price charged for purchasing a listing on eBay (for

which eBay consistently uses the term "fee"). Plaintiff also argues that by increasing the fees for GUC listings, eBay "effectively did 'end' existing listings by forcing [p]laintiff to cancel the GUC listing or absorb the much higher cost," Opp'n to Mot. to Dismiss at 10, contrary to language in eBay's FAQ page (pertaining to GUC listings) that "eBay will not end this listing for you." FAC, Ex. A at 3. In other words, plaintiff argues that while eBay did not actually end its GUC listings, eBay "effectively" ended these listing by charging a higher price. However, in light of the language of eBay's user agreement expressly permitting eBay to increase its fees, the increase in fees for GUC listings was "within the reasonable expectation of the parties" and thus "can never violate an implied covenant of good faith and fair dealing." *Wolf*, 162 Cal. App. 4th at 1121. Accordingly, plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing applicable to the GUC Class.

### B.  Plaintiff's Motion for Leave to File a Second Amended Complaint

Plaintiff also moves to amend its complaint to add an unfair competition claim on behalf of the GUC Class. Leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). Courts do not normally consider the validity of a proposed amendment in deciding whether to grant leave to amend. William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 8:422 (Rutter Group rev. ed. 2008). A court may nevertheless deny leave to amend if the amendment (1) is sought in bad faith; (2) follows repeated failure to cure deficiencies in previously-allowed amendments; (3) would cause undue prejudice to the opposing party; or (4) is an exercise in futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (*per curiam*).

It does not appear, nor does eBay argue, that the proposed amendment is sought in bad faith, follows repeated failure to cure deficiencies, or would result in undue prejudice. eBay argues only that the proposed amendment would be futile. Leave to amend may in rare cases be denied on this basis alone. Schwarzer, *supra*, § 8:423. *Klamath-Lake Pharmaceutical Association v. Klamath Medical Services Bureau,* 701 F.2d 1276 (9th Cir. 1983)*,* is one of those rare cases. In *Klamath*, the district court denied leave to amend on the basis of futility, and the Ninth Circuit affirmed. Noting that the proposed amendment was an attempt by the plaintiff to "sustain the flickering life of this

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT — No. C-07-04487 RMW
VN                                                     8

1  lawsuit," the Ninth Circuit agreed with the district court that the proposed amendment "could not
2  affect the outcome of [the] lawsuit." *Id.* at 1292-93. The proposed amendment in *Klamath* was
3  futile because it could not save a complaint that was otherwise subject to dismissal. Here, however,
4  in light of the continued viability of several of plaintiff's claims for relief, the court cannot say that
5  plaintiff's proposed amendment is futile as amendment would have been in *Klamath*.

6        The Ninth Circuit has also stated that an amendment may be futile "if no set of facts can be
7  proved under the amendment to the pleadings that would constitute a valid and sufficient claim or
8  defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). This would appear to
9  permit denial of leave to amend on the basis of futility when the claims sought to be added by
10 amendment would themselves be subject to dismissal (apart from the viability of the remainder of
11 the complaint). In its second amended complaint, plaintiff asserts a new cause of action on behalf of
12 the GUC Class for unfair competition under Cal. Bus. & Prof. Code § 17200. Section 17200
13 prohibits "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Commc'ns, Inc. v.*
14 *L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). As this court previously noted, a business
15 practice is unfair under § 17200 when "the injury caused by the allegedly unfair business practice: a)
16 is substantial; b) is not outweighed by any countervailing benefits to consumers or to competitors;
17 and c) could not reasonably have been avoided." *Missing Link*, 2008 WL 1994886 at *7 (citing
18 *Camacha v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006)). For an injury cognizable
19 under § 17200 to exist in the first place, however, there must be "a violation of another's rights for
20 which the law allows an action to recover damages." *Camacho*, 142 Cal. App. 4th at 1406 (citing
21 Webster's 9th New Collegiate Dictionary 623 (1990)). In *Camacho*, the plaintiff owed money as a
22 result of an auto accident for which he was at fault. *Camacho*, 142 Cal. App. 4th at 1396. He
23 alleged unfair business practices under § 17200 when a collection agency attempted to collect that
24 money. *Id.* In holding that the plaintiff did not state a cause of action for unfair competition under §
25 17200, the court reasoned that "[s]ince Camacho was liable for the damages arising from the
26 accident, it does not violate his rights to attempt to collect those damages. In other words, he was
27 not injured." *Id.* at 1406.
28

Like *Camacho*, plaintiff has not sustained an injury for purposes of § 17200 because he has not suffered a violation of his rights. Specifically, eBay did not violate his rights in raising fees for GUC listings because eBay's user agreement appears expressly to permit eBay to do so. *See Missing Link*, 2008 WL 1994886 at *7. In the absence of a predicate injury, the claim of unfair business practices under § 17200 is futile. Accordingly, the court denies plaintiff's motion for leave to file a second amended complaint.

### III. ORDER

For the foregoing reasons, the court denies plaintiff's motion for leave to file a second amended complaint. The court further grants eBay's motion to dismiss, as follows:

1. the motion to dismiss with prejudice plaintiff's unjust enrichment claim applicable to the Listing Class is granted;

2. the motion to dismiss plaintiff's breach of contract claim applicable to the GUC Class is granted; and

3. the motion to dismiss plaintiff's breach of the implied covenant of good faith and fair dealing applicable to the GUC Class is granted.

eBay shall file an answer within twenty (20) days.

DATED:     8/11/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Kevin K. Eng | keng@mzclaw.com |
| Noah Shube | nshube@yahoo.com |
| Edward Scott Zusman | ezusman@mzclaw.com |

**Counsel for Defendants:**

| | |
|---|---|
| Joseph Samuel Leventhal | leventhaljs@cooley.com,bambrose@cooley.com |
| Heather Coe Meservy | hmeservy@cooley.com,kjones@cooley.com |
| Michael Graham Rhodes | rhodesmg@cooley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**  8/12/08                              /s/ MAG
                                                **Chambers of Judge Whyte**