E-FILED on     1/6/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISSING LINK, INC., d/b/a BATH PLUS INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EBAY, INC.,<br><br>    Defendant. | No. C-07-04487 RMW<br><br><br>ORDER DENYING MOTION TO EXTEND CLASS CERTIFICATION DISCOVERY<br><br>**[Re Docket No. 68]** |

  On November 20, 2009, the court heard plaintiffs' motion to extend class certification discovery pursuant to Federal Rule of Civil Procedure 16(b)(4). Defendant opposed the motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court denies plaintiffs' motion.

  On August 29, 2007, The Missing Link, Inc., d/b/a Bath Plus, Inc. ("The Missing Link") filed a putative class action against defendant eBay, Inc. ("eBay"). eBay moved to dismiss. On May 5, 2008, the court denied in part and granted in part eBay's motion to dismiss with leave to amend. Plaintiffs filed an amended complaint on May 27, 2008, and a second amended complaint ("SAC") on April 17, 2009. Plaintiffs' SAC asserts the following claims on behalf of two classes of plaintiffs:

ORDER DENYING MOTION TO EXTEND CLASS CERTIFICATION DISCOVERY No. C-07-04487 RMW
AKT/ter

breach of contract; violation of Cal. Bus. & Prof. Code § 17200; unjust enrichment; and breach of the covenant of good faith and fair dealing.

## I. BACKGROUND

Defendant eBay is "the largest virtual retail store and auction site on the internet. SAC ¶ 17. To post items for sale on eBay.com, a seller must register with eBay and complete an online form for a listing on eBay's site, which includes a description of the item and quantity for sale as well as the duration for which the listing is to be available. *Id.* ¶ 19. Plaintiff The Missing Link is an Illinois corporation that sells bathroom fixtures online. *Id.* ¶ 6. The Missing Link has a seller's account with eBay, and has purchased listings using eBay's website. *Id*.

The Missing Link seeks to bring suit against eBay on behalf of two different classes of plaintiffs. The first class consists of all persons and entities who, before July 19, 2006 paid for listings on eBay.com and used eBay's "Good 'Til Cancelled" format. *Id.* ¶44. The second class consists of all persons who paid to list one or more items for sale in any format but whose listing was not advertised for sale on eBay.com for the entire duration purchased. *Id.* ¶55.

The parties stipulated to a discovery schedule on June 19, 2009, pursuant to which the period for class certification discovery closed on September 30, 2009. Doc. No. 65. The day after discovery closed, on October 1, 2009, plaintiffs filed the present motion seeking to extend the time for class discovery to November 30, 2009. Plaintiffs have not, however, identified what discovery they seek to conduct that they were unable to conduct during the agreed upon time period.

## II. ANALYSIS

Federal Rule of Civil Procedure 16(b) states that "schedul[ing orders] shall not be modified except on a showing of good cause." When analyzing a request for a change in the schedule the court primarily considers whether the party seeking the modification has been diligent:

> Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations and citations omitted). The parties in their joint case management statement stipulated to September 30, 2009 as the close of class certification discovery. Doc. No. 65. In order to modify or extend this date plaintiffs must show good cause. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (denying motion to extend discovery where plaintiff's "counsel did not seek to modify [scheduling] order until four months after the court issued the order"). Generally, in determining whether there is good cause to permit an extension the court will primarily look to the (1) diligence of the party seeking the extension, but may also consider (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential prejudice in allowing the extension. Fed. R. Civ. P. 16, advisory committee note of 1983; *Johnson*, 975 F.2d at 604.

### A.   Diligence of Requesting Party

Plaintiffs claim that "[d]espite their best efforts" they were "unable to complete discovery for the purposes of class certification in the time period allotted." Mot.¶6. Plaintiffs characterize their efforts as "diligent" and claim that their analysis of the documents produced by eBay was ongoing and continued into September 2009. *Id*. However in the final hour plaintiff served additional discovery requests, then filed a motion to extend the agreed schedule. Defendant opposes any extension. Opp. at 1:2-5.

Defendant argues plaintiffs' actions demonstrate a lack of diligence and moreover, that plaintiffs' lack of good cause precludes the court from granting an extension. *Id*. Defendant asserts that during preliminary depositions, plaintiffs did not ask any questions of the 30(b)(6) witness, suggesting plaintiffs proceeded with a lack of preparation and further that this lack of diligence caused the need for an extension. *Id*. at 1:20-23. Defendant asserts that plaintiffs' additional discovery requests served on the last day of the discovery period also demonstrate a lack of diligence. Defendant further argues that they completed the majority of their document production in June and July giving plaintiff ample time to analyze the documents and prepare for deposition. Opp. at 1:11-12. According to defendant, no effort was made by plaintiffs until literally the last day of certification discovery. *Id*. at 2:19-20.

1    In short, plaintiffs' failure to show diligence in either its actions or its inquiries leads the
2 court to determine that modification of the discovery deadline is inappropriate. Although generally
3 a lack of diligence on the part of the requesting party ends the inquiry, the court will still address the
4 other factors below. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).

5    **B.    Explanation for Incomplete Discovery**

6    To show good cause and to explain their delayed request for further time for discovery,
7 plaintiffs assert that defendant did not provide all discovery by July, but rather episodically served
8 its responses to plaintiffs' written discovery requests including producing documents as late as
9 August and September 2009. Mot.¶2. Plaintiffs further argue that defendant's Rule 30(b)(6)
10 deposition testimony in August 2009 bore out new revelations with respect to potential material for
11 discovery thus giving rise to the need for an extension. *Id*.¶4. In addition, plaintiffs assert they did
12 not anticipate that defendant's document production would be drawn out and that despite their best
13 efforts this resulted in a failure to make further timely follow-up requests which concern material
14 critical to the issue of class certification. *Id*.¶6. Finally, plaintiffs' counsel claims to have been
15 attending to family emergency issues in September 2009. Mot. at 2 n. 1.

16    In response to plaintiffs' explanation for the need for further time for discovery, defendant
17 argues that only eleven additional documents were produced in August and September constituting
18 only 1% of eBay's total production. According to defendant, plaintiffs have no right to extend
19 investigation regarding the depositions when they failed to pose even one question to the witness.
20 Opp. at 4:5-6, 10-12.

21    In sum, plaintiffs' cite defendant's late production of documents as their good cause for an
22 extension. However, the allegations of delayed production stand naked without specifics as to what
23 still needs to be discovered, and from whom. Without specifics to show good cause as to how a two
24 month extension would provide the needed discovery, plaintiffs' motion to extend the discovery
25 deadline fails.

26    **C.    Prejudice Against Opposing Party**

27    Finally, defendant argues that additional and belated discovery will burden eBay's witnesses
28 and internal personnel and that this prejudice is grounds to deny plaintiffs' motion. *Id*. at 7:12-16

ORDER DENYING MOTION TO EXTEND CLASS CERTIFICATION DISCOVERY No. C-07-04487 RMW
AKT/ter                                          4

(citing *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)).  The court is not persuaded that the potential prejudice to defendant is significant under the present circumstances.  Even if an extension will not cause undue prejudice, however, in this case plaintiffs' lack of diligence and failure to show good cause weigh against granting an extension.

### III. CONCLUSION

Class certification or its denial will have a substantial impact on further proceedings, including the scope of future discovery, the definition of issues, the length and complexity of trial, and the opportunities for settlement.  According to plaintiffs they "do not wish to 're-depose' eBay's witness, nor do they wish to duplicate discovery or testimony."  Reply at 3-4.  Given that statement, it appears that plaintiffs have some plan for discovery.  However plaintiffs' failure to provide the court with any level of specificity regarding the discovery material makes it difficult for the court to determine the merits of plaintiff's request.  Without any sense of the parameters of the extended discovery the court is unwilling to grant the motion.

Upon examining the chronology of events offered by both parties, it appears plaintiffs should have been aware of the potential need for an extension much earlier than October 1, 2009, and despite this, waited until the day after the close of discovery to inform the court and defendants of the need for an extension.  *See Acri v. International Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (stating that "late amendments are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").  In considering amending the deadline, the court has taken into consideration the parties' arguments. Ultimately, plaintiff's lack of diligence and failure to address specifically what discovery is sought and needed prevents the court from granting the motion.

### IV. ORDER

The court hereby denies plaintiffs' motion to extend class certification discovery.

DATED:     1/5/10

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Kevin K. Eng | keng@mzclaw.com |
| Noah Shube | nshube@yahoo.com |
| Edward Scott Zusman | ezusman@mzclaw.com |
| Frank Jablonski | frankj@progressivelaw.com |
| Ilan Joel Chorowsky | ichorowsky@gmail.com |

**Counsel for Defendant:**

| | |
|---|---|
| Joseph Samuel Leventhal | leventhaljs@cooley.com,bambrose@cooley.com |
| Heather Coe Meservy | hmeservy@cooley.com,kjones@cooley.com |
| Michael Graham Rhodes | rhodesmg@cooley.com |
| Whitty Somvichian | wsomvichian@cooley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   1/6/10                                           TER
                                                **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING MOTION TO EXTEND CLASS CERTIFICATION DISCOVERY No. C-07-04487 RMW
AKT/ter                                             6